Case No. 22-5312

_____

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

_____

Nikki Bollinger Grae, individually and on behalf of all others similarly situated,

*Plaintiffs – Appellees*, and

Marie Newby, individually and on behalf of the Estate of Terry Childress,

*Intervenor – Appellant*,

v.

Corrections Corporation of America, Tennessee, *et al.*,

*Defendants – Appellees.*

_____

On Appeal from the United States District Court for the
Middle District of Tennessee
Case No: 3:16-cv-2267

_____

## BRIEF OF INTERVENOR-APPELLANT MARIE NEWBY

_____

DANIEL A. HORWITZ (TN #032176)
*LINDSAY SMITH (TN #035937)
*MELISSA K. DIX (TN #038535)
HORWITZ LAW, PLLC
4016 WESTLAWN DR.
NASHVILLE, TN 3720
(615) 739-2888
daniel@horwitz.law
lindsay@horwitz.law
melissa@horwitz.law

BRICE M. TIMMONS (TN #29582)
DONATI LAW, PLLC
1545 Union Ave,
Memphis, TN 38104
(901) 278-1004
brice@donatilaw.com

*Counsel for Intervenor-Appellant*

*Sixth Circuit Admission Pending

## **<u>CORPORATE DISCLOSURE STATEMENT</u>**

Pursuant to Federal Rule of Appellate Procedure 26.1 and Sixth Circuit Rule 26.1, the Appellant hereby makes the following disclosures:

(1)   Is said party a subsidiary or affiliate of a publicly owned corporation? **No.**

(2)   Does a publicly owned corporation or its affiliate, not a party to the appeal, have a financial interest in the outcome?  **No.**

# I.    TABLE OF CONTENTS

II.  TABLE OF AUTHORITIES_____iv

III. STATEMENT REGARDING ORAL ARGUMENT_____vi

IV.  STATEMENT OF JURISDICTION _____vii

V.  INTRODUCTION_____1

VI.  STATEMENT OF THE ISSUES _____8

VII.  STATEMENT OF THE FACTS AND OF THE CASE _____9

VIII.  SUMMARY OF THE ARGUMENT_____29

IX.  ARGUMENT _____29

   **A.**  **THE DISTRICT COURT ERRED BY ISSUING UNIFORMLY UNREASONED SEALING ORDERS UNDER CIRCUMSTANCES WHERE MEETING THE BURDEN OF SEALING ANY PORTION OF ANY DOCUMENT WAS NIGH-INSURMOUNTABLE.** _____30

   **B.**  **THIS COURT SHOULD ORDER SOME OR ALL OF THE DISTRICT COURT RECORD UNSEALED ON THE PRESENT RECORD.** _____37

      1.  Documents that the District Court quoted verbatim or characterized should be unsealed. _____38

      2.  The balance of the docket should be unsealed given sealing proponents' failure to meet their heavy burden to justify sealing. _____40

   **C.**  **THE DISTRICT COURT IMPROPERLY ALLOCATED THE BURDEN OF PROOF AND PERSUASION AND APPLIED AN ERRONEOUS LEGAL STANDARD TO MS. NEWBY'S MOTION.** _____45

X. CONCLUSION _____51

CERTIFICATE OF COMPLIANCE_____53

CERTIFICATE OF SERVICE _____54

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS _____58

## II.  TABLE OF AUTHORITIES

### Cases

*Baxter Int'l, Inc. v. Abbott Lab'ys,*
297 F.3d 544 (7th Cir. 2002) _____36, 42

*Brown v. Maxwell,*
929 F.3d 41 (2d Cir. 2019) _____33

*Brown & Williamson Tobacco Corp. v. F.T.C.,*
710 F.2d 1165 (6th Cir. 1983)_____7, 31−32, 34

*Danley v. Encore Cap. Grp., Inc.,*
680 F. App'x 394 (6th Cir. 2017) _____48

*In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.,*
924 F.3d 662 (3d Cir. 2019) _____47

*In re Cendant Corp.,*
260 F.3d 183 (3d Cir. 2001) _____7−8, 31−32, 40, 45

*In re Knoxville News−Sentinel Co.,*
723 F.2d 470 (6th Cir. 1983) _____7, 30−31, 41

*In re Nat'l Prescription Opiate Litig.,*
927 F.3d 919 (6th Cir. 2019) _____10

*Johnson v. Corr. Corp. of Am.,*
No. 3:12−CV−246−H, 2014 WL 3970115 (W.D. Ky. Aug. 13, 2014) _37

*Joy v. North,*
692 F.2d 880 (2d Cir. 1982) _____36

*Kiwewa v. Postmaster Gen. of United States,*
No. 18-3807, 2019 WL 4122013 (6th Cir. Mar. 26, 2019) _____40

*Kondash v. Kia Motors Am., Inc.,*
767 F. App'x 635 (6th Cir. 2019) _____30−32, 36

*Leucadia, Inc. v. Applied Extrusion Techs., Inc.*,
    998 F.2d 157 (3d Cir. 1993) _____45, 46, 48

*Pelzer v. Vassalle*,
    655 F. App'x 352 (6th Cir. 2016) _____45–46

*Republic of Philippines v. Westinghouse Elec. Corp.*,
    949 F.2d 653 (3d Cir. 1991) _____41–42, 45–46, 49

*Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*,
    834 F.3d 589 (6th Cir. 2016) _____viii, 37, 48–49

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*,
    825 F.3d 299 (6th Cir. 2016) _____*passim*

*SEC v. Van Waeyenberghe*,
    990 F.2d 845 (5th Cir. 1993) _____33

*United States v. Kravetz*,
    706 F.3d 47 (1st Cir. 2013) _____32–33

*Woods v. United States Drug Enf't Admin.*,
    895 F.3d 891 (6th Cir. 2018) _____46

## **Statutes and Constitutional Provisions**

28 U.S.C. § 1291_____vii

28 U.S.C. § 1331_____vii

28 U.S.C. § 1332(d)_____vii

### III.   STATEMENT REGARDING ORAL ARGUMENT

Oral argument is necessary and will aid the Court in resolving this appeal. This case involves a series of unreasoned sealing orders that simply read: "Motion GRANTED."[1] Those unreasoned orders resulted in the wholesale sealing of thousands of pages of documents in complex class action litigation against the nation's largest private prison contractor.

---

[1] *See* Order Granting Pl.'s Mot., July 18, 2018, **R. 106**, PageID#2830; Order Granting Opposed Mot., Oct. 26, 2018, **R. 123**, PageID#3483; Order Granting Def.'s Mot., Nov. 2, 2018, **R. 128**, PageID#3511; Order Granting Mot., Dec. 18, 2018, **R. 142**, PageID#3652; Order Granting Def.'s Mot., Feb. 8, 2019, **R. 156**, PageID#4219; Order Granting Lead Pl.'s Mot., Feb. 22, 2019, **R. 164**, PageID#4411; Order Granting Def.'s Nov. 20, 2020 Mot. to File Under Seal Certain Docs. in Connection with Mot. to Exclude Test. of Donna Mellendick, **R. 368**, PageID#17661; Order Granting Def.'s Nov. 20, 2020 Mot. to File Under Seal Certain Docs. in Connection with Mot. to Exclude Test. of Scott Dalrymple, **R. 369**, PageID#17662; Order Granting Def.'s Nov. 20, 2020 Mot. for Leave to File Under Seal Certain Confidential Docs. in Connection with Mot. for Summ. J., **R. 371**, PageID#17666; Order Granting Def.'s Nov. 20, 2020 Mot. for Leave to File Under Seal Certain Confidential Docs. in Connection with their Mot. for Summ. J., **R. 372**, PageID#17667; Order Granting Def.'s Mot. for One Confidential Doc. Related to Pl.'s Opp'n to Def.'s Mot. to Determine the Sufficiency to Remain Under Seal, **R. 377**, PageID#17756; Order Granting Def.'s Mot. for Confidential Docs. Related to Pl.'s Mot. to Compel Further Interrog. Resps. and for Disc. Sanctions to Remain Under Seal, **R. 378**, PageID#17757; Order Granting Def.'s Mot. to Continue the Sealing of Certain Docs. Filed in Connection with Pl.'s Mots. To Exclude Expert Test., **R. 379**, PageID#17758; Order Granting Fed. Bureau of Prison's Mot. February 12, 2021, **R. 414**, PageID#23860; Order Granting Def.'s Mot. February 12, 2021, **R. 415**, PageID#2386; Order Granting Def.'s Mot. February 19, 2021, **R. 432**, PageID#24390; Order Granting Pl.'s Omnibus Mot. February 19, 2021, **R. 433**, PageID#24391.

The District Court's orders—which seal documents bearing upon the Defendants' fraud and deficient operations—function to conceal critical matters of public concern regarding a government contractor's performance of a public function.  That secrecy harms not only the Intervenor, whose son was murdered in a CoreCivic facility; it also inhibits members of the news media—who have asserted their interests as *amicus curiae*—from gathering and reporting news about the government.  For all of these reasons, oral argument is warranted and will aid this Court in determining whether the proponents of sealing vast portions of the District Court record satisfied their heavy burden of demonstrating that each such document should be sealed.

## IV.   STATEMENT OF JURISDICTION

The District Court had subject matter jurisdiction over the original litigation in this case pursuant to 28 U.S.C. § 1332(d).  Following the conclusion of that litigation, the District Court had subject matter jurisdiction to adjudicate the Intervenor's Motion to Intervene and Unseal (R. 481) pursuant to 28 U.S.C. § 1331, because that motion concerned Ms. Newby's right of access under the Constitution and the laws of the United States.  This Court accordingly has jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, because the District Court's April 8, 2022 Order (R. 494) granting in part and denying in part the Intervenor's Motion to Intervene

and Unseal is a final collateral order, *see Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 592 (6th Cir. 2016), and Ms. Newby timely appealed that order to this Court on April 11, 2022.  *See* Notice of Appeal, R. 495, PageID##26215–26219.

# V.  INTRODUCTION

Defendant CoreCivic—a private prison corporation formerly known as the Corrections Corporation of America—"owns and operates private prisons and detention facilities" across the United States.[2]  In August 2016, the Deputy Attorney General issued a memorandum stating that the federal government would decline to renew or otherwise reduce its reliance upon CoreCivic due to its poor performance and deficient safety and security record.[3]  The announcement caused CoreCivic's stock price to plummet by nearly 40%.[4]  The Plaintiff's Class Action Complaint—which alleged that CoreCivic had misled and defrauded its investors by misrepresenting material facts about its operations—followed thereafter.[5]  Within a month of trial—and after "the filing of more than a thousand documents with the court, some under seal"[6]—CoreCivic settled the class's claims for $56 million.[7]

In its order granting class certification, the District Court quoted extensively from the Deputy Attorney General's August 2016

---

[2] Mem. Op. of the Court, R. 165, PageID#4412.

[3] *Id.* at PageID#4413 (citing Ex. D Yates Mem., R. 149-4).

[4] Compl., R. 1, PageID#3, ¶ 6.

[5] *Id.*, at PageID##1–34.

[6] Final Order, R. 494, PageID#26209.

[7] Mem. in Supp. of Class Counsel's Mot. for Award of Att'y's Fees and Award to Pl., R. 469, PageID#25019.

memorandum[8]—a document that was filed in the record at R. 149-4. Like dozens of other sealed documents in the record, though, R. 149-4 was—and still remains—improperly sealed by the District Court without any reasoned justification.

Given that the same sealed document is unsealed elsewhere in the record,[9] the District Court's decision to maintain R. 149-4 under seal was presumably an oversight. That oversight was not isolated, though—or rare. Indeed, in response to the Intervenor's post-judgment motion to unseal the docket, CoreCivic was suddenly able to identify *dozens* of sealed docket entries that had never merited sealing—including hundreds of pages of documents that the District Court had kept sealed throughout the duration of litigation due to "clerical error."[10] Thus, the Intervenor's motion resulted

---

[8] Mem. Op. of the Court, R. 165, PageID#4413. (citing Ex. D Yates Mem., R. 149-4).

[9] *See, e.g.,* Ex. D to Decl. of Willow e. Radcliffe in Supp. of Mem. Of Law in Supp. of Lead Pl.'s Mot. for Recons. of the Jan. 18, 2019 Order Den. Class Certification, R. 151-4.

[10] *See generally* Defs.' Partial Opp'n to Mot. to Intervene and Unseal, R. 492, PageID##26057–58 ("through what appears to be clerical error, ECF No. 386 remains sealed on the Court's public docket."); *id.* at PageID#26058–59 ("through what appears to be clerical error, ECF No. 388 remains sealed on the Court's public docket."); *id.* at PageID#26059 ("through what appears to be clerical error, ECF Nos. 389, 389-3, and 389-5 remain sealed on the Court's public docket."); *id.* at PageID#26060 ("through what appears to be clerical error, every entry at ECF No. 398 remains sealed on the Court's public docket."); *id.* at PageID#26063 ("ECF No. 401-12 appears to remain under seal through what appears to be clerical error.").

in dozens of improperly sealed documents becoming unsealed that had never merited sealing and were never subject of a reasoned sealing order in the first place.[11]

This case—a class action lawsuit filed against a government contractor for, among other things, perpetrating fraud regarding its safety and healthcare standards while performing the governmental function of incarcerating human beings—requires the highest possible justification for sealing any portion of *any* document. Accordingly, it is fair to wonder how dozens of docket entries encompassing thousands of pages managed to get sealed improperly and stay sealed throughout the duration of litigation due to such "clerical error." That question also has a clear answer. Specifically: Thousands of pages of documents were and remain sealed in this case because the District Court issued uniformly unreasoned sealing orders—often without awaiting responsive briefing—all of which failed to: (1) make specific findings, (2) weigh countervailing public interests, or (3) conduct the required document-by-document, line-by-line analysis to determine whether all or any portion of a document merited sealing in the first place.

To be sure, in response to Ms. Newby's post-judgment motion to unseal the docket, the District Court claimed to have considered the "strong public

---

[11] Final Order, R. 494, PageID#26214.

interests" that militated against sealing "when it made its initial seal determinations[.]"[12] In several respects, though, the record—including the chronic "clerical errors" that resulted in extensive improper sealing throughout the duration of litigation—demonstrates that it did not. To begin, the District Court's two-word (sometimes four-word) sealing orders were uniformly unreasoned. Many were also granted without awaiting a response. None contain the specific fact-finding and interest-balancing that this Court has repeatedly held are essential, either. Instead, the District Court's sealing orders adopted wholesale whatever sealing position sealing proponents advocated by scribbling "Motion GRANTED" in the top right corner of a proponent's motion without any accompanying analysis.[13]

---

[12] *Id.*, at PageID#26212.

[13] *See* Order Granting Pl.'s Mot., July 18, 2018, **R. 106**, PageID#2830; Order Granting Opposed Mot., Oct. 26, 2018, **R. 123**, PageID#3483; Order Granting Def.'s Mot., Nov. 2, 2018, **R. 128**, PageID#3511; Order Granting Mot., Dec. 18, 2018, **R. 142**, PageID#3652; Order Granting Def.'s Mot., Feb. 8, 2019, **R. 156**, PageID#4219; Order Granting Lead Pl.'s Mot., Feb. 22, 2019, **R. 164**, PageID#4411; Order Granting Def.'s Nov. 20, 2020 Mot. to File Under Seal Certain Docs. in Connection with Mot. to Exclude Test. of Donna Mellendick, **R. 368**, PageID#17661; Order Granting Def.'s Nov. 20, 2020 Mot. to File Under Seal Certain Docs. in Connection with Mot. to Exclude Test. of Scott Dalrymple, **R. 369**, PageID#17662; Order Granting Def.'s Nov. 20, 2020 Mot. for Leave to File Under Seal Certain Confidential Docs. in Connection with Mot. for Summ. J., **R. 371**, PageID#17666; Order Granting Def.'s Nov. 20, 2020 Mot. for Leave to File Under Seal Certain Confidential Docs. in Connection with their Mot. for Summ. J., **R. 372**, PageID#17667; Order Granting Def.'s Mot. for One Confidential Doc. Related to Pl.'s Opp'n to Def.'s Mot. to Determine the Sufficiency to Remain

Worse: The District Court's own orders reflect that it maintained documents under seal *that the District Court itself recognized did not merit sealing*. In its March 26, 2019 Order, for instance, the District Court stated:

> The court has, so far, honored the parties' confidentiality claims in this case. Nevertheless, the court has now determined that it is necessary, in the interests of justice and transparency, to cite some covered communications and facts explicitly, without redaction, in the court's Memorandum. These limited disclosures are justified by the interests of the unnamed class members in evaluating and understanding the case, as well as the public interest in transparency related to underlying facts— which involve potential fraud by and on behalf of a company performing a public function and entrusted with the safety of individuals sentenced to incarceration by this country's courts. S*ee Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016) ("[A] court must balance the litigants' privacy interests against the public's right of access, recognizing our judicial system's strong presumption in favor of openness."). **CoreCivic has argued that its internal responses to BOP scrutiny should be kept under seal because their disclosure could harm CoreCivic in the marketplace**. (Docket No. 155 at 6.) **The court, however, discerns no serious threat of unfair competition associated with disclosure of the relevant communications. None of the cited internal conversations reveal any confidential CoreCivic**

---

Under Seal, **R. 377**, PageID#17756; Order Granting Def.'s Mot. for Confidential Docs. Related to Pl.'s Mot. to Compel Further Interrog. Resps. and for Disc. Sanctions to Remain Under Seal, **R. 378**, PageID#17757; Order Granting Def.'s Mot. to Continue the Sealing of Certain Docs. Filed in Connection with Pl.'s Mots. To Exclude Expert Test., **R. 379**, PageID#17758; Order Granting Fed. Bureau of Prison's Mot. February 12, 2021, **R. 414**, PageID#23860; Order Granting Def.'s Mot. February 12, 2021, **R. 415**, PageID#2386; Order Granting Def.'s Mot. February 19, 2021, **R. 432**, PageID#24390; Order Granting Pl.'s Omnibus Mot. February 19, 2021, **R. 433**, PageID#24391.

**strategies, practices, or research and development.** The conversations cited may be awkward or embarrassing for CoreCivic to see disclosed, but that, alone, is not enough to justify an unyielding seal in this case. The court concludes that, at least with regard to the limited facts cited in this Memorandum, the harms of maintaining the seal would be greater than any associated with relaxing it.

Mem. Op. of the Court, R. 165, PageID#4418, n.2 (emphases added).

Based on this determination, the District Court quoted verbatim CoreCivic's internal correspondence in its March 26, 2019 Order, including quoting emails stating: (1) "apparently we had a bad day today with BOP medical audit at Cibola"; (2) "[t]his is going to kill us at both Cibola and Eden."; (3) "Silence is NOT GOLDEN!!!"; (4) "We're dead"; and (5) "BOP is making a round of phone calls to private prison companies ([CoreCivic and another company] so far) giving them notice that they are cancelling contracts effective October 2016."[14] The District Court also characterized the contents of other sealed CoreCivic correspondence in its March 26, 2019 Order without quoting the correspondence verbatim.[15] Even so, all of the documents that the District Court quoted and characterized—which the

---

[14] *See id.* at PageID##4418–19 (quoting Ex. Z Email from T. Grande to D. Hininger, R. 149-26 at 2; Ex. AA email from J. Beasley to B. Verhulst, R. 149-27 at 3; Ex. EE Email, R. 149-31; Ex. FF Email, R. 149-32).

[15] *See id.* at PageID#4419 ("Other correspondence during the Class Period echoes similar concerns about the BOP's assessment of CoreCivic's services and the possibility of lost contracts as a result.") (citing Sealed Docs., R. 149-9, -10, -24, -25, -27).

District Court specifically determined, contrary to CoreCivic's claims, posed "no serious threat of unfair competition"[16]—remain sealed in their entirety.[17]

This is not how sealing determinations are supposed to work. When evaluating whether a document should be sealed, courts are not supposed to reflexively "honor[] the parties' confidentiality claims[,]" as the District Court acknowledged it did here.[18] Instead, courts are supposed to apply rigorous scrutiny to sealing claims and hold sealing proponents to a "heavy" burden that can only be met by "'the most compelling reasons[.]'" *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 305 (6th Cir. 2016) (quoting *In re Knoxville News–Sentinel Co.*, 723 F.2d 470, 476 (6th Cir. 1983)). That burden is also supposed to be nigh-insurmountable in a case like this one, given: (1) the overwhelming "public interest in the litigation's subject matter," *see id.* (citing *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983)); (2) the fact that this was a "class action[]," where some members of the public are "by definition" parties to the litigation, *see id.* (citing *In re Cendant Corp.*, 260 F.3d 183, 194

---

[16] *See id.* at PageID#4418, n.2

[17] *See* Ex. I Email from H. Lappin to K. White, R. 149-9; Ex. J Email from T. Grande to J. Beasley, R. 149-10; Ex. X Email from D. Murray to S. Groom, R. 149-24; Ex. Y Email from T. Beasley to J. Beasley, R. 149-25; Ex. Z Email from T. Grande to D. Hininger, R. 149-26; Ex. AA email from J. Beasley to B. Verhulst, R. 149-27; Ex. EE Email, R. 149-31; Ex. FF Email, R. 149-32.

[18] *See* Mem. Op. of the Court, R. 165, PageID#4418, n.2.

(3d Cir. 2001)); and (3) class members' need to be able "to examine the court record or the bases for the settlement agreement" in order to determine whether to object to it or opt out of it, *see id.* at 304.

Through a series of unreasoned sealing orders, though, the District Court deprived the public—including absent class members—of the ability to view thousands of pages of documents or effectively monitor this litigation. These uniformly unreasoned sealing orders were erroneous. They were also erroneous whether or not the District Court was satisfied with the Intervenor's objections or whether anyone objected to sealing at all. *See id.* ("A court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody."). Accordingly, the District Court's judgment should be reversed, and this Court should: (1) vacate all of the District Court's unreasoned sealing orders; (2) unseal all or portions of the docket based on the current record; and (3) remand with instructions to apply the proper legal standard to all documents that remain under seal.

## VI.    STATEMENT OF THE ISSUES

1.    Whether—as to each sealed document—the District Court failed to set forth the reasons "why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary[,]" as this Court required in *Shane Grp.*

*Inc.*, 825 F.3d at 306.

2.    Whether the proponents of sealing met their burden of proving "on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal" with respect to each sealed document in the District Court record.  *Id.* at 308.

3.    Whether all or part of the District Court record should be unsealed based on the current record.

4.    Whether by treating Ms. Newby's motion as one to reconsider and assigning her the burden of persuasion and the burden of proof, the District Court applied an incorrect legal standard to her motion to unseal.

5.    Whether the District Court erroneously failed to address Ms. Newby's arguments that the evidence identified by sealing proponents was insufficient to justify wholesale sealing.

## VII.  STATEMENT OF THE FACTS AND OF THE CASE

A putative and ultimately certified class of plaintiffs sued CoreCivic for misleading its investors and misrepresenting material facts about its operations.[19]  On February 12, 2018, the Court entered a *Revised Stipulation and Protective Order* that governed sealing and confidentiality claims

---

[19] Compl., R. 1, PageID##1–34.

throughout the litigation.[20]  In relevant part, the order provided that:

> 2.    Any Producing Party may designate as confidential any Discovery Material that it believes in good faith contains: (i) trade secret or other confidential research, development, or commercial information; (ii) information the disclosure of which would, in the good faith judgment of the Producing Party, negatively impact the management of any corrections facility or be detrimental to the health and safety of inmates, corrections officers or the public; or (iii) "protected health information" ("PHI") as defined in 45 C.F.R. §§ 160.103 and 164.501, which includes but is not limited to health information, including demographic information, relating to either (a) the past, present, or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to any individual, which identifies the individual or which reasonably could be expected to identify the individual (collectively, "Confidential Information"), in accordance with Rule 26(c) of the Federal Rules of Civil Procedure. **Designations of Confidential Information shall be on a document-by-document basis.** All Discovery Material so designated shall be referred to in this Protective Order as "Confidential Discovery Material" and shall be handled in strict accordance with the terms of this Protective Order.

> * * * *

> 12.    In the event that any Confidential Discovery Material is used in any Court proceeding in this Action or any appeal therefrom, such Confidential Discovery Material shall not lose its status as Confidential Discovery Material through such use. Before filing or using any Confidential Discovery Material in connection with any substantive or discovery motion or court

---

[20] *See* Revised Stipulation and Protective Order, R. 86, PageID##1684–1701. The Intervenor notes that this Court has frowned upon this practice. *See In re Nat'l Prescription Opiate Litig*., 927 F.3d 919, 929–30 (6th Cir. 2019) (noting that "despite [] formal requirements" governing protective orders, parties often stipulate to them, resulting in blanket protection without independent judicial scrutiny),

proceeding, counsel shall meet and confer on such procedures that are necessary to protect the confidentiality of any documents, information and transcripts. **Any copy of Confidential Discovery Material submitted to the Court in connection with a motion or court proceeding shall be filed under seal**, redacted, or protected from public disclosure by another procedure agreed upon by the parties. **If the parties are unable to agree on a procedure, counsel for the Receiving Party seeking to use Confidential Discovery Material in connection with or in support of any motion or court proceeding shall advise counsel for the Producing Party seven (7) business days in advance of the filing to give the Producing Party the opportunity to move the Court for leave to file the Confidential Discovery Material under seal** (or to seek substantially similar protection in the manner provided for by the applicable local rules). Nothing in this Protective Order shall affect the right of any party to oppose motions to seal or to seek greater protection than that provided for herein for any information.[21]

Pursuant to the terms of the Parties' agreed *Revised Stipulation and Protective Order*, myriad documents were filed under seal by the Parties throughout the duration of litigation.  As best the Intervenor can determine, with respect to the documents in the District Court record that remain sealed today, the Parties' litigation developed as follows:

On July 18, 2018, the lead Plaintiff filed a motion for leave to file a document under seal[22] that contained one sealed exhibit.[23]  The motion

---

[21] Revised Stipulation and Protective Order, R. 86, PageID##1685–93 (some emphases added).
[22] Pl.'s Mot., July 18, 2018, R. 104, PageID##2820–2825.
[23] Ex. 1 to Pl.'s Opp'n, R. 105.

stated that:

> The exhibit plaintiff proposes to file under seal was produced by defendants in discovery and designated "CONFIDENTIAL" under the Protective Order in this case (ECF No. 86). Pursuant to ¶¶10(b) and 12 of the Protective Order the document is required to be filed under seal. Defendants shall submit an affidavit in support of this item within seven days in support of the confidential designation. If no such affidavit is filed, the exhibit will automatically become part of the public record.[24]

Two days later—on July 20, 2018—the District Court entered an unreasoned order stating "Motion GRANTED" and nothing more.[25] No affidavit in support of the confidential designation appears to have been filed within seven days thereafter. Even so, the document filed at R. 105 remains sealed.

On October 26, 2018, the named Plaintiff filed another *Motion for Leave to File Document Under Seal*.[26] The Plaintiff's motion sought "leave to file under seal an unredacted version of Plaintiff's reply in further support of its motion for class certification, appointment of class representative and appointment of counsel and the exhibits to that reply . . . ."[27] The Plaintiff's motion also emphasized that "it does **not** believe grounds exist to overcome the strong presumption in favor of openness and thus to seal the documents

---

[24] Pl.'s Mot., July 18, 2018, R. 104, PageID#2821.
[25] Order Granting Pl.'s Mot., July 18, 2018, R. 106, PageID#2830.
[26] Opposed Mot., Oct. 26, 2018, R. 119, PageID##3045–53.
[27] *Id.* at PageID#3046.

that will be the subject of the order requested in this motion[.]"[28]   The

Plaintiff's motion further stated that:

> [T]he exhibits include communications between representatives
> of Corrections Corporation of America (now known as CoreCivic,
> Inc.) and its competitors in the private prison industry, which
> clearly cannot be trade secrets or even competitively sensitive;
> and all of the exhibits date from at least two years ago, meaning
> there appears to be no credible risk that "'disclosure will work a
> clearly defined and serious injury.'" *Shane*, 825 F.3d at 307
> (citation omitted).[29]

Three days later, the District Court entered another unreasoned sealing

order stating "Motion GRANTED" and nothing more.[30]   Accordingly, docket

entries R. 120-1, R. 120-2, R. 120-3, R. 120-4, R. 120-5, R. 120-6, R. 120-7, R.

120-8, R. 120-9, and R. 120-10 were (and still remain) sealed, as were several

apparently duplicative documents within R. 122.   Thereafter, on November

2, 2018, the Defendants filed a *Motion for Certain Confidential Documents

to Remain Under Seal*[31] as contemplated by the Parties' protective order.

The Defendants' motion asserted that: "Defendants have no objection to the

Court unsealing Exhibits M, Q, and R to Plaintiff's Reply. (Dkt. Nos. 120.4-

120.5 and 120.9.)"[32]   Even so, each of those documents—R. 120-4, 120-5, and

---

[28] *Id.*
[29] *Id.* at PageID#3048.
[30] Order Granting Opposed Mot., Oct. 26, 2018, R. 123, PageID#3483.
[31] Def.'s Mot., Nov. 2, 2018, R. 126, PageID##3497–3504.
[32] *Id.* at PageID#3499.

120-9—were maintained under seal and still remain sealed today.

Regarding the additional sealed documents within R. 120: The Defendants seem to have indicated that they wished to seal just "three" of them, all of which were emails.[33]  The Defendants also identified the subject line of each sealed email—their filing indicates that they are about CoreCivic's Adams/BOP-Contract Facilities, the Cibola County Correctional Center, and an OIG Report[34]—meaning that the Defendants must agree that *at least* the subject lines of the emails do not merit sealing.

As for the remainder of the correspondence: The Defendants asserted that the public has a "minimal interest in the contents of" the documents[35]—a false and transparently baseless sealing justification that the Defendants repeated on several occasions thereafter.  The Defendants further asserted that a competitor could take advantage of one of the now-four-year-old emails at issue—apparently sent by CoreCivic's CEO to its employees—through an effort to "target and recruit employees away from the Company following the announcement of a contract non-renewal[,]"[36] even though

---

[33] *Id.* at PageID#3498 ("Through this motion, Defendants respectfully request the Court to maintain the seal on the following three of those exhibits[.]").

[34] *Id.*

[35] *Id.*

[36] *Id.* at PageID#3500.

such information cannot plausibly constitute a trade secret. The Defendants described the remainder of the email chain as "communications between a Company employee and his immediate family regarding (a) the internal communications among management and (b) how the Company's financial health [sic][,]"[37] which cannot plausibly constitute trade secrets, either.

Regarding the two additional emails that the Defendants wished to keep sealed, the Defendants describe them as:

> [E]mail chains in which Company executives shared their views on (1) how the release of an article concerning one of the Company-operated facilities would affect the facility's future, and (2) the findings in the Review of the Federal Bureau of Prisons' Monitoring of Contract Prisons conducted by the Office of the Inspector General (the "OIG Review").[38]

The Defendants further recited, without specificity or supporting evidence, that unsealing the emails "would reveal to competitors the Company's operational assessments, among other proprietary business information[.]"[39] They also asserted again that "[t]he public at large has little interest in these internal business documents" (which was false) and that their request to keep the documents sealed in their entirety was "very narrowly tailored"[40] (which was also false). Three days later—on November

---

[37] *Id.* at PageID#3500.

[38] *Id.*

[39] *Id.*

[40] *Id.* at PageID#3501.

5, 2018—the District Court entered another unreasoned sealing order stating "Motion GRANTED" and nothing more.[41]

On December 28, 2018, the named Plaintiff filed another *Motion to Seal Document*.[42] The Motion again emphasized that the "Plaintiff does not believe grounds exist to overcome the strong presumption in favor of openness as to court records"[43] and presented specific reasons why not.[44] The motion further stated that "unless Defendants file a motion for continued sealing making the required showing justifying continued sealing on or before January 7, 2019, the sealed documents shall be unsealed."[45]

The District Court promptly entered another unreasoned sealing order granting the Plaintiff's motion on January 2, 2019, again stating "Motion GRANTED" and nothing more.[46] Thereafter, although the Defendants do not appear to have filed anything to support sealing of the document filed at R. 139, the document still remains sealed.

On February 1, 2019, the named Plaintiff filed another *Motion for Leave to File Document Under Seal*.[47] That motion, too, identified specific

---

[41] Order Granting Def.'s Mot., Nov. 2, 2018, R. 128, PageID#3511.

[42] Mot., Dec. 18, 2018, R. 138, PageID##3613–3620.

[43] *Id.* at PageID#3614.

[44] *Id.* at PageID#3616.

[45] *Id.*

[46] Order Granting Mot., Dec. 18, 2018, R. 142, PageID#3652.

[47] Lead Pl.'s Mot., Feb. 1, 2019, R. 147, PageID##3681–86.

reasons why sealing was not actually warranted.[48]  The sealed documents associated with the motion—there are thirty-five of them—were filed at R. 149-1 through 149–35.

The District Court entered a proposed order tentatively sealing the relevant records on February 4, 2019, which provided for a briefing schedule regarding their sealed status.[49]  Thereafter, the Defendants filed a *Motion for Certain Confidential Documents to Remain Under Seal* on February 8, 2019.[50]  In support of sealing, the Defendants' motion made various general claims about harm in the marketplace and security—none of which was supported by evidence—and urged wholesale sealing of the documents as a result.[51]  The motion also claimed, again, that that the public has a "minimal interest in the contents of" the sealed documents in this case[52] despite the transparent falsity and insufficiency of that proffered sealing justification. The Defendants' motion additionally asserted that:

> Further bolstering the Company's request is the procedural posture of this case. As Plaintiff pointed out in its Federal Rule of Civil Procedure 23(f) petition for permission to appeal to the Sixth Circuit Court of Appeals, denial of class certification would be the "death knell" of this case. (Dkt. No. 1, pp. 22-23, Case No. 19-502, Sixth Circuit Court of Appeals.) **Given the likelihood**

---

[48] *Id.* at PageID#3682.
[49] Order Granting Mot. for Leave to File Under Seal, R. 153, PageID#4205.
[50] Def.'s Mot., Feb. 8, 2019, R. 155, PageID##4207–18.
[51] *Id.*
[52] *Id.* at PageID#4208.

**that this case will soon be over, the interest of the public having access to these confidential and sensitive business documents at this juncture is greatly diminished and not worth the harm that it will currently cause the Company in the marketplace**.[53]

The same day the Defendants' motion was filed, the District Court entered yet another unreasoned order sealing the dozens of documents at issue in their entirety, which again stated "Motion GRANTED" and nothing more.[54]  Accordingly, all thirty-five documents at R. 149:1–35 were sealed in their entirety without any corresponding fact-finding or interest-balancing to speak of.  They have also remained sealed even after the Court reconsidered and reversed its initial denial of class certification, notwithstanding that the initial denial of class certification was advanced by the Defendants (without legal basis) as a central justification for sealing the documents to begin with.  Another document—R. 152—is sealed as well without any apparent briefing having been devoted to it.

On February 22, 2019, the named Plaintiff moved for leave to file under seal its *Reply in Support of Lead Plaintiff's Motion for Reconsideration of the January 18, 2019 Order Denying Class Certification*.[55]  Once again, the District Court entered an unreasoned sealing order granting that motion the

---

[53] *Id.* at PageID##4214–15 (emphasis added).
[54] Order Granting Def.'s Mot., Feb. 8, 2019, R. 156, PageID#4219.
[55] Lead Pl.'s Mot., Feb. 22, 2019, R. 161, PageID##4383–88.

same day.[56]

On March 26, 2019, the District Court entered a Memorandum Order reconsidering its previous denial of class certification and certifying a class of plaintiffs.  As relevant to this appeal, the District Court's order also expressly acknowledged that it "has, so far, honored the parties' confidentiality claims in this case" while simultaneously observing that the Defendants' claims of unfair competition were factually baseless, stating:

> **The court has, so far, honored the parties' confidentiality claims in this case.** Nevertheless, the court has now determined that it is necessary, in the interests of justice and transparency, to cite some covered communications and facts explicitly, without redaction, in the court's Memorandum. These limited disclosures are justified by the interests of the unnamed class members in evaluating and understanding the case, as well as the public interest in transparency related to underlying facts—which involve potential fraud by and on behalf of a company performing a public function and entrusted with the safety of individuals sentenced to incarceration by this country's courts. S*ee Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016) ("[A] court must balance the litigants' privacy interests against the public's right of access, recognizing our judicial system's strong presumption in favor of openness."). **CoreCivic has argued that its internal responses to BOP scrutiny should be kept under seal because their disclosure could harm CoreCivic in the marketplace**. (Docket No. 155 at 6.) **The court, however, discerns no serious threat of unfair competition associated with disclosure of the relevant communications.** None of the cited internal conversations reveal any confidential CoreCivic strategies, practices, or research and development. The conversations cited may be

---

[56] Order Granting Lead Pl.'s Mot., Feb. 22, 2019, R. 164, PageID#4411.

awkward or embarrassing for CoreCivic to see disclosed, but that, alone, is not enough to justify an unyielding seal in this case. The court concludes that, at least with regard to the limited facts cited in this Memorandum, the harms of maintaining the seal would be greater than any associated with relaxing it.[57]

The District Court's Memorandum also quoted verbatim from several sealed documents, even though the documents themselves remain sealed in their entirety from public view.[58]

Notwithstanding the District Court's actual, affirmative observation that CoreCivic had advanced baseless sealing justifications, though, the District Court continued to reflexively "honor[] the parties' confidentiality claims in this case[,]"[59] and it continued to grant sealing orders without reasoning or discernible scrutiny.  On February 27, 2020, for example, the Plaintiff again moved to file certain documents under seal based on CoreCivic's confidentiality designations while again observing that sealing was not actually warranted based on its own review of them.[60]  Twenty-seven such documents—available at R. 195 and R. 196, 1–26—were then sealed in their entirety upon entry of a party-prepared proposed order one day later.[61]

---

[57] R Mem. Op. of the Court, R. 165, PageID#4418, n.2 (emphases added).
[58] *Id.* at PageID##4418–19 (quoting Ex. Z Email from T. Grande to D. Hininger, R. 149-26 at 2; Ex. AA email from J. Beasley to B. Verhulst, R. 149-27 at 3; Ex. EE Email, R. 149-31; Ex. FF Email, R. 149-32).
[59] *Id.*
[60] Lead Pl.'s Mot., Feb. 27, 2020, R. 193, PageID##4579–80.
[61] Order Granting Lead Pl.'s Mot., Feb. 27, 2020, R. 198, PageID#4759.

Thereafter, on March 5, 2020, the Defendants moved to maintain the seal. [62]   As support, the Defendants again offered generalized platitudes about the need for sealing that were not supported by evidence; falsely asserted "[t]he public's minimal interest in the contents of these exhibits"; and falsely asserted that the Defendants' motion for wholesale sealing of every document that was the subject of its motion was "very narrowly tailored." [63]

On March 12, 2020, the Plaintiff filed a response in opposition to the Defendants' motion detailing—with specificity—why the Defendants' sealing claims were factually groundless based on the actual substantive contents of the documents themselves. [64]   Even so, approximately four months later, the District Court entered yet another unreasoned sealing order maintaining the wholesale sealing of dozens of documents that simply states: "Motion (DE #200) GRANTED." [65]

This same pattern of unreasoned two-word (sometimes four-word) sealing orders—which the District Court routinely entered even after the Plaintiff had specified in detail why sealing was improper—repeated itself

---

[62] Def.'s Mot., March 5, 2020, R. 200, PageID#4762.
[63] *Id.*
[64] Resp. in Opp'n to Defs.' Mot., R. 205, PageID##5507–5510.
[65] Order Granting Def.'s Mot. March 5, 2020, R. 247, PageID#7109.

again and again thereafter. Thus, dozens more documents encompassing thousands of pages—including the sealed documents at R. 204,[66] R. 214,[67] R. 217, [68] R. 228–229, [69] R. 262–263, 266, 267, 278, 280, 338, 342, 354, portions of R. 356, R. 358, R. 359, R. 367 (fifty-three documents), portions of R. 387, R. 389, R. 396, R. 397, and portions of R. 398–401, R. 422, and R. 423—were sealed by the District Court improperly based on uniformly unreasoned orders, all of which lack specific findings, conduct no interest-balancing, and contain the same unreasoned analysis scribbling "Motion

---

[66] *See* Def.'s Mot., March 12, 2020, R. 203, PageID##5454-5464 (initial motion for leave to file under seal); Sealed Doc., R. 204 (eleven sealed documents); Order Granting Defs.' Mot. March 12, 2020, R. 248, PageID#7110 (unreasoned order stating only: "Motion (DE #203) GRANTED.").

[67] Lead Pl.'s Mot., May 15, 2020, R. 212, PageID##5571-5577 (initial motion for leave to file under seal); Mem. in Supp. of Mot. for Review, R. 214 (sealed document); Order Granting Lead Pl.'s Mot., May 15, 2020, R. 215, PageID#5613 (unreasoned order stating only "Motion GRANTED.").

[68] Defs.' Mot., May 29, 2020, R. 216, PageID##5614-5619 (initial motion); Mem. in Supp. of Defs.' Mot. May 29, 2020, R. 217 (sealed document); Order Granting Def.'s Mot. May 29, 2020, R. 235, PageID#7062 (unreasoned order stating only "Motion GRANTED.").

[69] Pl.'s Mot., June 23, 2020, R. 226, PageID##5704-5710 (initial motion); Pl.'s Resp. to Def.'s Notice, R. 228 (sealed document); Decl. of C. Wood in Supp. of Pl.'s Resp., R. 229 (sealed document); Order Granting Pl.'s Mot. June 23, 2020, R. 230, PageID#6541 (unreasoned order stating only "Motion GRANTED."); Def.'s Mot., June 30, 2020, R. 234, PageID##6551-6560 (generalized motion claiming need to maintain sealing including because of "the public's minimal interest in the contents of these exhibits"); Order Granting Defs.' Mot. June 30, 2020, R. 249, PageID#7111 (unreasoned order stating only "Motion GRANTED.").

GRANTED" in the top-right corner of a movant's motion.[70]

In April 2021—approximately a month before the Parties' scheduled trial—the Parties informed the court that this case had settled. [71] The settlement amount was "Fifty-Six Million U.S. Dollars (U.S. $56,000,000.00"—hardly an indication that the class's claims that CoreCivic

---

[70] *See* Order Granting Def.'s Nov. 20, 2020 Mot. to File Under Seal Certain Docs. in Connection with Mot. to Exclude Test. of Donna Mellendick, **R. 368**, PageID#17661 ("Motion (DE #337) GRANTED."); Order Granting Def.'s Nov. 20, 2020 Mot. to File Under Seal Certain Docs. in Connection with Mot. to Exclude Test. of Scott Dalrymple, **R. 369**, PageID#17662 ("Motion (DE #341) GRANTED."); Order Granting Def.'s Nov. 20, 2020 Mot. for Leave to File Under Seal Certain Confidential Docs. in Connection with Mot. for Summ. J., **R. 371**, PageID#17666 ("Motion (DE #364) GRANTED."); Order Granting Def.'s Nov. 20, 2020 Mot. for Leave to File Under Seal Certain Confidential Docs. in Connection with their Mot. for Summ. J., **R. 372**, PageID#17667 ("Motion (DE #367) GRANTED."); Order Granting Def.'s Mot. for One Confidential Doc. Related to Pl.'s Opp'n to Def.'s Mot. to Determine the Sufficiency to Remain Under Seal, **R. 377**, PageID#17756 ("Motion GRANTED."); Order Granting Def.'s Mot. for Confidential Docs. Related to Pl.'s Mot. to Compel Further Interrog. Resps. and for Disc. Sanctions to Remain Under Seal, **R. 378**, PageID#17757 (Motion GRANTED."); Order Granting Def.'s Mot. to Continue the Sealing of Certain Docs. Filed in Connection with Pl.'s Mots. To Exclude Expert Test., **R. 379**, PageID#17758 ("Motion GRANTED."); Order Granting Fed. Bureau of Prison's Mot. February 12, 2021, **R. 414**, PageID#23860 ("Motion GRANTED."); Order Granting Def.'s Mot. February 12, 2021, **R. 415**, PageID#23861 ("Motion GRANTED."); Order Granting Def.'s Mot. February 19, 2021, **R. 432**, PageID#24390 ("Motion (DE #421) GRANTED."); Order Granting Pl.'s Omnibus Mot. February 19, 2021, **R. 433**, PageID#24391 ("Motion (DE #424) GRANTED.").

[71] Order Staying All Deadlines and Removing Trial from Calendar, R. 457, PageID#24698.

had committed securities fraud lacked merit.[72]   The Court thereafter approved the proposed settlement and entered a final judgment and order of dismissal with prejudice on November 8, 2021.[73]

On February 18, 2022, Intervenor Marie Newby—the mother of decedent Terry Childress, who was murdered in the Defendants' care at CoreCivic's Trousdale Turner Correctional Center the previous year—moved to intervene and unseal the documents in the District Court record.[74]  Ms. Newby's motion sought to unseal each document she could identify as having been sealed, inclusive of all "parties' motions for class certification, for summary judgment, sealed portions of the parties' Daubert motions, responses, replies, and supporting documentation."[75]

In response to Ms. Newby's motion, CoreCivic and the federal Bureau of Prisons (which had produced various sealed documents pursuant to a separate protective order) partially opposed it.[76]   CoreCivic's response acknowledged that extensive documents had been sealed erroneously

---

[72] Stipulation of Settlement, R. 463, PageID#24854.
[73] Final J. and Order of Dismissal, R. 479, PageID##25424–30; Entry of J., R. 480, PageID#25431.
[74] Mot. to Intervene and Unseal Judicial Docs., R. 481, PageID##25432–46.
[75] *Id.* at PageID#25432.
[76] Resp. of Fed. Bureau of Prisons in Opp'n of Mot. to Intervene and Unseal, R. 490, PageID##26034–45; Defs.' Partial Opp'n to Mot. to Intervene and Unseal, R. 492, PageID##26050–68.

throughout the duration of litigation.[77]    Relying on conclusory statements, though, CoreCivic asked that dozens of other documents remain sealed in their entirety despite substantially failing to justify its sealing claims with evidence and uniformly failing to justify its claims for continued sealing with current evidence.[78]    CoreCivic also alternatively and repeatedly insisted that "given the significant volume" of information in sealed deposition transcripts, Ms. Newby should be ordered, first, to agree to a protective order, then, second, be ordered to meet and confer with the Parties "to determine which portions (if any) of these transcripts should be unsealed."[79]

For its part, the BOP similarly asked the District Court to maintain dozens of documents under seal in their entirety.    The BOP's claim for continued wholesale sealing also did not purport to be based on any current evidence.    Further, with regard to the stale evidence the BOP relied upon, the BOP's claims were demonstrably untrustworthy in material respects.    For

---

[77] *See* Defs.' Partial Opp'n to Mot. to Intervene and Unseal, R. 492, PageID##26057–63.

[78] *See id.* at PageID##26051–65.

[79] *Id.* at PageID#26058 ("In the alternative, Defendants request that the Court order Intervenor to agree to the terms of the Protective Order, review these documents, and meaningfully meet and confer with Defendants and the BOP to determine which portions (if any) of these transcripts should be unsealed."); *id.* at PageID#26059 (same); *id.* at PageID#26061 (same); *id.* at PageID#26062 (same); *id.* at PageID#26063 (same); *id.* at PageID#26064 (same).

example, the document that the BOP claimed would present the greatest security concern was available in substantially unredacted form online after being furnished in apparent response to a FOIA request,[80] and additional portions of that document were quoted and discussed at length in a public DOJ audit.[81] The BOP similarly complained that in lieu of having to meet its burden to justify wholesale sealing on a document-by-document, line-by-line basis, the Intervenor should accept the documents pursuant to a protective order instead, which the BOP insisted would be "much more efficient."[82]

Upon review of CoreCivic's and the BOP's responses, Ms. Newby noted that they were inadequate to justify continued sealing. The responses made plain that the proponents of continued sealing had "never attempted to make a 'line-by-line' demonstration of the need for sealing the documents at issue" in the first instance and that they were still unwilling or unable to do so now.[83] "Accordingly, having never previously attempted to meet their burden and having failed to do so" in response to her post-judgment motion

---

[80] After-Action Report, R. 493-1, PageID##26109–35.
[81] Audit of the Fed. Bureau of Prisons' Contract with CoreCivic, Inc. to Operate Adams County Correctional Center, R. 493-2, PageID##26136–26208.
[82] Resp. of Fed. Bureau of Prisons in Opp'n of Mot. to Intervene and Unseal, R. 490, PageID#26038.
[83] Intervenor's Reply in Support of Mot. to Unseal Judicial Docs., R. 493, PageID#26104.

to unseal, Ms. Newby asserted that "all documents should be unsealed."[84]

On April 8, 2022, the District Court adjudicated Ms. Newby's motion to intervene and unseal, granting it in part and denying it in part.[85] The District Court treated Ms. Newby's motion as one "to reconsider," rather than treating it as a motion that required a fresh merits determination based on current evidence and circumstances.[86] As it did throughout the underlying litigation, the District Court also deferred entirely to sealing proponents' sealing requests. Thus, the District Court unsealed only those documents that CoreCivic and the BOP had agreed should be unsealed, while maintaining wholesale sealing of every other sealed document. In relevant part, the District Court's order on Ms. Newby's motion stated as follows:

> Newby's briefing gives the court no persuasive reason to conclude that its earlier rulings were generally erroneous. Rather, she largely devotes her briefing to reiterating the general public-interest calculus governing seal decisions. That general public interest in open dockets is real, but the court already considered it and found that, with regard to these particular materials, it should not prevail. CoreCivic and the BOP, moreover, have furnished detailed, document- specific reasons reiterating the legitimate grounds for the continued seal of many of the requested documents. (Doc. No. 490 at 1–2, 6–9; Doc. No. 492 at 5–15.)

---

[84] *Id.*

[85] Final Order, R. 494, PageID##26209–14.

[86] *Id.* at PageID##26211–12 ("Newby's motion, therefore, is the equivalent of a motion to intervene for the purpose of asking the court to reconsider those earlier determinations.").

Nevertheless, CoreCivic and the BOP have informed the court that, having freshly reviewed the documents, they do not object to a partial lift of the seal. Specifically, CoreCivic supports the unsealing of all of the relevant documents other than the following docket entries: Doc. Nos. 387-1, 387-2, 389-1, 389-2, 389-4, 398-2, 398-3, 398-8, 399-10, 399-11, 399-25, 400-6, 400-12, 400-13, 401-13, 401-15, 401-18, 401-20, 401-24, and 401-26. BOP seeks the continued seal of a somewhat longer list of items: Doc. Nos. 336-3, 336-5, 338, 338-1, 352-1, 367-1, 367-2, 389-1, 389-2, 389-4, 396, 397, 398-2, 398-3, 398-7, 398-8, 398-9, 398-10, 398-17, 398-18, 398-20, 398-22, 399-10, 399-11, 399-22, 400-6, 400-12, 400-13, 400-17, 401-15, 401-18, 401-19, 401-20, 401-24, 401-26, 401-30, 422, and 423.

Based on the court's review, that means that the unsealing of the following documents is unopposed: Doc. Nos. 120, 121, 122, 336, 336-1, 336-2, 336-4, 336-6, 347, 352, 352-2, 352-3, 358, 359, 386, 387, 388, 389, 389-3, 389-5, 398, 398-1, 398-4 to -6, 398-12 to -16, 398-19, 398-21, 398-23 to -25, 399, 399-1 to -9, 399-12 to -21, 399-23, 399-24, 400, 400-1 to -5, 400-7 to -11, 400-14 to -16, 400-18 to -25, 401, 401-1 to -12, 401-14, 401-16, 401-17, 401-21 to -23, 401- 25, 401-27 to -29, 401-31, 401-32.[87]

The District Court's order concluded by stating that "[b]ecause Newby has not identified persuasive reasons for revisiting the court's original sealing decisions with regard to the other documents, the court will grant her motion only as to those documents about which there are no objections to unsealing."[88]  This timely appeal followed.

---

[87] *Id.* at PageID#26213.
[88] *Id.* at PageID#26213–14.

## VIII.  SUMMARY OF THE ARGUMENT

Given the District Court's failure to make mandatory findings or conduct the required interest-balancing within its uniformly unreasoned sealing orders, every sealing order entered in this case should be vacated. *See Shane Grp., Inc.*, 825 F.3d at 306 ("a court's failure to set forth those reasons—as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary—is itself grounds to vacate an order to seal.").  This Court should also order some or all of the District Court record unsealed on the present record.  Because the District Court improperly allocated the burden of proof and persuasion to Ms. Newby and applied an erroneous legal standard to her motion, reversal is additionally warranted because the District Court applied an erroneous legal standard.  For all of these reasons, the District Court's order should be reversed.

## IX.   ARGUMENT

Sealing orders are reviewed for abuse of discretion.  *See Shane Grp., Inc.*, 825 F.3d at 306.  However, review of sealing orders contemplates a lower degree of deference than that standard typically entails. *See id.* ("We review the court's orders to seal its records for an abuse of discretion— although, '[i]n light of the important rights involved, the district court's

decision is not accorded' the deference that standard normally brings.") (quoting *In re Knoxville*, 723 F.2d at 476).  *See also Kondash v. Kia Motors Am., Inc.*, 767 F.App'x 635, 637 (6th Cir. 2019) ("Because of the importance of the rights involved, we have held that the district court's decision to seal documents is not accorded the traditional scope of narrow review reserved for discretionary decisions based on first-hand observations.") (cleaned up).

Here, because the District Court failed to make mandatory findings, its unreasoned sealing orders must be vacated as a matter of law.  This Court should also order some or all of the District Court record unsealed even on the present record, both because the District Court quoted from sealed documents verbatim after recognizing that CoreCivic's sealing justifications were meritless and because the proponents of sealing failed to meet their burden.  This Court should additionally reverse on the basis that the District Court applied the wrong legal standard to the Intervenor's motion; misallocated the burden of proof and persuasion; and failed to require sealing proponents to justify continued sealing based on current evidence.

A.    **THE DISTRICT COURT ERRED BY ISSUING UNIFORMLY UNREASONED SEALING ORDERS UNDER CIRCUMSTANCES WHERE MEETING THE BURDEN OF SEALING ANY PORTION OF ANY DOCUMENT WAS NIGH-INSURMOUNTABLE.**

Court records carry a "strong presumption in favor of openness." *Brown & Williamson*, 710 F.2d at 1179.  In every case, "[t]he burden of

overcoming that presumption is borne by the party that seeks to seal them[,]" and that burden "is a heavy one." *Shane Grp., Inc.*, 825 F.3d at 305 (citing *In re Cendant*, 260 F.3d at 194). This Court has also explained that "[o]nly the most compelling reasons can justify non-disclosure of judicial records." *In re Knoxville*, 723 F.2d at 476. Sealing proponents must additionally "demonstrate—on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal," *Shane Grp., Inc.*, 825 F.3d at 308, and "the seal itself must be narrowly tailored to serve" the compelling reason identified to support sealing. *Id.* at 305.

In addition to the heavy burden that applies to sealing generally, this Court has explained that "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Id.* (citing *Brown & Williamson*, 710 F.2d at 1179). Further, "in class actions—where by definition 'some members of the public are also parties to the [case]'—the standards for denying public access to the record 'should be applied ... with particular strictness.'" *Id.* (quoting *In re Cendant*, 260 F.3d at 194). *See also Kondash*, 767 F. App'x at 637 ("the interests of public health and safety will often outweigh any confidentiality interests that might be implicated. . . . This is particularly true in class

actions, where, because of the interest of a broader public outside of the named parties, the standards for overcoming the presumption of openness should be applied with particular strictness.") (cleaned up). That heightened standard is also necessary for practical reasons in class action litigation, because "[c]lass members cannot participate meaningfully in the process contemplated by Federal Rule of Civil Procedure 23(e) unless they can review the bases of the proposed settlement and the other documents in the court record." *Id.* at 309. *See also id.* at 302 ("lack of access to the court record impair[s class members'] ability to assess the settlement's fairness"); *id.* at 304 (lack of access affords class members "no ability to examine the bases of" a settlement that will bind them).

To ensure that these stringent standards are satisfied and enable meaningful appellate review of sealing orders, "a district court that chooses to seal court records **must** **set forth specific findings and conclusions 'which justify nondisclosure to the public**.'" *See id.* at 306 (emphases added) (quoting *Brown & Williamson*, 710 F.2d at 1176). "That is true even if neither party objects to the motion to seal[.]" *See id.*

A court's failure to set forth such findings "is itself grounds to vacate an order to seal." *Id.* (citing *United States v. Kravetz*, 706 F.3d 47, 60 (1st Cir. 2013) ("Appellate courts have on several occasions emphasized that

upon entering orders which inhibit the flow of information between courts and the public, district courts should articulate on the record their reasons for doing so"); *SEC v. Van Waeyenberghe*, 990 F.2d 845, 849 (5th Cir. 1993) (reversing because "[w]e find no evidence in the record that the district court balanced the competing interests prior to sealing the final order")). Thus, where—as here—a District Court has failed to make mandatory findings and conduct the mandatory interest-balancing, an order to seal should be vacated. *See id. See also Brown v. Maxwell*, 929 F.3d 41, 48 (2d Cir. 2019) ("in contravention of our precedent, the District Court failed to review the documents individually and produce 'specific, on-the-record findings that sealing is necessary to preserve higher values.' Instead, the District Court made generalized statements about the record as a whole. This too was legal error.") (cleaned up).

In this case—a class action against a government contractor engaged in a governmental function of especially weighty public concern—meeting the burden of sealing any portion of any document should have been nigh-insurmountable. Accordingly, given the enormous volume of sealed material, one might reasonably expect to see extensive findings explaining in painstaking detail why sealing of thousands of pages of documents was necessary, particularly given that this Court has required district courts to

make such findings for decades.  *See, e.g., Brown & Williamson*, 710 F.2d at 1176 ("we conclude that the District Court erred by failing to state findings or conclusions which justify nondisclosure to the public.").

Inexplicably, though, those findings do not exist.  The District Court's uniformly unreasoned sealing orders—many of which were granted without even awaiting a complete response from a lead plaintiff who routinely emphasized upfront that CoreCivic's sealing claims were groundless—do not contain the findings and corresponding analysis that this Court requires.  Instead, the full scope of analysis contained in *any* still-effective sealing order was simply to write "Motion GRANTED" in the top right-hand corner of a sealing proponent's motion and then seal the referenced documents in their entirety.[89]

---

[89] *See* Order Granting Pl.'s Mot., July 18, 2018, **R. 106**, PageID#2830; Order Granting Opposed Mot., Oct. 26, 2018, **R. 123**, PageID#3483; Order Granting Def.'s Mot., Nov. 2, 2018, **R. 128**, PageID#3511; Order Granting Mot., Dec. 18, 2018, **R. 142**, PageID#3652; Order Granting Def.'s Mot., Feb. 8, 2019, **R. 156**, PageID#4219; Order Granting Lead Pl.'s Mot., Feb. 22, 2019, **R. 164**, PageID#4411; Order Granting Def.'s November 20, 2020 Mot. to File Under Seal Certain Docs. in Connection with Mot. to Exclude Testimony of Donna Mellendick, **R. 368**, PageID#17661; Order Granting Def.'s November 20, 2020 Mot. to File Under Seal Certain Docs. in Connection with Mot. to Exclude Testimony of Scott Dalrymple, **R. 369**, PageID#17662; Order Granting Def.'s November 20, 2020 Mot. for Leave to File Under Seal Certain Confidential Docs. in Connection with Mot. for Summ. J., **R. 371**, PageID#17666; Order Granting Def.'s November 20, 2020 Mot. for Leave to File Under Seal Certain Confidential Docs. in Connection with their Mot. for Summ. J., **R. 372**, PageID#17667; Order Granting Def.'s

Given this unfortunate context, meaningful appellate review is impossible, because this Court's standards—which impose upon district courts a strict "obligation to explain the basis for sealing court records"— "went unmet here." *Shane Grp., Inc.*, 825 F.3d at 306. Thus, the District Court's failure to "set forth those reasons [for sealing]—as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary"—as to *any* sealed document necessarily requires this Court to vacate every unreasoned sealing order entered below. *See id*. Every unreasoned sealing order should be vacated accordingly, and this Court should remand with instructions to conduct the mandatory analysis and interest-balancing as to every document in the record that is maintained under seal thereafter.

Significantly, although there is abundant reason to doubt that evidence

---

Mot. for One Confidential Doc. Related to Pl.'s Opp'n to Def.'s Mot. to Determine the Sufficiency to Remain Under Seal, **R. 377**, PageID#17756; Order Granting Def.'s Mot. for Confidential Docs. Related to Pl.'s Mot. to Compel Further Interrog. Resps. and for Disc. Sanctions to Remain Under Seal, **R. 378**, PageID#17757; Order Granting Def.'s Mot. to Continue the Sealing of Certain Docs. Filed in Connection with Pl.'s Mots. To Exclude Expert Test., **R. 379**, PageID#17758; Order Granting Fed. Bureau of Prison's Mot. February 12, 2021, **R. 414**, PageID#23860; Order Granting Def.'s Mot. February 12, 2021, **R. 415**, PageID#2386; Order Granting Def.'s Mot. February 19, 2021, **R. 432**, PageID#24390; Order Granting Pl.'s Omnibus Mot. February 19, 2021, **R. 433**, PageID#24391.

demonstrating CoreCivic's fraudulent mismanagement qualifies as confidential, *see Shane Grp., Inc.*, 825 F.3d at 308 (citing *Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982) ("The potential harm asserted by the corporate defendants is in disclosure of poor management in the past. That is hardly a trade secret.")), vacating the District Court's orders would still be necessary *even if every sealed document actually contained confidential information.* The reason why is that even when a trade secret (or other confidential information) is contained in a filed document, confidentiality concerns must still be weighed against the public's countervailing interests in transparency when making a sealing determination. *See, e.g., Kondash*, 767 F. App'x 638 ("even if a district court finds that a trade secret exists, it must still determine whether public interest outweighs the moving party's interests in protecting their trade secret.") (citing *Shane Group, Inc.*, 825 F.3d at 308 ("'[I]n civil litigation, only trade secrets, information covered by a recognized privilege (such as attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault),' is *typically* enough to overcome the presumption of access.") (emphasis added) (quoting *Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 546 (7th Cir. 2002))).  That also remains true even when a party files or furnishes assertedly confidential documents in reliance upon a protective

order.  *See Rudd Equip. Co., Inc.*, 834 F.3d at 595-96 ("One party will almost always rely on a sealing order to some degree. . . .  [A] court should 'take account' of a party's reliance, and any extraordinary circumstances or compelling need, in its application of the balancing test.") (citing *Johnson v. Corr. Corp. of Am.*, No. 3:12–CV–246–H, 2014 WL 3970115, at *2–3 (W.D. Ky. Aug. 13, 2014) (reasoning that "[e]ven litigants' reliance on the confidentiality of certain documents in reaching a court-approved settlement agreement fails to overcome the presumption of public access")).  Thus, even assuming that every sealed document actually contains confidential information, vacating the District Court's unreasoned sealing orders with instructions to conduct the relevant analysis and interest-balancing as to every sealed document would still be the appropriate relief.

### B.   THIS COURT SHOULD ORDER SOME OR ALL OF THE DISTRICT COURT RECORD UNSEALED ON THE PRESENT RECORD.

Even without the benefit of reasoned analysis, this Court can safely order some or all of the District Court record unsealed on the present record. Specifically, as to several documents, the District Court has already made clear that the documents do not merit sealing—even though the District Court maintained them under seal.  Further, with respect to the remaining documents, because sealing proponents failed to meet their burden of demonstrating "on a document-by-document, line-by-line basis—that

specific information in the court record meets the demanding requirements for a seal" as to any document, *see Shane Grp., Inc.*, 825 F.3d at 308, the District Court's entire docket should be unsealed.

1.    Documents that the District Court quoted verbatim or characterized should be unsealed.

In its March 26, 2019 Order, the District Court candidly acknowledged that: "The court has, so far, honored the parties' confidentiality claims in this case" [90] in lieu of making sealing determinations based on rigorous independent review.  Of course, deferentially "honor[ing] the parties' confidentiality claims" is the opposite of what courts are supposed to do in this context.  *See Shane Grp., Inc.*, 825 F.3d at 306 ("a court's obligation to explain the basis for sealing court records is independent of whether anyone objects to it.").  Nonetheless, the district court's acknowledgement at least explains how dozens of documents spanning thousands of pages are sealed wholesale without reasoned explanation.

Perhaps even more important than the District Court's acknowledgement that it "honored" the Parties' confidentiality claims is the context in which that acknowledgement was provided. [91]    The acknowledgment prefaced the District Court's observation that the sealing

---

[90] Mem. Op. of the Court, R. 165, PageID#4418, n.2
[91] *Id.*

justifications that CoreCivic had proffered regarding certain sealed documents lacked any justifiable basis. Specifically, the District Court explained:

> CoreCivic has argued that its internal responses to BOP scrutiny should be kept under seal because their disclosure could harm CoreCivic in the marketplace. (Docket No. 155 at 6.) The court, however, discerns no serious threat of unfair competition associated with disclosure of the relevant communications. None of the cited internal conversations reveal any confidential CoreCivic strategies, practices, or research and development. The conversations cited may be awkward or embarrassing for CoreCivic to see disclosed, but that, alone, is not enough to justify an unyielding seal in this case. The court concludes that, at least with regard to the limited facts cited in this Memorandum, the harms of maintaining the seal would be greater than any associated with relaxing it.[92]

Given this determination, the District Court quoted verbatim CoreCivic's internal correspondence, including emails stating: (1) "apparently we had a bad day today with BOP medical audit at Cibola"; (2) "[t]his is going to kill us at both Cibola and Eden."; (3) "Silence is NOT GOLDEN!!!"; (4) "We're dead"; and (5) "BOP is making a round of phone calls to private prison companies ([CoreCivic and another company] so far) giving them notice that they are cancelling contracts effective October

---

[92] *Id.*

2016."[93]  The District Court also characterized the contents of other internal CoreCivic correspondence without quoting it.[94]

Under these circumstances, *at least* the quoted or characterized documents—the contents of which are already in the public record, and the disclosure of which the District Court has already indicated pose "no serious threat of unfair competition" and do not "reveal any confidential CoreCivic strategies, practices, or research and development"[95]—should be unsealed.

2.    <u>The balance of the docket should be unsealed given sealing proponents' failure to meet their heavy burden to justify sealing.</u>

As noted above, "[t]he burden of overcoming th[e] presumption [against sealing] is borne by the party that seeks to seal" a document, and that burden "is a heavy one." *Shane Grp., Inc.*, 825 F.3d at 305 (citing *In re Cendant*, 260 F.3d at 194).  *See also Kiwewa v. Postmaster Gen. of United States*, No. 18-3807, 2019 WL 4122013, at *1 (6th Cir. Mar. 26, 2019) ("The movant bears the heavy burden of overcoming the presumption of openness.").    Because this was a class action—and one against a

---

[93] *See id.* at PageID##4418–19 (quoting Ex. Z Email from T. Grande to D. Hininger, R. 149-26 at 2; Ex. AA email from J. Beasley to B. Verhulst, R. 149-27 at 3; Ex. EE Email, R. 149-31; Ex. FF Email, R. 149-32).

[94] *See id.* at PageID#4419 ("Other correspondence during the Class Period echoes similar concerns about the BOP's assessment of CoreCivic's services and the possibility of lost contracts as a result.") (citing R. 149-9, -10, -24, -25, -27)).

[95] R. at 165, PageID#4418, n.2.

governmental contractor performing a government function, at that—the burden assigned to sealing proponents was also especially and perhaps insurmountably heavy here. *See supra* at 30–34.

To overcome the presumption of openness under these circumstances, sealing must be justified by only "'the most compelling reasons[.]'" *Shane Grp., Inc.*, 825 F.3d at 305 (quoting *In re Knoxville*, 723 F.2d at 476). A sealing proponent must also demonstrate—"on a document-by-document, line-by-line basis—that specific information in the court record meets the demanding requirements for a seal." *Id.* at 308.

In the face of these stringent standards, CoreCivic proffered sealing justifications that are properly characterized as unserious. For instance, CoreCivic repeatedly asserted that sealing was necessary because the public has a "minimal interest in the contents of" the documents in this litigation.[96] CoreCivic also raised the denial of class certification[97]—a decision that was later reversed—as a ground for sealing that is no longer valid *and never was. See e.g., Republic of Philippines v. Westinghouse Elec. Corp.*, 949 F.2d 653, 661 (3d Cir. 1991) ("papers . . . are not entitled to be shielded from public

---

[96] *See, e.g.,* Def.'s Mot., Nov. 2, 2018, R. 126, PageID#3498; Def.'s Mot., Feb. 8, 2019, R. 155, PageID#4208; Def.'s Mot., March 5, 2020, R. 200, PageID#4762; Def.'s Mot., June 30, 2020, R. 234, PageID#6552.
[97] Def.'s Mot., Feb. 8, 2019, R. 155, PageID##4214–15.

access merely because the district court denied the motion rather than granted it."). CoreCivic's claims about market injury were also rejected as utterly groundless on the one occasion when they actually appear to have been scrutinized.[98] This Court, upon review, will also find that CoreCivic's claims of unfair competition are almost all "brief, perfunctory, and patently inadequate" to support sealing, which would justify this Court's summary rejection of them. *See Shane Grp., Inc.,* 825 F.3d at 306. *Cf. Baxter,* 297 F.3d at 546 ("So perfunctory was this motion that it could have been summarily rejected.").

Further, there does not appear to be even a single instance in which any sealing proponent attempted to demonstrate—"on a document-by-document, **line-by-line** basis—that specific information in the court record meets the demanding requirements for a seal." *See Shane Grp., Inc.,* 825 F.3d at 308 (emphasis added). That means that entire transcripts are sealed under circumstances where—even taking proponents' confidentiality claims at face value—only portions should be. The Defendants and the BOP also have not bothered to do the work of specifying what those portions are—to the contrary, they have claimed that Ms. Newby should be ordered to comply

---

[98] Mem. Op. of the Court, R. 165, PageID#4418, n.2

with a protective order and do it for them[99]—even though the burden falls on the proponents of sealing alone.

This is unacceptable. The public's interest in open court records "rests on several grounds." *Id.* at 305. Those interests are also seriously undermined by an extended period of wholesale sealing where—as here—sealing proponents fail to meet their burden as an initial matter. Under these circumstances, sealing proponents should not be rewarded with continued sealing and afforded repeated invitations to meet a burden that they were obligated to meet but failed to meet at the time of filing.

It is also clear that sealing proponents have *never* attempted to demonstrate—on a "line-by-line basis—that specific information in the court record meets the demanding requirements for a seal" in this case as to any sealed document. *Id.* at 308. As noted above, in response to Ms. Newby's motion to intervene and unseal, both CoreCivic and the BOP complained about the volume of sealed material they would have to review in response, and they proposed that she accept sealed documents pursuant to a protective order instead.[100] This is not an acceptable solution, and it is antithetical to

---

[99] Defs.' Partial Opp'n to Mot. to Intervene and Unseal, R. 492, PageID##26058–64; Resp. of Fed. Bureau of Prisons in Opp'n of Mot. to Intervene and Unseal, R. 490, PageID#26038.

[100] *Id.*

public transparency interests. It also makes clear that sealing proponents never did—and were never required to do—the work of attempting to meet their burden as an initial matter. Instead, they were asked to justify sealing determinations for the first and only time in response to Ms. Newby's post-judgment motion, and they failed to do so in response.

Under these circumstances, given the enormous public interest in this case's subject matter, unsealing the District Court's entire docket is warranted. *Cf. Shane Grp., Inc.*, 825 F.3d at 305 ("the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access."). The proponents of sealing had a heavy burden to meet, and they did not make any serious attempt to meet it—either as an initial matter or in response to a post-judgment motion to unseal—because the District Court improperly "honored" their sealing claims instead. The sealed documents in this litigation also should not be maintained under seal for months or years while sealing proponents are afforded further opportunities to meet a burden that they failed to meet to begin with. Thus, having failed to demonstrate—on a "line-by-line basis— that specific information in the court record meets the demanding requirements for a seal" as to any sealed document filed in this case, the entire District Court record should be unsealed. *Id.* at 308.

### C.  THE DISTRICT COURT IMPROPERLY ALLOCATED THE BURDEN OF PROOF AND PERSUASION AND APPLIED AN ERRONEOUS LEGAL STANDARD TO MS. NEWBY'S MOTION.

Courts must evaluate motions to unseal based on *current* evidence and circumstances.  *See, e.g., Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 167 (3d Cir. 1993) ("In determining whether any document or portion thereof merits protection from disclosure, the district court should be guided by our prior advice that continued sealing must be based on '*current evidence* to show how public dissemination of the pertinent materials *now* would cause the competitive harm [they] claim[ ].") (quoting *Republic of Philippines*, 949 F.2d at 663).  Thus, even assuming that sealing was proper "at the time when it was initially imposed," in response to a later motion to unseal, courts must consider whether "the reasons supporting sealing in a specific case (if any are found) have either passed or weakened, and to be prepared at that time to unseal bids and allow public access." *In re Cendant*, 260 F.3d at 196.  Further, a sealing order "must be lifted at the earliest possible moment when the reasons for sealing no longer obtain." *Id.* Settlement of a class case may be such a moment.  *See, e.g., Pelzer v. Vassalle*, 655 F. App'x 352, 365–66 (6th Cir. 2016) ("the objectors essentially argue that with this briefing the named plaintiffs will have an easier time defending against Midland's debt-collection actions than the unnamed class

members. However, Midland has already offered to unseal those filings once the settlement becomes effective, thus obviating this objection.").

With this context in mind, the burden of persuasion always rests *on the party that asserts a continuing need for sealing* to demonstrate the need for sealing on a current basis. *See, e.g., Leucadia*, 998 F.2d at 166–67. A "district court's improper allocation of the burden of persuasion" to a movant who later seeks to unseal judicial records also constitutes reversible error. *See id.* at 167. *Cf. Woods v. United States Drug Enf't Admin.*, 895 F.3d 891, 893 (6th Cir. 2018) (noting that the government "gets exactly backwards our operative presumption, which is that '[t]he public has a strong interest in obtaining the information contained in the court record.'") (quoting *Shane Grp., Inc.*, 825 F.3d at 305).

For the same reason, the burden of *proof* always rests with proponents of continued sealing as well. *Leucadia*, 998 F.2d at 166. Accordingly, premising opposition to a motion to unseal upon old affidavits—rather than "current evidence" that demonstrates a particularized need for continued secrecy *today*—constitutes reversible error as well. *See, e.g., Republic of Philippines*, 949 F.2d at 663 ("Westinghouse has failed to offer evidence to counter this finding or to substantiate its claim that the disclosure of the summary judgment records at issue here would result in any type of

competitive disadvantage. It relied entirely on its 1989 affidavits without any current evidence to show how public dissemination of the pertinent materials now would cause the competitive harm it claims. Without a more 'particularized showing of the need for continued secrecy,' *Bank of America*, 800 F.2d at 346, Westinghouse has failed to meet its burden.").

Here, upon review of Ms. Newby's motion to unseal, the District Court began by erroneously considering Ms. Newby's motivation for seeking to unseal the District Court record. *Compare* Final Order, R. 494, PageID#26212 ("The court finds, first, that Newby's litigation-related interests are insufficient to support intervention or warrant a change in the court's earlier conclusions."), *with In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 677 (3d Cir. 2019) ("a person's motive for inspecting or copying judicial records is irrelevant under the common law right of access."). Thereafter, the District Court's applied an erroneous legal standard to her motion in three respects, all of which constitute reversible error.

<u>First</u>, the District Court erroneously treated Ms. Newby's motion as a motion to "reconsider" its "earlier determinations[,]" rather than evaluating the propriety of continued sealing based on current evidence and

-47-

circumstances.[101]  This was error.  In all cases, sealing decisions must be determined based on current facts, rather than by reference to whether sealing may have been appropriate at some earlier time.  *Leucadia*, 998 F.2d at 167.  That error was also especially prejudicial here, given that "the district court erred in failing to make any findings or legal conclusions in support of [its] initial seal" orders to begin with.  *Rudd Equip. Co., Inc.*, 834 F.3d at 594.

*Second*, the District Court erroneously saddled *Ms. Newby* with the burden of persuasion.  In particular, the District Court held that: "**Newby's briefing** gives the court no persuasive reason to conclude that its earlier rulings were generally erroneous."[102]  This, too, was improper.  *See, e.g., Leucadia*, 998 F.2d at 166–67.  The "actions or inactions" of a sealing opponent have no bearing on the applicable analysis.  *See, e.g., Danley v. Encore Cap. Grp., Inc.*, 680 F. App'x 394, 399 (6th Cir. 2017) ("despite plaintiffs' actions or inactions, a district court has its own 'obligation to explain the basis for sealing court records [that] is independent of whether anyone objects to it.'") (cleaned up).  Thus, even if Ms. Newby had presented unpersuasive arguments—and even if she waived them entirely—the relevant analysis would not be affected in any respect, because the right of access

---

[101] *See* Final Order, R. 494, PageID##26211–12.
[102] *See id.* at PageID#26213 (emphasis added).

belongs to *the public*.  *See, e.g., Rudd Equip. Co., Inc.*, 834 F.3d at 595 ("as the magistrate judge accurately stated, Deere 'could not have waived the *public*'s First Amendment and common law right of access to court filings.' The 'court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody.'") (cleaned up).

*Third*, the District Court erroneously allowed sealing proponents to rely on stale claims and evidence—rather than current evidence that no sealing proponent seriously attempted to provide.  Worse: Based on that stale evidence, the District Court did not even find that continued sealing of all sealed documents was proper.  Instead, its order speaks to the "legitimate grounds for the continued seal of **many of** the requested documents[,]"[103] though it maintained sealing of all requested documents anyway.

Again, this is not the standard.  Issuing blanket sealing orders just because *some* documents merit sealing is plainly improper.  To justify continued sealing, a sealing proponent must also furnish "current evidence[.]"  *See Republic of Philippines*, 949 F.2d at 663.  Here, however, no proponent of sealing attempted to do so.

Further, as Ms. Newby observed, at least some of the evidence upon which sealing proponents justified their claims for continued sealing was

---

[103] *See id.* (emphasis added).

-49-

untrustworthy.  For instance, the BOP claimed that unsealing any portion of a particular document—an "After-Action Report" report that was filed under seal by the Parties several times[104]—"would threaten the safe and secure operation of both private detention facilities and BOP facilities," and that "divulging such information threatens the safety of both security personnel and inmates."[105]  But as Ms. Newby noted in Reply, the document at issue appears to have been produced in substantially unredacted form as part of a FOIA request and then published online by Prison Legal News.[106]  Further, several additional portions of the same report appear to have been both referenced and quoted at length in a Department of Justice audit that is available to the public online.[107]  Accordingly, over and above the fact that the BOP's professed security concerns were based on stale evidence, there are good reasons to doubt the legitimacy of the security concerns associated with unsealing the report at issue to begin with.

---

[104] *See* Ex. 74 of Additional Attachs. to Decl. of Meryn C. N. Grant in Supp. Of Defs.' Mot. for Summ. J., R. 362-3; Ex. 74 Adams After-Action Report, July 27, 2012, R. 367-25; Ex. 47 After-Action Report, R. 399-22.

[105] *See* Resp. of Fed. Bureau of Prisons in Opp'n of Mot. to Intervene and Unseal, R. 490, PageID##26041–42.

[106] *See* Intervenor's Reply in Support of Mot. to Unseal Judicial Docs., R. 493, PageID##26103–04 (citing After-Action Report, R. 493-1, PageID##26109–26135).

[107] *Id.* at PageID#26104 (citing Audit of the Fed. Bureau of Prisons' Contract with CoreCivic, Inc. to Operate Adams County Correctional Center, R. 493-2, PageID##26136–26208).

In its order denying in part Ms. Newby's motion, the District Court neglected to engage with these concerns in any respect. Indeed, the District Court did not even mention them. Instead, just as it did through the duration of litigation, the District Court honored and deferred—without specific factfinding or interest-balancing—to precisely what the proponents of sealing desired. This was error. The District Court's judgment should be reversed, all of its sealing orders should be vacated, and this action should be remanded with instructions to apply the proper burden of persuasion, the proper burden of proof, and the proper standard of review to every sealed document based on current, specific, and compelling evidence thereafter.

## X. CONCLUSION

For the foregoing reasons, the District Court's judgment should be **REVERSED**, and this Court should:

1.      Vacate all of the District Court's unreasoned sealing orders;

2.      Unseal all or portions of the District Court docket based on the current record; and

3.      Remand with instructions to apply the proper legal standard to all documents that remain under seal.

Respectfully submitted,

By:    /s/ Daniel A. Horwitz
       DANIEL A. HORWITZ, BPR #032176
       *LINDSAY SMITH, BPR #035937
       *MELISSA K. DIX, BPR #038535
       HORWITZ LAW, PLLC
       4016 WESTLAWN DR.
       NASHVILLE, TN 37209
       daniel@horwitz.law
       lindsay@horwitz.law
       melissa@horwitz.law
       (615) 739-2888
        *Sixth Circuit Admission Pending

       Brice M. Timmons #29582
       DONATI LAW, PLLC
       1545 Union Ave.
       Memphis, Tennessee 38104
       (901) 278-1004 – Telephone
       (901) 278-3111 – Facsimile
       brice@donatilaw.com

       *Counsel for Intervenor-Appellant*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because it contains 12,941 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in proportionally spaced typeface using Microsoft Word 2016 in 14-point Georgia font.

By:  <u>/s/ Daniel A. Horwitz</u>
DANIEL A. HORWITZ, BPR #032176

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on July 8, 2022, service of the foregoing document was made upon the following Filing Users through the Court's Electronic Filing System:

Michael Goldberg
GOLDBERG LAW, PC
1999 Avenue of the Starts, Suite 1100
Los Angeles, CA 90067
Email: michael@goldberglawpc.com

Jeremy A. Lieberman
J. Alexander Hood, II
Marc C. Gorrie
POMERANTZ, LLP
600 Third Ave., 20th Floor
New York, NY 10016
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com
Email: mgorrie@pomlaw.com

Paul Kent Bramlett
Robert P. Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P. O. Box 150734
Nashville, TN 37215
Email: pknashlaw@aol.com
Email: robert@bramlettlawoffices.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue, Suite 601
Knoxville, TN 37902
Email: cain@scottandcain.com

Christopher Hamp Lyons
Christopher M. Wood
ROBBINS GELLER RUDMAN &

DOWD, LLP
414 Union Street, Suite 900
Nashville, TN 37219
Email: clyons@rgrdlaw.com
Email: cwood@rgrdlaw.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Email: jmartin@barrettjohnston.com

Dennis J. Herman
Willow E. Radcliffe
Kenneth J. Black
ROBBINS GELLER RUDMAN &
DOWD, LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Email: dherman@rgrdlaw.com
Email: willowr@rgrdlaw.com
Email: kennyb@rgrdlaw.com

Brian T. Glennon
David J. Schindler
Faraz Mohammadi
Meryn C.N. Grant
LATHAM & WATKINS, LLP (LA Office)
355 S. Grand Avenue, Suite 100
Los Angeles, CA 90071
Email: brian.glennon@lw.com
Email: david.schindler@lw.com
Email: faraz.mohammadi@lw.com
Email: Meryn.Grant@lw.com

Morgan E. Whitworth
LATHAM & WATKINS
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-2562
Email: morgan.whitworth@lw.com

Elizabeth O. Gonser
Milton S. McGee, III
Steven Allen Riley
RILEY, WARNOCK & JACOBSON
1906 West End Avenue
Nashville, TN 37203
Email: tmcgee@rwjplc.com
Email: sriley@rwjplc.com
Email: egonser@rwjplc.com

James A. Holifield, Jr.
HOLIFIELD, JANICH, RACHAL, & ASSOCIATES, PLLC
11907 Kingston Pike, Suite 201
Knoxville, TN 37934
Email: aholifield@holifieldlaw.com

Sarah A. Tomkowiak
LATHAM & WATKINS LLP (DC Office)
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Email: sarah.tomkowiak@lw.com

Patrick V. Dahlstrom
POMERANTZ, LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
Email: pdahlstrom@pomlaw.com

Ellen Gusikoff Stewart
Jason A. Forge
Natalie F. Lakosil
Rachel L. Jensen
ROBBINS GELLER RUDMAN &
DOWD, LLP (San Diego)
655 W Broadway, Suite 1900
San Diego, CA 92101
Email: elleng@rgrdlaw.com
Email: jforge@rgrdlaw.com
Email: nlakosil@rgrdlaw.com
Email: rachelj@rgrdlaw.com

Brian Schall
Schall Law Firm
2049 Century Park East Suite 2460 Los Angeles, CA 90067

By:    /s/ Daniel A. Horwitz_____
                    DANIEL A. HORWITZ, BPR #032176

## **DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS**

| Docket Entry No. | Description | PageID# |
|---|---|---|
| R. 1 | Compl. | 1–34 |
| R. 86 | Revised Stipulation and Protective Order | 1684–1701 |
| R. 104 | Pl.'s Mot., July 18, 2018 | 2820–2825 |
| R. 105 | Ex. 1 to Pl.'s Opp'n | 2826–2829 |
| R. 106 | Order Granting Pl.'s Mot., July 18, 2018 | 2830–2831 |
| R. 119 | Opposed Mot., Oct. 26, 2018 | 3045–3053 |
| R. 120-1 | Ex. E Report of Prof. Steven Feinstein | PageIDs indeterminable due to sealing |
| R. 120-2 | Ex. G Email from B. Verhulst to J. Beasley | PageIDs indeterminable due to sealing |
| R. 120-3 | Ex. H Email from J. Beasley to Wendy | PageIDs indeterminable due to sealing |
| R. 120-4 | Ex. M Email from S. Stone to L. White | PageIDs indeterminable due to sealing |
| R. 120-5 | Ex. Q Corrections Corporation of America Doc. | PageIDs indeterminable due to sealing |
| R. 120-6 | Ex. R Email from J. Burns to S. Owen | PageIDs indeterminable due to sealing |
| R. 120-7 | Ex. W Email from L. Mair to P. Paez and S. Owen | PageIDs indeterminable due to sealing |
| R. 120-8 | Ex. X Email from L. Mair to S. Owen, P. Paez and M. Murphy | PageIDs indeterminable due to sealing |

| R. 120-9 | Ex. Y Email from R. Thompson to M. Nalley | PageIDs indeterminable due to sealing |
|---|---|---|
| R. 120-10 | Ex. Z Email from J. Tucker to C. Burwell | PageIDs indeterminable due to sealing |
| R. 123 | Order Granting Opposed Mot., Oct. 26, 2018 | 3483 |
| R. 126 | Def.'s Mot., Nov. 2, 2018 | 3497–3504 |
| R. 128 | Order Granting Def.'s Mot., Nov. 2, 2018 | 3511 |
| R. 138 | Mot., Dec. 18, 2018 | 3613–3620 |
| R. 142 | Order Granting Mot., Dec. 18, 2018 | 3652 |
| R. 147 | Lead Pl.'s Mot., Feb. 1, 2019 | 3681–3686 |
| R. 149-4 | Ex. D Yates Mem. | PageIDs indeterminable due to sealing |
| R. 149-9 | Ex. I Email from H. Lappin to K. White | PageIDs indeterminable due to sealing |
| R. 149-10 | Ex. J Email from T. Grande to J. Beasley | PageIDs indeterminable due to sealing |
| R. 149-24 | Ex. X Email from D. Murray to S. Groom | PageIDs indeterminable due to sealing |
| R. 149-25 | Ex. Y Email from T. Beasley to J. Beasley | PageIDs indeterminable due to sealing |
| R. 149-26 | Ex. Z Email from T. Grande to D. Hininger | PageIDs indeterminable due to sealing |
| R. 149-27 | Ex. AA email from J. Beasley to B. Verhulst | PageIDs indeterminable due to sealing |

| R. 149-31 | Ex. EE Email | PageIDs indeterminable due to sealing |
|---|---|---|
| R. 149-32 | Ex. FF Email | PageIDs indeterminable due to sealing |
| R. 151-4 | Ex. D to Decl. of Willow e. Radcliffe in Supp. of Mem. Of Law in Supp. of Lead Pl.'s Mot. for Recons. of the Jan. 18, 2019 Order Den. Class Certification | 4128–4130 |
| R. 153 | Order Granting Mot. for Leave to File Under Seal | 4204–4205 |
| R. 155 | Def.'s Mot., Feb. 8, 2019 | 4207–4218 |
| R. 156 | Order Granting Def.'s Mot., Feb. 8, 2019 | 4219 |
| R. 161 | Lead Pl.'s Mot., Feb. 22, 2019 | 4383–4388 |
| R. 164 | Order Granting Lead Pl.'s Mot., Feb. 22, 2019 | 4411 |
| R. 165 | Mem. Op. of the Court | 4412–4448 |
| R. 193 | Lead Pl.'s Mot., Feb. 27, 2020 | 4578–4584 |
| R. 198 | Order Granting Lead Pl.'s Mot., Feb. 27, 2020 | 4758–4759 |
| R. 200 | Def.'s Mot., March 5, 2020 | 4761–4770 |
| R. 203 | Def.'s Mot., March 12, 2020 | 5454–5464 |
| R. 205 | Resp. in Opp'n to Defs.' Mot. | 5507–5514 |
| R. 212 | Lead Pl.'s Mot., May 15, 2020 | 5571–5577 |
| R. 214 | Mem. in Supp. of Mot. for Review | PageIDs indeterminable due to sealing |
| R. 215 | Order Granting Lead Pl.'s Mot., May 15, 2020 | 5613 |

| R. 216 | Defs.' Mot., May 29, 2020 | 5614–5619 |
| R. 217 | Mem. in Supp. of Defs.' Mot. May 29, 2020 | PageIDs indeterminable due to sealing |
| R. 226 | Pl.'s Mot., June 23, 2020 | 5704–5710 |
| R. 228 | Pl.'s Resp. to Def.'s Notice | PageIDs indeterminable due to sealing |
| R. 229 | Decl. of C. Wood in Supp. of Pl.'s Resp. | PageIDs indeterminable due to sealing |
| R. 230 | Order Granting Pl.'s Mot. June 23, 2020 | 6541 |
| R. 234 | Def.'s Mot., June 30, 2020 | 6551–6560 |
| R. 235 | Order Granting Def.'s Mot. May 29, 2020 | 7062 |
| R. 247 | Order Granting Def.'s Mot. March 5, 2020 | 7109 |
| R. 248 | Order Granting Defs.' Mot. March 12, 2020 | 7110 |
| R. 249 | Order Granting Defs.' Mot. June 30, 2020 | 7111 |
| R. 362-3 | Ex. 74 of Additional Attachs. to Decl. of Meryn C. N. Grant in Supp. Of Defs.' Mot. for Summ. J. | 14953 |
| R. 367-25 | Ex. 74 Adams After-Action Report, July 27, 2012 | PageIDs indeterminable due to sealing |
| R. 368 | Order Granting Def.'s Nov. 20, 2020 Mot. to File Under Seal Certain Docs. in Connection with Mot. to Exclude Test. of Donna Mellendick | 17661 |
| R. 369 | Order Granting Def.'s Nov. 20, 2020 Mot. for Leave to File Under Seal Certain Confidential Docs. in Connection with their Mot. to Exclude Test. of Scott Dalrymple | 17662–17663 |

| R. 371 | Order Granting Def.'s Nov. 20, 2020 Mot. for Leave to File Under Seal Certain Confidential Docs. in Connection with Mot. for Summ. J. | 17666 |
|---|---|---|
| R. 372 | Order Granting Def.'s Nov. 20, 2020 Mot. for Leave to File Under Seal Certain Confidential Docs. in Connection with Mot. for Summ. J. | 17667 |
| R. 377 | Order Granting Def.'s Mot. for One Confidential Doc. Related to Pl.'s Opp'n to Def.'s Mot. to Determine the Sufficiency to Remain Under Seal | 17756 |
| R. 378 | Order Granting Def.'s Mot. for Certain Confidential Docs. Related to Pl.'s Mot. to Compel Further Interrog. Resps. and for Disc. Sanctions to Remain Under Seal | 17757 |
| R. 379 | Order Granting Def.'s Mot. to Continue the Sealing of Certain Docs. Filed in Connection with Pl.'s Mots. To Exclude Expert Test. | 17758 |
| R. 399-22 | Ex. 47 After-Action Report | PageIDs indeterminable due to sealing |
| R. 414 | Order Granting Fed. Bureau of Prison's Mot. February 12, 2021 | 23860 |
| R. 415 | Order Granting Def.'s Mot. February 12, 2021 | 23861 |
| R. 432 | Order Granting Def.'s Mot. February 19, 2021 | 24390 |
| R. 433 | Order Granting Pl.'s Omnibus Mot. February 19, 2021 | 24391 |
| R. 457 | Order Staying All Deadlines and Removing Trial from Calendar | 24698 |
| R. 463 | Stipulation of Settlement | 24844–24885 |
| R. 469 | Mem. of Law in Support of Class Counsel's Mot. for Award of Att'y's Fees and Award to Pl. | 25011–25042 |
| R. 479 | Final J. and Order of Dismissal | 25424–25430 |

| R. 480 | Entry of J. | 25431 |
|---|---|---|
| R. 481 | Mot. to Intervene and Unseal Judicial Docs. | 25432–25446 |
| R. 490 | Resp. of Fed. Bureau of Prisons in Opp'n of Mot. to Intervene and Unseal | 26034–26045 |
| R. 492 | Defs.' Partial Opp'n to Mot. to Intervene and Unseal | 26050–26068 |
| R. 493 | Intervenor's Reply in Support of Mot. to Unseal Judicial Docs. and Exs. | 26100–26108 |
| R. 493-1 | After-Action Report | 26109–26135 |
| R. 493-2 | Audit of the Fed. Bureau of Prisons' Contract with CoreCivic, Inc. to Operate the Adams County Correctional Center | 26136–26208 |
| R. 494 | Final Order | 26209–26214 |
| R. 495 | Notice of Appeal | 26215–26219 |