No. 22-5312

# UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

NIKKI BOLLINGER GRAE;
LUVELL L. GLANTON; AMALGAMATED BANK
(AS TRUSTEE FOR THE LONGVIEW COLLECTIVE INVESTMENT FUND);
*Plaintiffs–Appellees*;
&
MARIE NEWBY,
*Intervenor–Appellant*;
v.

CORRECTIONS CORPORATION OF AMERICA;
DAMON T. HININGER; DAVID M. GARFINKLE;
TODD J. MULLENGER; HARLEY G. LAPPIN;
*Defendants–Appellees.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

**MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE*
THE REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS
AND 10 MEDIA ORGANIZATIONS
IN SUPPORT OF INTERVENOR–APPELLANT
SEEKING VACATUR**

Paul R. McAdoo
  *Counsel of Record for Amici Curiae*
Katie Townsend*
Charles Hogle*
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
T: (202) 795-9300
F: (202) 795-9310
*Of Counsel*

Pursuant to Federal Rule of Appellate Procedure 29(a)(3), proposed *amici* the Reporters Committee for Freedom of the Press; Graham Media Group, Michigan, Inc. d/b/a WDIV-TV; the Institute for Public Service Reporting; Memphis Fourth Estate, Inc. d/b/a Daily Memphian; the Michigan Press Association; Nashville Public Radio; the National Press Club; the National Press Club Journalism Institute; the Tennessee Coalition for Open Government; the Tennessee Association of Broadcasters; and the Tennessee Lookout hereby move for leave to file a brief *amici curiae* in support of Intervenor-Appellant Marie Newby.[1]

Counsel for Intervenor-Appellant Marie Newby, Appellee Amalgamated Bank, and Appellee CoreCivic (formerly Corrections Corporation of America) have indicated that their clients do not oppose the filing of the attached brief. The remaining parties have not responded to proposed *amici*'s request for their position on proposed *amici*'s intent to file.

## MOVANTS' INTEREST

As members and representatives of the news media, proposed *amici* have a strong interest in protecting the public's presumptive right to inspect judicial records. Members of the media function as "surrogates for the public," *Richmond*

---

[1] Further details on the identities and interests of proposed *amici* are set forth in the proposed brief.

*Newspapers, Inc. v. Virginia*, 448 U.S. 555, 573 (1980), and "[a] responsible press has always been regarded as the handmaiden of effective judicial administration." *Sheppard v. Maxwell*, 384 U.S. 333, 350 (1966). To that end, members of the news media frequently assert the public's presumptive common law and constitutional rights of access to judicial records—including by filing motions to unseal in cases where they are not a party—in order to obtain access to records that should not be sealed from public view.

Especially relevant here, proposed *amici* have a strong interest in ensuring that district courts apply the correct legal standards when imposing any limitation on the public's presumptive right of access to judicial records. Those standards exist to ensure, among other things, that journalists are able to tell the public what the judiciary is doing, and why. Members of the news media often rely on access to judicial records to report on both specific legal matters and the functioning of the court system more generally. In Tennessee and across the country, access to unsealed judicial records has led to important reporting in the public interest and provided valuable information on matters of public concern. *See, e.g.*, Daniel Jackson, *Unsealed court documents complicate story of Georgia gubernatorial candidate's business acumen*, Courthouse News Service (Jan. 4, 2022), https://perma.cc/RA98-MSZ5 (reporting on court records unsealed by a Tennessee state court concerning gubernatorial candidate's business dealings while CEO of

2

Dollar General); Dan Mihalopoulos & Dave McKinney, *A lawsuit alleges a clout-heavy company fraudulently collected millions from Illinois*, WBEZ Chicago (Apr. 4, 2022), https://perma.cc/UA55-VKS4 (relying on unsealed court records to investigate allegations that a private company led by a politically connected lobbyist fraudulently obtained funds from an Illinois state program).

## RELEVANCE OF THE PROPOSED BRIEF

The proposed brief of *amici curiae* describes the legal requirements for sealing judicial records in this Circuit, which have developed over decades and are rooted in both the common law and the Constitution. The proposed brief also explains why the press and public have such a weighty interest in (a) proper application of the standards for sealing in all cases, and (b) access to the records sealed in this particular case. Proposed *amici* are uniquely well-positioned to address these points in light of their experience litigating public access to court proceedings and records in the Sixth Circuit.

## CONCLUSION

Proposed *amici* respectfully request that this Court grant their motion to file a brief *amici curiae* in support of Intervenor-Appellant.

Respectfully submitted,

Date: July 15, 2022

*/s/*Paul R. McAdoo
Paul R. McAdoo
  *Counsel of Record for Amici Curiae*
Katie Townsend\*
Charles Hogle\*
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW, Suite 1020
Washington, D.C. 20005
T: (202) 795-9300
F: (202) 795-9310
*\*Of Counsel*

# CERTIFICATE OF COMPLIANCE

This filing complies with the type-volume limitations of the Federal Rules of Appellate Procedure because it contains 896 words.

This brief complies with Federal Rule of Appellate Procedure 32(a)(5)–(6) because it is set in 14-point Times New Roman, a proportionally spaced typeface, and was prepared using Microsoft Word for Mac (version 16.61).

Respectfully submitted,

Date: July 15, 2022

*/s/*Paul R. McAdoo

Paul R. McAdoo
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
*Counsel for Amici Curiae*

# CERTIFICATE OF SERVICE

I hereby certify that on the date below, I used the appellate CM/ECF system to electronically file the foregoing with the United States Court of Appeals for the Sixth Circuit, which caused a Notice of Docket Activity to be sent to all attorneys registered in this case. *See* 6th Cir. R. 25(f)(1)(A).

Date: July 15, 2022

Respectfully submitted,
/s/Paul R. McAdoo
Paul R. McAdoo
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
*Counsel of Record for Amici Curiae*