No. 22-5312

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

Nikki Bollinger Grae, individually and on behalf of all others similarly
situated,

*Plaintiff-Appellee*, and

Marie Newby, individually and on behalf of the Estate of Terry Childress,

*Intervenor-Appellant*,

v.

Corrections Corporation of America, *et al.*,

*Defendants-Appellees*.

On Appeal from the United States District Court for the
Middle District of Tennessee
Case No: 3:16-cv-2267

**BRIEF FOR DEFENDANT-APPELLEE**

Steven A. Riley
Milton S. McGee, III
Riley & Jacobson, PLC
1906 West End Ave.
Nashville, TN 37203
(615) 320-3700
*Counsel for Defendant-Appellee*
*CoreCivic, Inc. f/k/a Corrections*
*Corporation of America*

Brian T. Glennon
Eric C. Pettis
Michael A. Galdes
Latham & Watkins LLP
355 S. Grand Ave.; Suite 100
Los Angeles, CA 90071
(213) 485-1234

# DISCLOSURE OF CORPORATE AFFILIATIONS AND FINANCIAL INTERESTS

<u>Case Name</u>: Grae v. Corrections Corp. of America, *et al.*

<u>Case No.</u>:    22-5312

<u>Counsel</u>:    Brian T. Glennon

Pursuant to 6th Cir. R. 26.1, Defendant-Appellee CoreCivic, Inc., formerly known as Corrections Corporation of America, makes the following disclosure:

1.    Is said party a subsidiary or affiliate of a publicly owned corporation? If Yes, list below the identity of the parent corporation or affiliate and the relationship between it and the named party:  **No**

2.    Is there a publicly owned corporation, not a party to the appeal, that has a financial interest in the outcome? If yes, list the identify of such a corporation and the nature of the financial interest:  **No**

## **CERTIFICATE OF SERVICE**

I certify that on August 8, 2022 the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by placing a true and correct copy in the United States mail, postage prepaid, to their address of record.

Brian T. Glennon
*Counsel for Defendant-Appellee*
*CoreCivic, Inc. f/k/a Corrections*
*Corporation of America*

# **TABLE OF CONTENTS**

**Page**

STATEMENT REGARDING ORAL ARGUMENT ...............................................1

STATEMENT OF THE ISSUES.........................................................................2

I.     INTRODUCTION ........................................................................................3

II.    STATEMENT OF THE CASE ...................................................................4

    A.    The Parties ...........................................................................................4

    B.    The Underlying Class Litigation .........................................................5

    C.    Appellant's Motion To Intervene And Unseal...................................10

    D.    CoreCivic And The BOP Respond .....................................................11

    E.    The District Court Grants In Part And Denies In Part .......................15

III.   SUMMARY OF THE ARGUMENT ..........................................................16

IV.   ARGUMENT.............................................................................................19

    A.    Appellant May Not Request Relief From This Court That She Did Not First Request From The District Court .................................19

    B.    The District Court Appropriately Exercised Its Discretion When Continuing To Sealing The Documents At Issue...............................22

         1.    The District Court Made The Necessary Findings ..................23

         2.    The BOP, CoreCivic, Or Both Justified The Need For Continued Sealing ..................................................................25

         3.    Appellant Impermissibly Raises New Arguments On Appeal ...................................................................................31

         4.    The District Court Correctly Applied The Burdens Of Proof And Persuasion To The BOP And CoreCivic ...............32

    C.    If This Court Determines That The District Court Abused Its Discretion, It Should Remand ...........................................................33

V.     CONCLUSION.........................................................................................35

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

## CASES

*Application of Nat'l Broad. Co., Inc.*,
    828 F.2d 340 (6th Cir. 1987) ..............................................................34

*Bailey v. Floyd Cnty. Bd. of Educ. By & Through Towler*,
    106 F.3d 135 (6th Cir. 1997) ..............................................................31

*Banks v. Heun-Norwood*,
    566 F.2d 1073 (8th Cir. 1977) .......................................................19, 20

*Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Eng'rs*,
    217 F.3d 393 (5th Cir. 2000) ..............................................................19

*Blondo v. Bailar*,
    548 F.2d 301 (10th Cir. 1977) ............................................................19

*Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*,
    710 F.2d 1165 (6th Cir. 1983) .......................................................17, 23

*Cohen v. Flushing Hosp. & Med. Ctr.*,
    68 F.3d 64 (2d Cir. 1995) ...................................................................19

*In re Copley Press, Inc.*,
    518 F.3d 1022 (9th Cir. 2008) ............................................................34

*Foster v. Barilow*,
    6 F.3d 405 (6th Cir. 1993) ..................................................................31

*Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*,
    823 F.2d 159 (6th Cir. 1987) .......................................................22, 23, 34

*Nixon v. Warner Comms., Inc.*,
    435 U.S. 589 (1978)......................................................................22, 23

*In re Ohio Execution Protocol Litig.*,
    No. 21-3330, 2022 WL 2317856 (6th Cir. June 28, 2022) ................34

*In re Owens*,
    843 F. App'x 677 (6th Cir. 2021)........................................................35

*Phelps v. McClellan*,
    30 F.3d 658 (6th Cir. 1994) .......................................................18, 31, 32

*Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*,
    834 F.3d 589, 592 (6th Cir. 2016) ....................................................................34

*Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*,
    825 F.3d 299 (6th Cir. 2016) .......................................................*passim*

*Shearson Lehman Bros. v. M & L Invs.*,
    10 F.3d 1510 (10th Cir. 1993) ...........................................................................19

*Spengler v. ADT Sec. Servs., Inc.*,
    505 F.3d 456 (6th Cir. 2007) ..............................................................................31

*United States v. Adams*,
    971 F.3d 22 (1st Cir. 2020).................................................................................19

*Vill. of Maineville, Ohio v. Hamilton Twp. Bd. of Trs.*,
    726 F.3d 762 (6th Cir. 2013) ..............................................................................19

*Zhao v. Holder*,
    569 F.3d 238 (6th Cir. 2009) ..............................................................................31

## REGULATIONS

48 C.F.R. § 3.104-4(a) ..............................................................................................26

48 C.F.R. § 42.1503(d) .......................................................................................6, 12

## CONSTITUTIONAL PROVISIONS

U.S. Const. amend. I ...................................................................................................10

U.S. Const. amend. VIII.............................................................................................10

U.S. Const. amend. XIV .............................................................................................10

## <u>STATEMENT REGARDING ORAL ARGUMENT</u>

Defendant-Appellee believes that the issues regarding Appellant's motion to intervene and unseal (the "Motion," R. 481, Page ID # 25432–46), and Judge Trauger's order granting in part and denying in part (the "Order," R. 494, Page ID # 26209–14) can be resolved on the briefs and the District Court record.  The legal issues are straightforward, and the record is neither complex nor extensive.  If the Court feels that oral argument will assist in the resolution of this appeal, Defendant-Appellee will gladly participate.

## <u>STATEMENT OF THE ISSUES</u>

I.      Whether Appellant may request relief from this Court that she could have, but did not, request from the District Court.

II.      Whether the District Court appropriately exercised its discretion when it unsealed some, but not all, documents requested to be unsealed by Appellant's Motion.

III.      Whether, if this Court believes the District Court abused its discretion, it should remand to the District Court for further factual findings.

## I.    INTRODUCTION

This appeal should be denied for the simple reason that Appellant seeks relief from this Court that she never requested from the District Court.  In her Motion to Intervene and Unseal Judicial Documents, Appellant sought to unseal a limited number of documents.  On appeal however, she requests the unsealing of every document that has ever been filed in the case—dozens of which were never even referenced in her Motion or the District Court's Order which she appeals here.  And many of those documents were sealed at the request of the Federal Bureau of Prisons ("BOP"), an entity that is not a party to this appeal.  This Court's precedent is clear: an appellant may not request relief on appeal that she did not first request from the District Court.

With regards to the documents that were *actually* raised in Appellant's Motion in the District Court, this appeal should be denied because the District Court carefully followed this Court's requirements for maintaining documents under seal. Judge Trauger assessed the public interests associated with unsealing each document:  "The public's interests in accessing the materials at issue in this case are stronger than in most ordinary litigation."  Final Order, R. 494, Page ID # 26212. She then assessed the justifications for sealing provided by both the BOP and CoreCivic (formerly known as Corrections Corporation of America) regarding the private interests for maintaining these documents under seal:  "CoreCivic and the

BOP . . . have furnished detailed, document-specific reasons reiterating the legitimate grounds for the continued seal." *Id.* at Page ID # 26213. After weighing the public and private interests, Judge Trauger determined that the private interests outweighed the public interests for 42 of the documents at issue here: "[W]ith regard to these particular materials, [the public interest] should not prevail." *Id.* Judge Trauger concluded her Order by directing the court clerk to unseal the remaining documents: "The Clerk is hereby directed to unseal the following docket items: [R.] 120, 121, 122, 336, 336-1 . . . ." *Id.* at Page ID # 26214. In sum, the District Court faithfully applied the standards set forth by this Court when determining that 42 documents should remain sealed and then unsealing every other document implicated by Appellant's Motion.

For these reasons, and as described in more detail below, this appeal should be denied.

## II.    STATEMENT OF THE CASE

### A.    The Parties

Defendant-Appellee CoreCivic, Inc. operates correctional, detention, and residential re-entry facilities for state and federal government partners. Complaint, R. 1, Page ID # 2. CoreCivic was a proponent of sealing and, as described below, justified the need to seal the confidential information on the

District Court's docket. *See, e.g.*, CoreCivic's November 20, 2020, Motion to Seal, R. 364, Page ID # 16138–57.

The BOP was a third party in the underlying lawsuit. *See* BOP's February 12, 2021, Memorandum In Support of Motion to Seal, R. 410, Page ID # 23465–75. Like CoreCivic, the BOP was a proponent of sealing and, as described below, justified the need to seal the confidential information on the District Court's docket. *See, e.g., id.*

Appellant is Marie Newby, a third party intervenor who filed the Motion to Intervene and Unseal Judicial Documents and Exhibits with the District Court. Motion to Intervene and Unseal, R. 481, Page ID # 25432–46. The plaintiffs in the underlying shareholder litigation, to whom the confidential documents were produced during fact discovery, were a class of investors who purchased or otherwise acquired CoreCivic stock from February 27, 2012 through August 17, 2016. *See* Settlement Agreement, R. 463, Page ID # 24844–85.

### B.    The Underlying Class Litigation

In August 2016, the federal government announced that it would reduce, and ultimately end, its use of private correctional facilities. Complaint, R. 1, Page ID # 3. When CoreCivic's stock price fell shortly after this announcement (as did the stock price of its only publicly traded competitor), a plaintiff class sued CoreCivic

and various of its officers and directors. *Id.* at Page ID # 1–39. Plaintiff alleged, among other things, that the defendants violated sections 10(b) and 20(a) of the Securities Exchange Act of 1934 by misrepresenting that CoreCivic offered quality services and was cost effective compared to government-run correctional facilities. *Id.* at Page ID # 2–3.

As Judge Trauger remarked, this securities class action involved "an unusually lengthy and hard-fought discovery process." Final Order, R. 494, Page ID # 26209. During fact discovery, the parties filed more than 1,000 documents with the District Court, but only some of them under seal. *Id.* Each time a party sought to file a document under seal, it provided justifications for the need to seal the document. *E.g.*, BOP's February 12, 2021, Memorandum In Support of Motion to Seal, R. 410, Page ID # 23465–75; CoreCivic's November 20, 2020, Motion to Seal, R. 364, Page ID # 16138–57. For example, the BOP provided the following justifications for sealing its confidential information:

- Certain documents contain "detailed correctional security protocols, which if released, could create a comprehensive and serious risks to the safe operation of BOP institutions and contract facilities." BOP's February 12, 2021, Memorandum In Support of Motion to Seal, R. 410, Page ID # 23471;

- Certain documents contain information which, if released, "could be utilized to disrupt the secure function of BOP prison facilities." *Id.*;

- Certain documents contain source selection information related to CoreCivic's performance of government contracts which is "required

6

to be kept confidential and not releasable to the public per the [Federal Acquisition Regulations]." *Id.* at Page ID # 23469 (citing 48 C.F.R. § 42.1503(d): "Copies of the evaluation, contractor response, and review comments . . . shall not be released to other than Government personnel and the contractor whose performance is being evaluated."); and

- Certain documents contain "medical information that can be traced to individual persons in the care and custody of the BOP using their unique inmate register number." *Id.* at Page ID # 23472.

CoreCivic likewise provided justifications each time it sought to seal a document. Among others, CoreCivic's justifications for sealing included:

- Certain documents contain "confidential information regarding facility operations and staffing, disclosure of which may risk the safety and security of certain correctional facilities." CoreCivic's November 20, 2020, Motion to Seal, R. 364, Page ID # 16147;

- Certain documents contain "detailed internal financial data stemming from analyses performed by [CoreCivic]." *Id.* at Page ID # 16151;

- Certain documents contain "confidential and proprietary information concerning the business strategies and operations of [CoreCivic]." CoreCivic's February 12, 2021 Motion to Seal, R. 413, Page ID # 23492; and

- Certain documents contain information about CoreCivic's government contract "bidding strategies and contract amendments." *Id.*

When it was appropriate to publicly file a document with confidential information redacted, both the BOP and CoreCivic justified the need to redact information. For example:

7

- The BOP sought to redact portions of the Expert Report of Donna Mellendick: "the Expert Report of Donna Mellendick . . . contains references to [confidential source selection information]." BOP's February 12, 2021, Memorandum In Support of Motion to Seal, R. 410, Page ID # 23469. A redacted version of this expert report had been publicly filed at R. 336-3, Page ID # 10277–310.

- CoreCivic likewise sought to redact its confidential information to ensure the safe operations of its facilities: "[R. 367-17, Page ID # Sealed, and R. 367-18, Page ID # Sealed] are . . . audit reports of Adams County Correctional Center, dated 2014 and 2016 respectively. [CoreCivic] seek[s] to make limited redactions of certain descriptions of the physical security measures of the facility, disclosure of which could be used by inmates inside the facility and individuals outside of the facilities to attempt or facilitate an escape or otherwise disrupt the facility operations, risking the safety of both inmates and facility staff." CoreCivic's November 20, 2020, Motion to Seal, R. 364, Page ID # 16152–53. CoreCivic publicly filed redacted versions of these audit reports at R. 361-25, Page ID # 14541–602 and R. 361-26, Page ID # 14603–93.

- CoreCivic similarly redacted confidential personal information: "[R. 356-7, Page ID # Sealed] discloses at page 11:3–5 the home address and telephone number of . . . a non-party. [CoreCivic] seek[s] to redact this personal information." CoreCivic's December 4, 2020, Motion to Seal, R. 374, Page ID # 17674. CoreCivic publicly filed a redacted version of this transcript at R. 374-3, Page ID # 17720–51.

And the redactions proposed by the BOP and CoreCivic were so narrow that they frequently involved redacting documents on a word-by-word basis. For example:

- CoreCivic proposed redactions to the sealed deposition transcript of Harley Lappin, a CoreCivic executive and former Director of the BOP. *See* CoreCivic's December 4, 2020, Motion to Seal, R. 374, Page ID # 17673–74 (requesting to seal portions of the Deposition Transcript of

8

H. Lappin, R. 356-1, Page ID # Sealed). CoreCivic justified the need to seal by explaining that this transcript referenced confidential source selection and security information. *Id.* Because the majority of the deposition transcript did not contain confidential information, CoreCivic proposed the following redaction: "Q. . . . [Can you] identify a single BOP-run low security facility that failed to notify local law enforcement for nearly **[REDACTED]** later than required . . .?" Redacted Deposition Transcript of Harley Lappin, R. 374-1, Page ID # 17693.

- CoreCivic similarly proposed redactions to the sealed deposition transcript of William Dalius, a CoreCivic employee. *See* CoreCivic's December 4, 2020, Motion to Seal, R. 374, Page ID # 17673–74 (requesting to seal portions of the Deposition Transcript of W. Dalius, R. 356-6, Page ID # Sealed). CoreCivic justified the need to seal on the basis that this transcript referenced confidential source selection information related to prices at which various companies bid for a particular government contract. *Id.* Because the majority of the deposition transcript did not contain confidential information, CoreCivic proposed the following redaction: "Q . . . [A]re you aware that in December 2014, the BOP opted not to award a contract to [CoreCivic] and instead awarded it to [a competitor], even though [the competitor] was offering a price that was **[REDACTED]** percent higher than [CoreCivic's] price?" Redacted Deposition Transcript of William Dalius, R. 374-2, Page ID # 17717.

After either the BOP, CoreCivic, or both, presented the District Court with the required justifications to seal or redact a document, Judge Trauger granted the motion to seal. *E.g.*, December 7, 2020, Order Granting CoreCivic's Motion (R. 374) to Seal, R. 379, Page ID # 17758.

After more than five years of litigation, dozens of motions, and two interlocutory appeals to this Court, the parties reached a settlement agreement which

was approved by the District Court. *See*, Complaint, R. 1, Page ID # 1–39; Plaintiff's Voluntary Dismissal of Interlocutory Appeal, R. 167, Page ID # 4451–53; Order Denying Defendants' Interlocutory Appeal, R. 174, Page ID # 4485–87; Final Judgment, R. 479, 25424–30. Contrary to Appellant's speculation about the motivations for the settlement, the explicit terms of the settlement (which was entered without objection by a single class member) provided that the settlement was not "an admission, concession, or finding of any fault, liability, wrongdoing, or damage whatsoever." Settlement Agreement, R. 463, Page ID # 24847; *see* Final Judgment, R. 479, Page ID # 25424–30.

### C.    Appellant's Motion To Intervene And Unseal

Three months after the District Court approved the class settlement, and seven days after filing a complaint against a CoreCivic subsidiary, Appellant moved to intervene in the class action "for the limited purpose of requesting . . . [to] unseal the parties' motions for class certification, for summary judgment, sealed portions of the parties' *Daubert* motions, responses, replies, and supporting documentation." Motion to Intervene and Unseal, R. 481, Page ID # 25432–33. Appellant's Motion set forth three reasons why these documents should be unsealed: (1) the public's "right of access . . . to judicial documents"; (2) the "First Amendment right of access to judicial documents"; and (3) the "Eighth and Fourteenth Amendments . . . which

10

must outweigh the financial interests of a single company." *Id.* at Page ID # 25441–44.

### D.    CoreCivic And The BOP Respond

In an attempt to narrow the issues before the District Court, the BOP and CoreCivic met and conferred with Appellant's counsel and offered a path forward: if Appellant signed a protective order, both the BOP and CoreCivic would share their confidential information with Appellant. *See* Reply in Support of Motion to Unseal, R. 493, Page ID # 26102–4. Appellant would then be able to narrow the scope of her Motion by identifying the specific information she wanted to be made public or, alternatively, identify the private interest factors beyond general statements such as "[t]he documents at issue appear to contain or refer to . . . CoreCivic's compliance with its contracts." Motion to Intervene and Unseal, R. 481, Page ID # 25444. Appellant declined this offer, and both the U.S. Attorney's Office on behalf of the BOP and CoreCivic filed partial oppositions. BOP's Opposition to Motion To Intervene and Unseal, R. 490, Page ID # 26034–45; CoreCivic's Partial Opposition to Motion to Intervene and Unseal, R. 492, Page ID # 26050–26068.

In the BOP's Response to Appellant's Motion to Intervene and Unseal, the BOP provided detailed justifications for the need to continue sealing a subset of the documents that Appellant sought to unseal. *See* BOP's Opposition to Motion To Intervene and Unseal, R. 490, Page ID # 26034–45. For example, with respect to a

report titled "After-Action Disturbance, Adams County Correctional Center, Natchez, Mississippi, May 20-21, 2012," the BOP explained:

> This After-Action Report [R. 399-22, Page ID # Sealed] details correctional security protocols and breakdowns at a private detention facility as analyzed by expert BOP personnel. [Declaration of E. Emmerich in Support of BOP Motion to Seal, R.] 411, ¶ 3 [Page ID # 23476]. These security standards and techniques are common to both private detention facilities and BOP facilities. *Id.* As a result, unsealing this information would threaten the safe and secure operation of both private detention facilities and BOP facilities as it would provide valuable information to individuals intent on disrupting operations or fomenting a disturbance. *Id.* Moreover, the After-Action Report details specific security procedures and practices within the realm of emergency response and intelligence operations, and divulging such information threatens the safety of both security personnel and inmates.

BOP's Opposition to Motion To Intervene and Unseal, R. 490, Page ID # 26041–42. In addition, with respect to reports generated by the Contractor Performance Assessment Reporting System ("CPARS"), which contain records about CoreCivic's performance of government contracts, the BOP stated:

> Information contained in these CPARS documents were generated by BOP personnel for use by federal government procurement personnel when researching the past performance of an offeror, and it is required to be kept confidential and not releasable to the public per the [Federal Acquisition Regulations ("FAR")]. FAR § 42.1503(d) ("Copies of the evaluation, contractor response, and review comments, if any, shall be retained as part of the evaluation. These evaluations may be used to support future award decisions and should therefore be marked 'Source Selection Information' … [t]he completed evaluation shall not be released to other than Government personnel and the contractor whose performance is being evaluated during the period the information may be used to provide source selection information. Disclosure of such information could cause harm to both the commercial interest of the Government and to the competitive position of the contractor being

evaluated as well as impede the efficiency of Government operations.").

*Id.* at Page ID # 26041.

In total, the BOP sought to maintain 38 filings under seal, each of which contained its confidential information. *See id.* at Page ID # 26034–35.

CoreCivic also partially opposed Appellant's Motion to Intervene and Unseal, but focused on an even more limited subset of documents. CoreCivic's Partial Opposition to Motion to Intervene and Unseal, R. 492, Page ID # 26050–68. CoreCivic sought to maintain only two documents under seal, and further sought to maintain under seal two deposition transcripts beyond what the BOP requested to remain sealed. *See id.* In sum, taking into account overlapping requests for sealing, the BOP and CoreCivic sought to maintain only 42 documents under seal (out of more than 150 sealed documents implicated by Appellant's Motion). *See id.*; BOP's Opposition to Motion To Intervene and Unseal, R. 490, Page ID # 26034–45.

Like the BOP, CoreCivic provided justifications for the transcripts and documents it sought to maintain under seal. *See CoreCivic's Partial Opposition to Motion to Intervene and Unseal*, R. 492, Page ID # 26051–65. As explained in its partial opposition to Appellant's Motion, the transcripts contained "operational information which, if disclosed, could negatively affect the safety of residents and staff at CoreCivic facilities and proprietary information which, if disclosed, could negatively affect CoreCivic's competitive standing in the marketplace." *Id.* at Page

ID # 26051–52.  As for the two documents it sought maintain under seal, CoreCivic

explained:

> [R.] 399-25 [Page ID # Sealed] contains CoreCivic's confidential and
> proprietary information.  This document is a CoreCivic Weekly Report,
> and it includes information about CoreCivic's bidding strategies and
> contract negotiations.  Though this document was created in 2013,
> CoreCivic continues to use the business strategies described in [R.]
> 399-25, and thus, disclosure of this type of information "might harm
> [CoreCivic's] competitive standing."  *Claudill*, 2017 WL 3220470, at
> *5.  Moreover, a redacted version of [R.] 399-25 already has been
> publicly filed at [R.] 413-5 [Page ID #23765–809].  The redactions to
> [R.] 413-5 are "narrowly tailored" to protect confidential information.

*Id.* at Page ID # 26062.  Similarly, with respect to CoreCivic's 2017 Management

Plan, CoreCivic stated:

> [R.] No. 401-13 [Page ID # Sealed] contains CoreCivic's confidential
> and proprietary information.  This document is [] CoreCivic's 2017
> Management Plan, and includes information about CoreCivic's
> financial data and capital allocation strategies.  CoreCivic continues to
> use the strategies described in [R.] 401-13, and as such, disclosure of
> this information could be used by competitors as a "source[] of business
> information that might harm [the Company's] competitive standing."  .
> . .  Moreover, a redacted version of [R.] 401-13 already has been
> publicly filed at [R.] 413-6 [Page ID # 23810–59].  The redactions to
> [R.] 413-[6] are "narrowly tailored" to protect confidential information.

*Id.* at Page ID # 26064.

For every document that did not contain proprietary information or

information that could negatively affect the health and safety of its facility staff and

residents, CoreCivic acknowledged that this information should be unsealed.  *See,*

14

*e.g.*, *id.* at Page ID # 26055 ("Defendants respectfully request that the Court instruct the Clerk to unseal . . .").

### E.    The District Court Grants In Part And Denies In Part

On April 8, 2022, the District Court issued its Order, granting Appellant's motion in part and denying it in part.  Final Order, R. 494, Page ID # 26214.  The District Court began its analysis by expressly acknowledging this Court's "demanding standard for sealing documents," and explaining that "this court has already made all seal decisions in this case based on a weighing of all relevant interests and with a presumption of open access."  *Id.* at Page ID # 26211.  The District Court then held that "[t]he public interest in the underlying records, however, is fundamentally unchanged since the court sealed the documents in the first place."  *Id.* at Page ID # 26212.  In balancing the public and private interests at issue, the District Court agreed upfront that the public interests in favor of sealing were significant:

> CoreCivic is responsible for the ongoing health, safety, and security of the many individuals detained in its facilities.  There are therefore strong, legitimate public interests in information regarding its operations and shortcomings, in addition to the ever-present public interest in transparent court proceedings.  The court, moreover, recognizes that, "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." . . . The public's interests in accessing the materials at issue in this case are stronger than in most ordinary litigation between private parties, meaning that the bar for justifying a seal is higher.

*Id.* Nevertheless, the District Court held that CoreCivic and the BOP met their stringent burden. "The court, however, considered those strong public interests when it made its initial seal determinations and found that countervailing considerations nevertheless supported a seal with regard to some documents." *Id.* Furthermore, "CoreCivic and the BOP . . . have furnished detailed, document-specific reasons reiterating the legitimate grounds for the continued seal." *Id.* at Page ID # 26213. The District Court ultimately kept 42 documents under seal while instructing the clerk to unseal more than 100 documents. *Id.* at Page ID # 26213–14. This appeal followed.

## III.   SUMMARY OF THE ARGUMENT

This appeal seeks relief that Appellant did not request from the District Court. For this reason alone, it should be denied. In the District Court, Appellant intervened "for the limited purpose of requesting . . . [to] unseal the parties' motions for class certification, for summary judgment, sealed portions of the parties' *Daubert* motions, responses, replies, and supporting documentation." Motion to Intervene and Unseal, R. 481, Page ID # 25432. On appeal, however, Appellant vastly expands her request and asks this Court to unseal "all of the District Court record." Appellant Br. at 37. Appellant waived this relief when she expressly "limited" her motion to unsealing specific filings. *See* Motion to Intervene and Unseal, R. 481, Page ID # 25432. Appellant may not seek relief from this Court that she never requested before

16

the District Court, and the District Court did not, and could not, err by declining to grant relief that Appellant never sought.

With respect to the documents that were raised in Appellant's Motion, the District Court did not err when maintaining 42 documents under seal: (i) the District Court set forth the specific findings and conclusions that justified nondisclosure; (ii) each document was appropriately justified for continued sealing by the BOP, CoreCivic, or both; (iii) the District Court did not commit error when it failed to address arguments that Appellant did not raise; and (iv) the District Court correctly applied the burdens of proof and persuasion to the BOP and CoreCivic.

*First*, the District Court's Order "set[s] forth specific findings and conclusions 'which justify nondisclosure to the public.'" *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 306 (6th Cir. 2016) (citing *Brown & Williamson Tobacco Corp. v. Fed. Trade Comm'n*, 710 F.2d 1165, 1176 (6th Cir. 1983)). The District Court acknowledged that "[t]he public's interests in accessing the materials at issue in this case are stronger than in most ordinary litigation," and that the BOP and CoreCivic identified "countervailing considerations [which] nevertheless supported a seal." Final Order, R. 494, Page ID # 26212.

*Second*, the BOP, CoreCivic, or both, provided the District Court with line-by-line (and sometimes word-by-word) justifications for the need to seal

information.  These justifications met (if not exceeded) the requirements for sealing set forth by this Court.

*Third*, Appellant attacks the District Court's <u>initial</u> orders to seal documents, even though she has never raised arguments about those orders before.  Because Appellant could have, but did not, raise arguments about the sufficiency of Judge Trauger's initial sealing orders, these arguments are waived and this Court should not consider them.  *See Phelps v. McClellan*, 30 F.3d 658, 664 (6th Cir. 1994) ("[W]e do not consider arguments raised for the first time on appeal.").

*Fourth*, the District Court correctly placed the burden on the BOP and CoreCivic.  Appellant's deliberate mischaracterizations of the Order do not change the fact that the District Court placed the burden to justify the need for continued sealing on the BOP and CoreCivic:  "CoreCivic and the BOP . . . have furnished detailed, document-specific reasons reiterating the legitimate grounds for the continued seal."  *See* Final Order, R. 494, Page ID #26213.

And with respect to Appellant's requested remedy, even if this Court finds that the District Court abused its discretion, the appropriate remedy would be remand, not the wholesale unsealing of the District Court's docket as requested by Appellant, especially considering that Judge Trauger never had the opportunity to consider the arguments raised for the first time on appeal.  *See, e.g.*, *Shane Grp.*, 825 F.3d at 308 (remanding case).

## IV.    ARGUMENT

### A.    Appellant May Not Request Relief From This Court That She Did Not First Request From The District Court

A party may not seek relief on appeal that she did not request from the lower court.  *See Vill. of Maineville, Ohio v. Hamilton Twp. Bd. of Trs.*, 726 F.3d 762, 767 (6th Cir. 2013) ("A district court does not commit error by declining to grant [relief] never asked of it.").  Almost every appellate court in the country has acknowledged that the failure to request relief from a lower court waives the right to request that relief on appeal.  *See, e.g.*, *United States v. Adams*, 971 F.3d 22, 37 (1st Cir. 2020) ("[A] party cannot ask the court of appeals for relief that he did not seek in the district court."); *Cohen v. Flushing Hosp. & Med. Ctr.*, 68 F.3d 64, 69 (2d Cir. 1995) ("[A] party may not seek on appeal relief that he failed to seek below."); *Bayou Liberty Ass'n, Inc. v. U.S. Army Corps of Eng'rs*, 217 F.3d 393, 398 (5th Cir. 2000) (same); *Banks v. Heun-Norwood*, 566 F.2d 1073, 1078 (8th Cir. 1977) (same); *Shearson Lehman Bros. v. M & L Invs.*, 10 F.3d 1510, 1516–17 (10th Cir. 1993) (same); *Blondo v. Bailar*, 548 F.2d 301, 305 (10th Cir. 1977) (same).

This Court explained the rationale for this well-established rule in *Village of Maineville*.  726 F.3d at 766–67.  In *Village of Mainville*, an appellant raised the issue of attorney's fees for the first time on appeal. 726 F.3d at 766–67. Specifically, the appellant requested that this Court grant relief in the form of attorneys' fees, despite the fact that the appellant never requested such relief from

19

the district court.  *Id.*  This Court summarily rejected appellant's attempt to expand the requested relief on appeal, holding that the appellant forfeited the right to request attorney's fees and observing that "[a] district court does not commit error by declining to grant [relief] never asked of it."  *Id.* at 767.

As noted, this Court's reasoning in *Village of Mainville* is consistent with the reasoning adopted by other courts which have considered this same issue.  For example, in *Banks*, the Eighth Circuit concluded that it would be inappropriate to grant relief requested for the first time on appeal because, "[t]o take such action could, in our judgment, establish a precedent which would not advance the proper administration of justice."  *Banks*, 566 F.2d at 1078.  The Eighth Circuit reasoned that it was "common fairness" to require the district court to be "properly requested" to grant the relief at issue before the Eighth Circuit directed it to do so.  *Id.*

Here, Appellant seeks relief from this Court that she failed to request below. In the Motion filed with the District Court, Appellant intervened "for the limited purpose of requesting . . . [to] unseal the parties' motions for class certification, for summary judgment, sealed portions of the parties' *Daubert* motions, responses, replies, and supporting documentation."  Motion to Intervene and Unseal, R. 481, Page ID #25432.  After the District Court denied her Motion in part, Appellant significantly expanded the relief sought; she now asks this Court, for the first time, to order "*all* of the District Court record unsealed."  Appellant Br. at 37 (emphasis

added). Simply stated, Appellant requests that this Court unseal dozens of filings without a motion to unseal those documents, without CoreCivic and the BOP having the opportunity to justify the need for continued sealing, and without an order from the District Court as to whether continued sealing is warranted. *Id.* at 37–38.

The disconnect between Appellant's request in the Motion and her request on appeal is apparent on the face of her opening brief. *See* Appellant Br. at 19–20. Appellant devotes two pages of her brief to a quote from the District Court's order granting class certification reconsideration, even though she never sought to unseal any portion of that order. *Compare id.* (quoting from Class Certification Reconsideration Memorandum, R. 165, Page ID # 4412–48), *with* Motion to Intervene and Unseal, R. 481, Page ID # 25432–46 (no mention of Class Certification Reconsideration Memorandum, R. 165, Page ID # 4412–48). This is not an isolated example; Appellant's brief is riddled with averments that the District Court erred by declining to unseal documents that Appellant never sought to unseal. For instance:

- Appellant failed to request that the District Court unseal the redacted portions of the Motion for Class Certification Reconsideration, R. 150, Page ID # 4003–29 but requests for the first time that this Court unseal them, *see* Appellant Br. at 38–40;

- Appellant failed to request that the District Court unseal the exhibits to the Declaration of Willow E. Radcliffe in Support of Motion for Class Certification Reconsideration, R. 151, Page ID # 4030–38, but requests

for the first time that this Court unseal them, *see* Appellant Br. at 38–40;

- Appellant failed to request that the District Court unseal the Contractor Performance Assessment Report filed in Opposition to Defendants' Motion to Determine the Sufficiency of the Plaintiff Class's RFA Responses, R. 263-2, Page ID # Sealed, but requests for the first time that this Court unseal it, *see* Appellant Br. at 34–35 (requesting to vacate the District Court's Order to Maintain R. 263-2 Under Seal, R. 377, Page ID # 17756).

- Appellant failed to request that the District Court unseal the three sealed exhibits filed in connection with Plaintiff's Motion to Compel Further Interrogatory Responses and For Discovery Sanctions, R. 280-3, Page ID # Sealed; R. 280-4, Page ID # Sealed; R. 280-7, Page ID # Sealed, but requests for the first time that this Court unseal them, *see* Appellant Br. at 35 (requesting to vacate the District Court's Order to Maintain R. 280-3, R. 280-4, and 280-7 Under Seal, R. 378, Page ID # 17757).

By failing to raise these documents (and others) in her Motion, Appellant has waived her ability to seek this relief on this appeal.

### B.    The District Court Appropriately Exercised Its Discretion When Continuing To Sealing The Documents At Issue

The standard of review when an appellant seeks to lift or modify a sealing order is abuse of discretion. *Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 161 (6th Cir. 1987). "Every court has supervisory power over its own records and files, and access has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 598 (1978). Accordingly, "the decision as to access is one best left to the sound

22

discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case." *Id.* at 599; *Meyer*, 823 F.2d at 161 ("A request to lift or modify an order sealing documents or records is also 'left to the sound discretion of the trial court.'").

Judge Trauger did not abuse her discretion for four independent reasons: (i) the District Court conducted the necessary interest balancing analysis and concluded that it should maintain 42 documents under seal while unsealing more than 100 other documents; (ii) the BOP, CoreCivic, or both justified the need for continued sealing of each document; (iii) the District Court did not, and could not, commit error when it did not address arguments that Appellant did not raise; and (iv) the District Court correctly applied the burdens of proof and persuasion to the BOP and CoreCivic.

### 1. The District Court Made The Necessary Findings

Judge Trauger met this Court's exacting standards for maintaining documents under seal. *See, e.g.*, *Shane Grp.*, 825 F.3d at 306 ("[A] district court that chooses to seal court records must set forth specific findings and conclusions 'which justify nondisclosure to the public.'" (citing *Brown & Williamson*, 710 F.2d at 1176)). The District Court's Order sets forth both its findings and conclusions as to why nondisclosure is justified with respect to the documents that remain sealed:

> The public interest in the underlying records . . . is fundamentally unchanged since the court sealed the documents in the first place. CoreCivic is a public contractor accused of misrepresenting the quality of services it provided in exchange for public funds. Moreover,

CoreCivic is responsible for the ongoing health, safety, and security of the many individuals detained in its facilities. There are therefore strong, legitimate public interests in information regarding its operations and shortcomings, in addition to the ever-present public interest in transparent court proceedings. The court, moreover, recognizes that, "the greater the public interest in the litigation's subject matter, the greater the showing necessary to overcome the presumption of access." *Shane Grp.*, 825 F.3d at 305. The public's interests in accessing the materials at issue in this case are stronger than in most ordinary litigation between private parties, meaning that the bar for justifying a seal is higher. The court, however, considered those strong public interests when it made its initial seal determinations and found that countervailing considerations nevertheless supported a seal with regard to some documents.

Final Order, R. 494, Page ID # 26212. Judge Trauger continued:

That general public interest in open dockets is real, but the court already considered it and found that, with regard to these particular materials, it should not prevail. CoreCivic and the BOP, moreover, have furnished detailed, document-specific reasons reiterating the legitimate grounds for the continued seal of many of the requested documents.

*Id.* at Page ID # 26213. Against this backdrop, Appellant cannot credibly contend that the District Court "failed to make mandatory findings and [failed to] conduct the mandatory interest-balancing." *See* Appellant Br. at 33.

Beyond her general critique and mischaracterizations of the District Court's Order, Appellant further argues that the District Court inappropriately issued a "blanket sealing orde[r]." *Id.* at 49. On its face, the District Court's Order is not a "blanket sealing order"; in fact, Judge Trauger directed her clerk to unseal more than 100 documents requested by Appellant's Motion. Final Order, R. 494, Page ID # 26214. The District Court acknowledged that "CoreCivic and the BOP . . . furnished

24

detailed, document-specific reasons . . . for the continued seal of many of the requested documents[.]" *Id.* at Page ID # 26213.  For each of the 42 documents that the District Court maintained under seal, as described above, Judge Trauger considered the BOP's and CoreCivic's justifications for sealing, weighed the private and public interests, and issued an Order maintaining only certain documents under seal while allowing public access to the remainder.  *See id.* at Page ID # 26212–13. In short, the District Court made the necessary findings to maintain 42 documents under seal.

### 2.    The BOP, CoreCivic, Or Both Justified The Need For Continued Sealing

Beyond the District Court's analysis of the public and private interests involved in sealing these documents, the BOP and CoreCivic presented the Court with detailed justifications and legal support for maintaining each document under seal.  *See* BOP's Opposition to Motion To Intervene and Unseal, R. 490, Page ID # 26034–45; CoreCivic's Partial Opposition to Motion to Intervene and Unseal, R. 492, Page ID # 26050–26068.  Although Appellant contends that CoreCivic and the BOP "failed to meet their burden of demonstrating . . . that specific information [should be sealed]," Appellant Br. at 37–38, the District Court's Order puts truth to this lie:  "CoreCivic and the BOP . . . furnished detailed, document-specific reasons reiterating the legitimate grounds for the continued seal of many of the requested documents."  Final Order, R. 494, Page ID # 26213.  These grounds included, among

other things, protecting "the safety of residents and staff at CoreCivic facilities," CoreCivic's Partial Opposition to Motion to Intervene and Unseal, R. 492, Page ID # 26051–52; keeping confidential CoreCivic's "proprietary information which, if disclosed, could negatively affect CoreCivic," *id.*; protecting the federal government's "source selection information" pursuant to the Federal Acquisition Regulations, 48 C.F.R. § 3.104-4(a), BOP's Opposition to Motion To Intervene and Unseal, R. 490, Page ID # 26040–41; and "specific security procedures and practices within the realm of emergency response" which, if revealed, could "threate[n] the safety of both security personnel and inmates," *id.* at Page ID # 26041–42. CoreCivic and the BOP provided evidentiary support to the District Court which demonstrated why these documents needed to remain sealed. *See, e.g.*, *id.* at Page ID # 26041 (explaining that "[R. 399-22] details . . . security standards and techniques are common to both private detention facilities and BOP facilities."); CoreCivic's Partial Opposition to Motion to Intervene and Unseal, R. 492, Page ID # 26062 (explaining that "[R.] 399-25 contains CoreCivic's . . . bidding strategies and [details of] contract negotiations. Though this document was created in 2013, CoreCivic continues to use the[se] business strategies . . . ."). The record plainly shows that every document sealed by the District Court's Order was justified by CoreCivic, the BOP, or both, and that Judge Trauger considered those justifications when determining which documents should remain sealed. *See* BOP's Opposition

26

to Motion To Intervene and Unseal, R. 490, Page ID # 26039–42; CoreCivic's Partial Opposition to Motion to Intervene and Unseal, 492, Page ID # 26053–65; Final Order, R. 494, Page ID # 26209–14.

Appellant next argues that while CoreCivic and the BOP may have justified the need to seal on a document-specific level, they "have *never* attempted to demonstrate [the need to seal]—on a 'line-by-line' basis." Appellant Br. at 43 (emphasis in original) (citing *Shane Grp.*, 825 F. 3d at 308). This argument is belied by the record. Where unsealing some, but not all, of a specific document was appropriate, CoreCivic publicly filed a redacted version of that document. *E.g.*, Redacted CoreCivic Weekly Report, R. 413-5, Page ID # 23765–809 (redacted version of CoreCivic's Weekly Report, R. 399-25, Page ID # Sealed); CoreCivic's Redacted 2017 Management Plan, R. 413-6, Page ID # 23810–59 (redacted version of CoreCivic's 2017 Management Plan, R. 401-13, Page ID # Sealed). These redactions demonstrate that requests to seal information were frequently made on a word-by-word basis, exceeding the standards established by this Court. *See Shane Grp.*, 825 F. 3d at 308 (requiring only a line-by-line justification). For example, CoreCivic requested (and the District Court granted) a request to seal Donald Murray Jr.'s personal information from a deposition transcript as follows:

| 10:19 | **Q.** | **Good morning, Mr. Murray . . .** |
|---|---|---|
| 10-20–23 | | **. . .** |
| 10: 24 | | **Can you please state your full name, phone** |
| 10:25 | | **number, and home address for the record?** |
| 11:1 | A. | Sure. Good morning Mr. Black. |
| 11:2 | | My name is Donald William Murray, Jr. |
| 11:3 | | My home address is **[Redacted]** |
| 11:4 | | **[Redacted]** |
| 11:5 | | My telephone number is **[Redacted]**. |

Redacted Deposition Transcript of Donald Murray Jr., R. 374-3, Page ID # 17725.

This practice of requesting to seal some, but not all, words is by no means unique to Mr. Murray's deposition transcript; indeed, this practice was followed dozens of times with documents filed with the District Court.[1] Each of these examples illustrate the efforts the District Court, CoreCivic, and the BOP took to ensure the public's access to information while protecting confidential information about

---

[1] *E.g.*, CoreCivic's Redacted Motion for Summary Judgment, R. 352-1, Page ID # 11864–65 ("[T]he Individual Defendants were continually told by the BOP that [REDACTED].");  Plaintiff's Redacted Opposition to Defendants' Motion for Summary Judgment, R. 413-1, Page ID # 23525 ("many of the cited [Contractor Performance Assessment Reports] rated [CoreCivic's] performance as [REDACTED] with respect to 'Quality.'"); Plaintiff's Redacted Response to Defendants' Statement of Undisputed Material Facts, R. 413-2, Page ID # 23571 ("[T]he [Contractor Performance Assessment Report] rated [CoreCivic's] performance at Adams as [REDACTED] [f]or 'Quality' and only [REDACTED] for 'Management' and 'Utilization of Small Business.'"); CoreCivic's Redacted Partnership Development Executive Summary, R. 413-3, Page ID # 23694 ("[E]valuators only scored our technical proposal as [Redacted] and had numerous questions.").

correctional facility operations, the BOP's source selection information, and CoreCivic's proprietary business information. *See id.*

Appellant further contends that CoreCivic relied on "stale evidence," rather than "current evidence" when justifying the need for continued sealing. Appellant Br. at 49. Again, this argument is unsupported. Regarding the two documents which CoreCivic alone sought to maintain under seal, CoreCivic provided Judge Trauger with the following justifications:

> [R.] 399-25 contains CoreCivic's confidential and proprietary information. This document is a CoreCivic Weekly Report, and it includes information about CoreCivic's bidding strategies and contract negotiations. Though this document was created in 2013, **CoreCivic continues to use the business strategies described in [R.] No. 399-25**, and thus, disclosure of this type of information "might harm [CoreCivic's] competitive standing."

CoreCivic's Partial Opposition to Motion to Intervene and Unseal, R. 492, Page ID # 26062 (emphasis added). With respect to the second document, CoreCivic explained:

> [R.] 401-13 contains CoreCivic's confidential and proprietary information. This document is [] CoreCivic's 2017 Management Plan, and includes information about CoreCivic's financial data and capital allocation strategies. **CoreCivic continues to use the strategies described in ECF No. 401-13**, and as such, disclosure of this information could be used by competitors as a "source[] of business information that might harm [the Company's] competitive standing."

*Id.* at Page ID # 26064. With respect to documents containing business strategies that CoreCivic no longer employs, CoreCivic specifically requested that the

documents be made public. *See id.* at Page ID # 26056 ("Because CoreCivic no longer uses the methodologies outlined in this document, Defendants respectfully request that the Court instruct the Clerk to unseal ECF No. 338-2."). In the words of the District Court, CoreCivic "freshly reviewed the documents" at issue and tailored its sealing request to only those documents that contained current proprietary information. *See* Final Order, R. 494, Page ID # 26213.

Appellant also argues that CoreCivic's efforts to meet and confer prior to the underlying Motion "makes clear that [CoreCivic] never did—and [was] never required to do—the work of attempting to meet [its] burden as an initial matter." Appellant Br. at 44. This argument also fails. As a preliminary matter, CoreCivic met its burden to seal certain documents initially, and met its burden when the District Court later required it to justify the need to maintain a subset of those documents under seal. *See* Final Order, R. 494, Page ID # 26212–13. During the meet and confer discussions prior to Appellant's Motion, the BOP and CoreCivic engaged in a good faith (and well-documented) dialogue with Appellant in an attempt to narrow the issues before the District Court. *See* Reply in Support of Motion to Unseal, R. 493, Page ID # 26102–04. When these efforts failed, both the BOP and CoreCivic justified the need to maintain each document under seal, and the District Court thereafter held that both had met their respective burdens to maintain documents under seal. *See* Final Order, R. 494, Page ID # 26209–14.

### 3.    Appellant Impermissibly Raises New Arguments On Appeal

Just as this Court does not allow appellants to seek new relief on appeal, it also "do[es] not consider arguments raised for the first time on appeal." *Phelps*, 30 F.3d at 664; *see also Spengler v. ADT Sec. Servs., Inc.*, 505 F.3d 456, 458 (6th Cir. 2007) ("Because it is well-settled that issues not presented to the district court are not proper on appeal, we will not consider these issues now."); *Bailey v. Floyd Cnty. Bd. of Educ. By & Through Towler*, 106 F.3d 135, 143 (6th Cir. 1997) (declining to consider an argument raised on appeal for the first time where it was an "attempt to conjure a viable legal theory from a document in the record"); *Foster v. Barilow*, 6 F.3d 405, 409 (6th Cir. 1993) ("[W]e will adhere to the general rule that an issue not raised before the district court is not properly before us."); *Zhao v. Holder*, 569 F.3d 238, 247 (6th Cir. 2009) (describing this principle as "well-established").

Appellant violated this well-established principle by raising new arguments on appeal.  In the District Court, Appellant argued that more than 140 documents should be unsealed because CoreCivic's and the BOP's interest in maintaining the documents under seal was "financial," which is outweighed by the countervailing public interest in the documents.  Motion to Intervene and Unseal, R. 481, Page ID # 25444.  On appeal, however, Appellant now argues that the District Court's <u>initial</u> orders to seal documents fell short of the standards for sealing established by this Court.  *Compare* Appellant Br. at 4–5, 23, 34–35 (claiming that seventeen District

Court orders were "uniformly unreasoned" and documents should be unsealed based on the contents of those initial orders), *with* Motion to Intervene and Unseal, R. 481, Page ID # 2532–44 (no such argument).  Appellant could have, but did not, raise any arguments about the sufficiency of the orders that initially sealed documents; indeed, these initial sealing orders have been on the District Court docket for years.  *E.g.* July 20, 2018 Order Granting Motion to Seal, R. 106, Page ID # 2830–31.  Appellant failed to challenge the sufficiency of the District Court's initial sealing orders, and the consequence of that failure is clear:  "we do not consider arguments raised for the first time on appeal."  *Phelps*, 30 F.3d at 664.

### 4.    The District Court Correctly Applied The Burdens Of Proof And Persuasion To The BOP And CoreCivic

The District Court properly allocated the burdens of proof and persuasion to the BOP and CoreCivic.  In its Order, the District Court acknowledged the "detailed, document-specific," evidence that the BOP and CoreCivic provided in support of continued sealing, and described this evidence as "legitimate grounds for the continued seal."  Final Order, R. 494, Page ID # 26213.  Appellant's Brief is silent on this portion of the District Court's Order; Appellant instead hones in on Judge Trauger's description of her underlying Motion as "'[un]persuasive.'"  Appellant Br. at 48 (*citing* Final Order, R. 494, Page ID # 26213).  But this says nothing about where the District Court allocated the burden (on the BOP and CoreCivic), or whether this burden was met.

Appellant also misconstrues the District Court's Order by arguing that her Motion to Intervene and Unseal was a treated like a motion for reconsideration. *Id.* at 47–48. In making this argument, Appellant focuses on a single passage where the District Court stated that Appellant "ask[ed] the court to reconsider" its prior sealing determinations. *Id.* (citing Final Order, R. 494, Page ID # 26211–12). This argument elevates form over substance because Judge Trauger expressly made the necessary findings based on the "the legitimate grounds for the continued seal." Final Order, R. 494, Page ID # 26213. And, as the District Court further acknowledged, the BOP and CoreCivic presented "fres[h]" evidence for the need to maintain documents under seal. *Id.* In short, the District Court applied the correct burden, and Appellant's citation in support of this argument does not change the fact that the BOP and CoreCivic met that burden. *Id.*; *see also supra* Sections IV.B.1–2.

### C.     If This Court Determines That The District Court Abused Its Discretion, It Should Remand

Should this Court determine that Judge Trauger abused her discretion by maintaining certain documents under seal, the appropriate remedy is remand. Appellant concedes as much: "[T]his Court should remand with instructions." Appellant Br. at 35. Alongside her request for remand, however, Appellant includes the unprecedented request that this Court substitute its judgment for that of the District Court's, and "order . . . all of the District Court record unsealed." *Id.* at 37.

Appellant's request for wholesale unsealing is unsupported by established precedent, which provides that remand is the proper recourse. *See, e.g.*, *Meyer*, 823 F.2d at 164 (reversing and remanding to the district court "for a hearing in which the parties may be heard fully concerning May's claim to seek to unseal the records, and the district court may support its reason[ing]."); *Application of Nat'l Broad. Co., Inc.*, 828 F.2d 340, 347 (6th Cir. 1987) (remanding the cause "for further proceedings consistent with this opinion.").

Tellingly, the sole case Appellant cites for the proposition that "unsealing the District Court's entire docket is warranted," was a case that this Court actually remanded to the District Court. *Compare* Appellant Br. at 44 (citing *Shane Grp.*, 825 F.3d at 305), *with Shane Grp.*, 825 F.3d at 308 ("[T]he parties . . . remain free ***on remand*** to demonstrate . . . that specific information in the court record meets the demanding requirements for a seal.") (emphasis added). The reasoning underlying the Court's logic is clear: "'[O]nce information is published, it cannot be made secret again. An order to unseal thus conclusively determines that the information will be public. For the same reason, such an order is effectively unreviewable.'" *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 592 (6th Cir. 2016) (*quoting In re Copley Press, Inc.*, 518 F.3d 1022, 1025 (9th Cir. 2008)); *see also In re Ohio Execution Protocol Litig.*, No. 21-3330, 2022 WL 2317856, at *2 (6th Cir. June 28, 2022) ("[I]nformation cannot be made secret again once

34

published . . . unsealing orders are effectively unreviewable."); *In re Owens*, 843 F. App'x 677, 678 (6th Cir. 2021) (same).

## V.    CONCLUSION

For the foregoing reasons, this Court should affirm the District Court's Order.

Dated: August 8, 2022                     Respectfully submitted,

     Los Angeles, CA

By: _____

LATHAM & WATKINS LLP
  Brian T. Glennon
  Eric C. Pettis
  Michael A. Galdes
  355 S. Grand Ave.; Suite 100
  Los Angeles, CA  90071
  (213) 485-1234
  *brian.glennon@lw.com*

  Steven A. Riley
  Milton S. McGee, III
  RILEY & JACOBSON, PLC
  1906 West End Ave.
  Nashville, TN 37203
  (615) 320-3700
  *sriley@rjfirm.com*
  *tmcgee@rjfirm.com*

  *Counsel for Defendant-*
  *Appellee CoreCivic, Inc. f/k/a*
  *Corrections Corporation of*
  *America*

## <u>CERTIFICATE OF COMPLIANCE</u>

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B) because the brief contains 8,370 words, excluding the parts of the brief exempt by Federal Rule of Appellate Procedure 32(f) and Sixth Circuit Local Rule 32(b)(1).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word Professional Plus 2016 in 14-point Times New Roman.

Dated:  August 8, 2022
        Los Angeles, CA

Brian T. Glennon
*Counsel for Defendant-Appellee*
*CoreCivic, Inc. f/k/a Corrections*
*Corporation of America*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system on August 8, 2022.

Daniel A. Horwitz
LAW OFFICE OF DANIEL A. HORWITZ
4016 Westlawn Dr
Nashville, TN 37209-4916
Daniel.a.horwitz@gmail.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union St., Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

James A. Holifield , Jr.
HOLIFIELD JANICH RACHAL & ASSOCIATES, PLLC
11907 Kingston Pike,  Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

Paul R. McAdoo
REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS
6688 Nolensville Rd., Ste. 108-20
Brentwood, TN 37027
pmcadoo@rcfp.org

Brian Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
brian@schallfirm.com
*Counsel for Plaintiff*

Michael Goldberg
GOLDBERG LAW PC
1999 Ave. of the Stars, Suite 1100
Los Angeles, CA 90067
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Ave., Suite 601
Knoxville, TN 37902
cain@scottandcain.com

Brice M. Timmons
DONATI LAW, PLLC
1545 Union Ave.
Memphis, Tennessee 38104
brice@donatilaw.com
craig@donatilaw.com
jacque@donatilaw.com

37

Christopher Hamp Lyons
Christopher M. Wood
ROBBINS GELLER RUDMAN
& DOWD LLP
414 Union St. Suite 900
Nashville, TN 37219
clyons@rgrdlaw.com
cwood@rgrdlaw.com

Jason A. Forge
Rachel Jensen
Ellen Stewart
Natalie Lakosil
ROBBINS GELLER RUDMAN
& DOWD LLP
655 W Broadway,  Suite 1900
San Diego, CA 92101
jforge@rgrdlaw.com
rachelj@rgrdlaw.com
elleng@rgrdlaw.com
nlakosil@rgrdlaw.com

Patrick V. Dahlstrom
POMERANTZ LLP
10 S. La Salle St., Suite 3505
Chicago, IL 60603
pdahlstrom@pomlaw.com

Jeremy A. Lieberman
J. Alexander Hood II
Marc C. Gorrie
POMERANTZ LLP
600 Third Ave., 20th Floor
New York, NY 10016
jalieberman@pomlaw.com
ahood@pomlaw.com
mgorrie@pomlaw.com

Dennis J. Herman
Willow E. Radcliffe
Kenneth J. Black
ROBBINS GELLER RUDMAN
& DOWD LLP
Post Montgomery Center
One Montgomery St, Suite 1800
San Francisco, CA 94104
dennish@rgrdlaw.com
willowr@rgrdlaw.com
kennyb@rgrdlaw.com

Paul Kent Bramlett
Robert P. Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P.O. Box 150734
Nashville, TN 37215
pknashlaw@aol.com
robert@bramlettlawoffices.com

Dated:  August 8, 2022
        Los Angeles, CA

Brian T. Glennon
*Counsel for Defendant-Appellee*
*CoreCivic, Inc. f/k/a Corrections*
*Corporation of America*

## ADDENDUM: DESIGNATION OF RELEVANT DISTRICT COURT

## DOCUMENTS PURSUANT TO 6TH CIR. R. 30(B)

| RECORD ENTRY NUMBER | DESCRIPTION OF ITEM | FILING DATE | PAGE ID # |
|---|---|---|---|
| 1 | Complaint | August 23, 2016 | 1–39 |
| 106 | July 20, 2018 Order Granting Motion to Seal | July 20, 2018 | 2830–31 |
| 150 | Motion for Class Certification Reconsideration | February 1, 2019 | 4003–29 |
| 151 | Declaration of Willow E. Radcliffe in Support of Motion for Class Certification Reconsideration | February 1, 2019 | 4030–38 |
| 160 | Defendants' Opposition to Motion for Class Certification Reconsideration | February 15, 2019 | 4223–49 |
| 165 | Class Certification Reconsideration Memorandum | March 26, 2019 | 4412–48 |
| 167 | Plaintiff's Voluntary Dismissal of Interlocutory Appeal | March 29, 2019 | 4451–53 |
| 174 | Order Denying Defendants' Interlocutory Appeal | June 14, 2019 | 4485–87 |
| 193 | Plaintiff's Motion for Leave to File Under Seal | February 27, 2020 | 4578–84 |
| 200 | Defendants' Motion for Certain Confidential Documents to Remain Under Seal | March 5, 2020 | 4761–70 |
| 202 | Declaration of Eric C. Pettis In Support of Defendants' Opposition to Plaintiffs' Motion to Compel | March 12, 2020 | 4828–34 |

| 263-2 | Contractor Performance Assessment Review, Filed Under Seal in Opposition to Defendants' Motion to Determine the Sufficiency of the Plaintiff Class's RFA Responses | August 10, 2020 | Under Seal |
|---|---|---|---|
| 280-3 | Contract Modification for CoreCivic's McRae Georgia Facility | August 14, 2020 | Under Seal |
| 280-4 | Email Regarding Scores and Analysis of Internal CoreCivic Survey | August 14, 2020 | Under Seal |
| 280-7 | Deposition Transcript of David Garfinkle | August 14, 2020 | Under Seal |
| 336-3 | Redacted Expert Report of Donna Mellendick | November 20, 2020 | 10277–310 |
| 338 | Expert Report of Donna Mellendick | November 20, 2020 | Under Seal |
| 352-1 | CoreCivic's Redacted Motion for Summary Judgment | November 20, 2020 | 11841–78 |
| 356-1 | Deposition Transcript of Harley Lappin | November 20, 2020 | Under Seal |
| 356-6 | Deposition Transcript of William Dalius | November 20, 2020 | Under Seal |
| 356-7 | Deposition Transcript of Donald Murray, Jr. | November 20, 2020 | Under Seal |
| 361-25 | Redacted 2014 Accreditation Report for Adams County Correctional Center | November 20, 2020 | 14541–602 |
| 361-26 | Redacted 2016 Accreditation Report for Adams County Correctional Center | November 20, 2020 | 14603–35 |
| 364 | CoreCivic's November 20, 2020, Motion to Seal | November 20, 2020 | 16138–57 |
| 367 | CoreCivic's Motion for Summary Judgment | November 20, 2020 | Under Seal |
| 367-17 | 2014 Accreditation Report for Adams County Correctional Center | November 20, 2020 | Under Seal |

| 367-18 | 2016 Accreditation Report for Adams County Correctional Center | November 20, 2020 | Under Seal |
|---|---|---|---|
| 368 | November 23, 2020 Order Granting Defendants' Motion to Seal Testimony of Donna Mellendick | November 23, 2020 | 17661 |
| 369 | November 23, 2020 Order Granting Motion to Seal Motion to Exclude Testimony of Scott Dalrymple | November 23, 2020 | 17662–63 |
| 371 | November 23, 2020 Order Granting Motion to Seal Motion for Summary Judgment | November 23, 2020 | 17666 |
| 372 | November 23, 2020 Order Granting Statement of Undisputed Facts | November 23, 2020 | 17667 |
| 374 | CoreCivic's December 4, 2020, Motion to Seal | December 4, 2020 | 17669–78 |
| 374-1 | Redacted Deposition Transcript of Harley Lappin | December 4, 2020 | 17679–95 |
| 374-2 | Redacted Deposition Transcript of William Dalius | December 4, 2020 | 17696–719 |
| 374-3 | Redacted Deposition Transcript of Donald Murray, Jr. | December 4, 2020 | 17720–51 |
| 377 | Order to Maintain R. 263-2 Under Seal | December 7, 2020 | 17756 |
| 378 | Order to Maintain R. 280-3, R. 280-4, and 280-7 Under Seal | December 7, 2020 | 17757 |
| 379 | Order Granting CoreCivic's Motion (R. 374) to Seal | December 7, 2020 | 17758 |
| 396 | Plaintiff's Opposition to Defendants' Motion for Summary Judgment | January 22, 2021 | Under Seal |
| 397 | Plaintiff's Response to Defendants' Statement of Undisputed Material Facts | January 22, 2021 | Under Seal |

| 398-17 | CoreCivic's Partnership Development Executive Summary | January 22, 2021 | Under Seal |
| 399-22 | After Action Report, Adams County Correctional Center | January 22, 2021 | Under Seal |
| 399-25 | CoreCivic Weekly Report | January 22, 2021 | Under Seal |
| 401-13 | CoreCivic's 2017 Management Plan | January 22, 2021 | Under Seal |
| 410 | BOP's February 12, 2021, Memorandum In Support of Motion to Seal | February 12, 2021 | 23465–75 |
| 411 | Declaration of E. Emmerich in Support of BOP Motion to Seal | February 12, 2021 | 23476–23479 |
| 413 | CoreCivic's February 12, 2021 Motion to Seal | February 12, 2021 | 23485–97 |
| 413-1 | Plaintiff's Redacted Opposition to Defendants' Motion for Summary Judgment | February 12, 2021 | 23498–538 |
| 413-2 | Plaintiff's Redacted Response to Defendants' Statement of Undisputed Material Facts | February 12, 2021 | 23540–679 |
| 413-3 | CoreCivic's Redacted Partnership Development Executive Summary | February 12, 2021 | 23680–727 |
| 413-5 | Redacted CoreCivic Weekly Report | February 12, 2021 | 23765–809 |
| 413-6 | CoreCivic's Redacted 2017 Management Plan | February 12, 2021 | 23810–59 |
| 463 | Settlement Agreement | June 24, 2021 | 24844–85 |
| 479 | Final Judgment | November 8, 2021 | 25424–30 |
| 481 | Motion to Intervene and Unseal | February 18, 2022 | 25432–46 |

| 490 | BOP's Opposition to Motion To Intervene and Unseal | April 1, 2022 | 26034–45 |
| 492 | CoreCivic's Partial Opposition to Motion to Intervene and Unseal | April 1, 2022 | 26050–68 |
| 493 | Reply in Support of Motion to Unseal | April 2, 2022 | 26100–08 |
| 494 | Final Order | April 8, 2022 | 26209–14 |
| 495 | Notice of Appeal | April 11, 2022 | 26215–19 |