## IN THE UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| NIKKI BOLLINGER GRAE, *et al.*, | § § | |
| *Plaintiffs,* | § § | Sixth Circuit Case No. 22-5312 |
| *v.* | § § | MDTN Case No. 3:16-cv-02267 |
| CORRECTIONS CORPORATION OF AMERICA, *et al.*, | § § § | Judge Aleta A. Trauger |
| | § § | Magistrate Judge Jeffery Frensley |
| *Defendants.* | § | |

## MOTION OF EDDIE TARDY TO INTERVENE ON APPEAL BY PERMISSION AND ASSUME THE STATUS OF THE INTERVENOR-APPELLANT

## I.  INTRODUCTION

Comes now prospective Intervenor-Appellant Eddie Tardy, through undersigned counsel, and pursuant to Fed. R. Civ. P. 24(b), respectfully moves this Court: (1) to intervene in this appeal by permission for the limited purpose of seeking to unseal the sealed records in the District Court record; and (2) to be permitted to assume the status of the Intervenor-Appellant in this action.  As detailed below, the right of access to court filings is a "public" right that does not belong to any individual litigant; Mr. Tardy occupies the same position as Intervenor-Appellant Marie Newby when it comes to vindicating that right; and Ms. Newby, for her part, no longer has interests in this appeal and has moved to dismiss it.  Accordingly, Mr. Tardy's motion to intervene by permission should be granted, and Mr. Tardy should be permitted to assume the status of the Intervenor-Appellant in this action going forward.

## II.  ARGUMENT

This case concerns—and it is limited to concerns about—whether the District Court

erred by maintaining under seal a vast trove of documents about a deficient private prison contractor that were filed in the District Court record.   Importantly, the common law of right of access to court filings is a "public" right that does not belong to any individual litigant and cannot be waived as a result.  *See Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016) ("as the magistrate judge accurately stated, Deere 'could not have waived the *public's* First Amendment and common law right of access to court filings.'  The 'court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody.'") (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 307 (6th Cir. 2016)).  Thus, given the "public" nature of the First Amendment and common law rights of access to court filings, *see id.*, permissive intervention on appeal is warranted where—as here—it is timely and will not prejudice any party.  *See Carter v. Welles-Bowen Realty, Inc.*, 628 F.3d 790 (6th Cir. 2010) ("On appeal, we may grant either intervention of right or permissive intervention. . . . A motion to intervene must be timely.") (citing *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1006 (6th Cir. 2006)).

## A.    Permissive intervention to enable a non-party to challenge sealing determinations is appropriate.

"[T]he procedural device of permissive intervention is appropriately used to enable a litigant who was not an original party to an action to challenge protective or confidentiality orders entered in that action." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 778 (3d Cir. 1994) (collecting cases).  Indeed, "every circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders." *E.E.O.C. v. Nat'l Children's Ctr., Inc.*,

146 F.3d 1042, 1045 (D.C. Cir. 1998).  Additionally, "Rule 24 should be 'broadly construed in favor of potential intervenors.'"  *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000) (quoting *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir.1991)).

**B.    Mr. Tardy shares the same interests as the outgoing Intervenor-Appellant, and the facts and posture supporting limited intervention by permission are otherwise unchanged.**

During the proceedings below, Ms. Newby's asserted interest in limited intervention—set forth at R. 481, PageID#25438–40—was appropriately unopposed.  *See* R. 492, PageID# 26053 ("Defendants do not oppose the motion to intervene for the limited purpose of unsealing documents.").  With respect to Mr. Tardy, the facts and posture supporting his claim to limited intervention—that this action is otherwise final; that the proposed intervenor's interest is limited to seeking the unsealing of documents; that the proposed intervenor is only just beginning the process of filing suit against CoreCivic for the wrongful death of his child; and that intervention will not prejudice any Party to this case—are also unchanged and are materially identical to those presented by Ms. Newby below.  *See* R. 481, PageID#25438–40.

Further, like Ms. Newby, Mr. Tardy has a transparency interest in unsealing the documents at issue in this litigation that goes well beyond his status as a mere litigant.  In particular, Mr. Tardy has an interest in maximum public transparency of CoreCivic records on account of the fact that CoreCivic allowed his son to be murdered while incarcerated at one of CoreCivic's understaffed Tennessee prison facilities.  *See* Jamie Satterfield, *After eight months, investigation finds Hardeman County inmate was murdered by other inmates: Family says CoreCivic stonewalled information*, THE TENNESSEE LOOKOUT (May 31, 2022), https://tennesseelookout.com/2022/05/31/after-eight-months-investigation-finds-hardeman-county-inmate-was-murdered-by-other-

inmates/ (**Ex. 1**).

No party will be prejudiced by Mr. Tardy's limited intervention, either. The principal briefing in this appeal has already been filed. Mr. Tardy—who shares counsel with Ms. Newby—is also willing to adopt Ms. Newby's briefing below and on appeal as his own.[1]

So, too, is Mr. Tardy's attempted intervention timely. Specifically, Mr. Tardy has rapidly moved to intervene in this appeal on the same day that Ms. Newby—who until that point advocated the same interests that he has—announced her intention to dismiss it. Accordingly, having timely moved to intervene and to assume the status of the Intervenor-Appellant in this action going forward, no party will be prejudiced or delayed, and no break in this litigation will occur. The fact that Ms. Newby has indicated her intention to dismiss this appeal entirely also easily supports Mr. Tardy's "minimal" burden of demonstrating that there is "a *potential* for inadequate representation" of his interests in this appeal. *See Grutter v. Bollinger*, 188 F.3d 394, 400 (6th Cir. 1999) ("The Supreme Court has held, and we have reiterated, that the proposed intervenors' burden in showing inadequacy is 'minimal.' . . . The proposed intervenors need show only that there is a *potential* for inadequate representation.") (cleaned up).

 For all of these reasons, intervention is warranted. Mr. Tardy shares the outgoing Appellant's interests and circumstances, and the same grounds that supported Ms. Newby's intervention support his own. The transparency interest in access to judicial records is also a "public" right that does not belong to Ms. Newby or anyone else, and Mr.

---

[1] The undersigned recognizes that nothing that Ms. Newby has filed in this action is properly characterized as a "pleading" within the literal terms of Rule 24(b). Even so, Mr. Tardy notes that "despite the lack of a clear fit with the literal terms of Rule 24(b), every circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders." *E.E.O.C.*, 146 F.3d at 1045.

Tardy—who shares the same counsel and has suffered the same personal loss as Ms. Newby—is an appropriate advocate to vindicate it.  For all of these reasons, Mr. Tardy respectfully moves this Court to allow him to intervene in this action by permission and to assume the status of the Appellant going forward.

### III.  CONCLUSION

For the foregoing reasons, Mr. Tardy's motion to intervene by permission should be granted, and Mr. Tardy should be permitted to assume the status of the Intervenor-Appellant in this action going forward.

Respectfully submitted,

By:    /s/ Daniel A. Horwitz
DANIEL A. HORWITZ, BPR #032176
LINDSAY SMITH, BPR #035937
HORWITZ LAW, PLLC
4016 WESTLAWN DR.
NASHVILLE, TN  37209
daniel@horwitz.law
lindsay@horwitz.law
(615) 739-2888

*Counsel for Prospective Intervenor-
Appellant Eddie Tardy*

<u>**CERTIFICATE OF SERVICE**</u>

       I hereby certify that on August 17, 2022, service of the foregoing document was made upon the following Filing Users through the Court's Electronic Filing System:

Michael Goldberg
GOLDBERG LAW, PC
1999 Avenue of the Starts, Suite 1100
Los Angeles, CA 90067
Email: michael@goldberglawpc.com

Jeremy A. Lieberman
J. Alexander Hood, II
Marc C. Gorrie
POMERANTZ, LLP
600 Third Ave., 20th Floor
New York, NY 10016
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com
Email: mgorrie@pomlaw.com

Paul Kent Bramlett
Robert P. Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P. O. Box 150734
Nashville, TN 37215
Email: pknashlaw@aol.com
Email: robert@bramlettlawoffices.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue, Suite 601
Knoxville, TN 37902
Email: cain@scottandcain.com

Christopher Hamp Lyons
Christopher M. Wood
ROBBINS GELLER RUDMAN &
DOWD, LLP
414 Union Street, Suite 900
Nashville, TN 37219
Email: clyons@rgrdlaw.com
Email: cwood@rgrdlaw.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Email: jmartin@barrettjohnston.com

Dennis J. Herman
Willow E. Radcliffe
Kenneth J. Black
ROBBINS GELLER RUDMAN &
DOWD, LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Email: dherman@rgrdlaw.com
Email: willowr@rgrdlaw.com
Email: kennyb@rgrdlaw.com

Brian T. Glennon
David J. Schindler
Faraz Mohammadi
Meryn C.N. Grant
LATHAM & WATKINS, LLP (LA Office)
355 S. Grand Avenue, Suite 100
Los Angeles, CA 90071
Email: brian.glennon@lw.com
Email: david.schindler@lw.com
Email: faraz.mohammadi@lw.com
Email: Meryn.Grant@lw.com

Morgan E. Whitworth
LATHAM & WATKINS
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-2562
Email: morgan.whitworth@lw.com

Elizabeth O. Gonser
Milton S. McGee, III
Steven Allen Riley
RILEY, WARNOCK & JACOBSON
1906 West End Avenue
Nashville, TN 37203
Email: tmcgee@rwjplc.com
Email: sriley@rwjplc.com
Email: egonser@rwjplc.com

James A. Holifield, Jr.
HOLIFIELD, JANICH, RACHAL, & ASSOCIATES, PLLC
11907 Kingston Pike, Suite 201
Knoxville, TN 37934
Email: aholifield@holifieldlaw.com

Sarah A. Tomkowiak
LATHAM & WATKINS LLP (DC Office)
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Email: sarah.tomkowiak@lw.com

Patrick V. Dahlstrom
POMERANTZ, LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
Email: pdahlstrom@pomlaw.com

Ellen Gusikoff Stewart
Jason A. Forge
Natalie F. Lakosil
Rachel L. Jensen
ROBBINS GELLER RUDMAN &
DOWD, LLP (San Diego)
655 W Broadway, Suite 1900
San Diego, CA 92101
Email: elleng@rgrdlaw.com
Email: jforge@rgrdlaw.com
Email: nlakosil@rgrdlaw.com
Email: rachelj@rgrdlaw.com

Brian Schall
Schall Law Firm
2049 Century Park East Suite 2460 Los Angeles, CA 90067

By:    /s/ Daniel A. Horwitz
       Daniel A. Horwitz, Esq.