Case No. 22-5312

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

---

Nikki Bollinger Grae, individually and on behalf of all others similarly situated,

*Plaintiffs – Appellees*, and

Eddie Tardy,

*[Prospective] Intervenor – Appellant*,

v.

Corrections Corporation of America, Tennessee, *et al.*,

*Defendants – Appellees.*

---

On Appeal from the United States District Court for the
Middle District of Tennessee
Case No: 3:16-cv-2267

---

**REPLY BRIEF OF INTERVENOR-APPELLANT EDDIE TARDY**

---

DANIEL A. HORWITZ (TN #032176)
LINDSAY SMITH (TN #035937)
MELISSA K. DIX (TN #038535)
HORWITZ LAW, PLLC
4016 WESTLAWN DR.
NASHVILLE, TN 37209
(615) 739-2888
daniel@horwitz.law
lindsay@horwitz.law
melissa@horwitz.law

Date: August 29, 2022                    *Counsel for Intervenor-Appellant*

## <u>CORPORATE DISCLOSURE STATEMENT</u>

Pursuant to Federal Rule of Appellate Procedure 26.1 and Sixth Circuit Rule 26.1, Intervenor-Appellant Eddie Tardy hereby makes the following disclosures:

(1)    Is said party a subsidiary or affiliate of a publicly owned corporation? **No.**

(2)    Does a publicly owned corporation or its affiliate, not a party to the appeal, have a financial interest in the outcome?  **No.**

# I.    TABLE OF CONTENTS

II. TABLE OF AUTHORITIES _____iv

III. INTRODUCTION _____1

IV. ARGUMENT _____6

    A.    CORECIVIC'S WAIVER AND FORFEITURE CLAIMS ARE MERITLESS. ____6

        1.    Because sealing involves "*the public's* First Amendment and common law right of access to court filings," claims that documents were sealed improperly cannot be waived. _____6

        2.    Whether the district court's unreasoned sealing determinations were proper is an issue that the district court expressly passed upon. _____7

        3.    Whether the district court's unreasoned sealing determinations were proper is a legal issue that requires no further factual development to resolve. _____9

        4.    The Intervenor did not waive claims that the entire docket, including all supporting documentation, should be unsealed. _____10

    B.    THE DISTRICT COURT'S SEALING ORDERS FAILED TO "SET FORTH SPECIFIC FINDINGS AND CONCLUSIONS . . . . AS TO WHY THE INTERESTS IN SUPPORT OF NONDISCLOSURE ARE COMPELLING, WHY THE INTERESTS SUPPORTING ACCESS ARE LESS SO, AND WHY THE SEAL ITSELF IS NO BROADER THAN NECESSARY[.]" _____13

    C.    THIS COURT SHOULD UNSEAL ALL DOCUMENTS THAT THE PRESENT RECORD DEMONSTRATES WERE SEALED IMPROPERLY. _____22

V. CONCLUSION _____27

CERTIFICATE OF COMPLIANCE _____28

CERTIFICATE OF SERVICE _____29

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS _____33

## II.  TABLE OF AUTHORITIES

## Cases

*Brown & Williamson Tobacco Corp. v. F.T.C.*,
   710 F.2d 1165 (6th Cir. 1983)_____3, 7, 15

*In re Knoxville News-Sentinel Co., Inc.*,
   723 F.2d 470 (6th Cir. 1983) _____3, 7, 26

*In re Morris*,
   260 F.3d 654 (6th Cir. 2001) _____10

*Joy v. North*,
   692 F.2d 880 (2d Cir. 1982) _____19

*Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*,
   823 F.2d 159 (6th Cir. 1987) _____22

*Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*,
   575 U.S. 175 (2015) _____8, 9

*Pinney Dock & Transp. Co. v. Penn Cent. Corp.*,
   838 F.2d 1445 (6th Cir. 1988) _____8, 9, 10

*Plumbers Loc. 98 Defined Ben. Funds v. Controlled Water, Inc.*,
   No. 03-CV-72888-DT, 2006 WL 2708544 (E.D. Mich. Sept. 19, 2006)
   _____19

*Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*,
   834 F.3d 589 (6th Cir. 2016) _____passim

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*,
   825 F.3d 299 (6th Cir. 2016) _____passim

*Singleton v. Wulff*,
   428 U.S. 106 (1976) _____8, 9

### III.  INTRODUCTION

CoreCivic is a private prison corporation and government contractor that has a nasty habit of allowing inmates in its care to be murdered or die from medical neglect.  Given CoreCivic's deficient safety and security record, the federal government announced in 2016 that it would substantially scale back its relationship with the company. [1]  The announcement caused CoreCivic's stock price to plummet, prompting a class of shareholders to sue CoreCivic and its executives for securities fraud.[2]  To avoid a trial, CoreCivic settled the class's claims for $56 million.[3]

During the proceedings leading up to CoreCivic's massive settlement payment, CoreCivic succeeded in convincing the district court to maintain a vast trove of documents—spanning thousands of pages—under seal.  All such documents were sealed pursuant to a series of uniformly unreasoned two-word (sometimes four-word) sealing orders that simply stated: "Motion GRANTED."[4]  Worse: Some of the sealed documents were (and remain)

---

[1] Mem. Op. of the Court, R. 165, PageID#4413 (citing Ex. D Yates Mem., R. 149-4).

[2] Compl., R. 1, at PageID ##1–34.

[3] Mem. in Supp. of Class Counsel's Mot. for Award of Att'y's Fees and Award to Pl., R. 469, PageID#25019.

[4] *See* Order Granting Pl.'s Mot., July 18, 2018, **R. 106**, PageID#2830; Order Granting Opposed Mot., Oct. 26, 2018, **R. 123**, PageID#3483; Order Granting Def.'s Mot., Nov. 2, 2018, **R. 128**, PageID#3511; Order Granting Mot., Dec. 18, 2018, **R. 142**, PageID#3652; Order Granting Def.'s Mot., Feb.

sealed despite the district court affirmatively finding that CoreCivic's proffered sealing justifications were meritless.[5]

Although none of this is seriously in dispute, CoreCivic encourages this Court to affirm the district court's unreasoned sealing determinations anyway. As grounds, CoreCivic insists that the large majority of the district court's unreasoned sealing orders—orders that CoreCivic does not otherwise attempt to defend on their merits—should be affirmed on waiver or forfeiture grounds. *See* Br. of Appellees at 19–22 (arguing waiver); *id.* at 31–32

---

8, 2019, **R. 156**, PageID#4219; Order Granting Lead Pl.'s Mot., Feb. 22, 2019, **R. 164**, PageID#4411; Order Granting Def.'s Nov. 20, 2020 Mot. to File Under Seal Certain Docs. in Connection with Mot. to Exclude Test. of Donna Mellendick, **R. 368**, PageID#17661; Order Granting Def.'s Nov. 20, 2020 Mot. to File Under Seal Certain Docs. in Connection with Mot. to Exclude Test. of Scott Dalrymple, **R. 369**, PageID#17662; Order Granting Def.'s Nov. 20, 2020 Mot. for Leave to File Under Seal Certain Confidential Docs. in Connection with Mot. for Summ. J., **R. 371**, PageID#17666; Order Granting Def.'s Nov. 20, 2020 Mot. for Leave to File Under Seal Certain Confidential Docs. in Connection with their Mot. for Summ. J., **R. 372**, PageID#17667; Order Granting Def.'s Mot. for One Confidential Doc. Related to Pl.'s Opp'n to Def.'s Mot. to Determine the Sufficiency to Remain Under Seal, **R. 377**, PageID#17756; Order Granting Def.'s Mot. for Confidential Docs. Related to Pl.'s Mot. to Compel Further Interrog. Resps. and for Disc. Sanctions to Remain Under Seal, **R. 378**, PageID#17757; Order Granting Def.'s Mot. to Continue the Sealing of Certain Docs. Filed in Connection with Pl.'s Mots. To Exclude Expert Test., **R. 379**, PageID#17758; Order Granting Fed. Bureau of Prison's Mot. February 12, 2021, **R. 414**, PageID#23860; Order Granting Def.'s Mot. February 12, 2021, **R. 415**, PageID#23861; Order Granting Def.'s Mot. February 19, 2021, **R. 432**, PageID#24390; Order Granting Pl.'s Omnibus Mot. February 19, 2021, **R. 433**, PageID#24391.

[5] *See* Mem. Op. of the Court, R. 165, PageID #4418, n.2.

(arguing that "new arguments" for unsealing have been advanced on appeal). This Court has firmly established that such claims have no role in sealing determinations, though. Instead, because sealing determinations involve "*public*" rights, arguments regarding sealing are non-waivable; courts have "independent" obligations to consider the rights of the public and the press when it comes to sealing; and the judiciary's obligations to scrutinize sealing determinations are "not conditioned on an objection from anybody." *See Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016) (cleaned up). *See also In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 475 (6th Cir. 1983) ("the district court had an obligation to consider the rights of the public and the press."). Thus, waiver has no role in this Court's review of the district court's sealing orders; this Court must "reach the question" of whether the district court's unreasoned sealing orders were proper "on [its] own motion[,]" *see Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1176 (6th Cir. 1983); and CoreCivic's waiver arguments are wasted space.

Alternatively, CoreCivic insists that the district court "Appropriately Exercised Its Discretion When Continuing To Sealing [sic] The Documents At Issue" and that the district court made "The Necessary Findings" to justify sealing thousands of pages of documents in this class action litigation of

extraordinary public concern. *See* Br. of Appellees at 22–25. The district court's final order maintaining widespread sealing—and the previous sealing orders that the district court kept in place—contain no such findings, though. Instead, the district court's final order merely recites that "CoreCivic and the BOP . . . have furnished detailed, document-specific reasons reiterating the legitimate grounds for the continued seal of many of the requested documents" while maintaining that the district court "already considered" the "general public interest in open dockets" through its previous two-word sealing orders. *See* Final Order, R. 494, PageID #26213.

Such conclusory determinations do not comport with this Court's mandate that district courts "set forth **specific findings and conclusions** . . . . as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary[.]" *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 306 (6th Cir. 2016) (emphasis added). It also is not possible for the district court to have made the necessary findings and conducted the necessary interest-balancing through its two-word sealing orders, which the district court was required to do "even if neither party object[ed] to the motion to seal." *Id.* The district court's uniformly unreasoned sealing orders must be vacated accordingly. *See id.* ("a court's

-4-

failure to set forth those reasons—as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than necessary—is itself grounds to vacate an order to seal.").

Perhaps recognizing that the district court's uniformly unreasoned, two-word sealing orders are indefensible, CoreCivic maintains that "If This Court Determines That The District Court Abused Its Discretion, It Should Remand." *See* Br. of Appellees at 33. With respect to the sealed documents that this Court is unable to determine—based on the present record—were sealed improperly, the Intervenor is not opposed to this remedy. But the present record allows this Court to make at least several determinations that certain documents *were* sealed improperly and to order that they be unsealed as a consequence. *See, e.g.,* Principal Br. of Appellant at 40 (arguing that "*at least* the quoted or characterized documents—the contents of which are already in the public record, and the disclosure of which the District Court has already indicated pose 'no serious threat of unfair competition' and do not 'reveal any confidential CoreCivic strategies, practices, or research and development'—should be unsealed."). Thus, where the existing record enables this Court to conclude that the district court's sealing determinations were improper, this Court should order that

the improperly sealed documents be unsealed.

## IV.  ARGUMENT

### A.  CORECIVIC'S WAIVER AND FORFEITURE CLAIMS ARE MERITLESS.

1.  Because sealing involves "*the public's* First Amendment and common law right of access to court filings," claims that documents were sealed improperly cannot be waived.

CoreCivic argues at length that waiver and forfeiture considerations preclude this Court from reviewing most of the district court's unreasoned sealings orders.  *See* Br. of Appellees at 19–22 (arguing waiver); *id.* at 31–32 (arguing that "new arguments" for unsealing have been advanced on appeal). Even assuming waiver or forfeiture, though, such arguments have no role in this appeal.  Instead, this Court has made clear that sealing determinations involve "public" rights, that they impose affirmative obligations on courts to scrutinize sealed documents independently, and that such scrutiny is "not conditioned on an objection from anybody."  *See Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 595 (6th Cir. 2016) (cleaned up).  As this Court explained in *Rudd*:

> [Appellee contends] that Deere "waived its right to challenge" the sealing order by "acquiesc[ing]" to filing under seal and failing to object as the case progressed. But as the magistrate judge accurately stated, Deere "could not have waived the *public's* First Amendment and common law right of access to court filings." The "court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody." *Shane Grp.*, 825 F.3d at 307. Rather, the court has an

independent "obligation to consider the rights of the public."
*Knoxville News–Sentinel*, 723 F.2d at 475. This is true "even if
neither party objects to the motion to seal." *Shane Grp.*, 825 F.3d
at 307; *see also Brown & Williamson*, 710 F.2d at 1176 (noting
that we may "reach the question" of the district court's seal "on
our own motion."); *cf. Tri–Cty. Wholesale Distribs., Inc. v. Wine
Grp., Inc.*, 565 Fed.Appx. 477, 490 (6th Cir. 2012) (Gwin, J.,
concurring and dissenting in part) ("The First Amendment
access right extends to court dockets, records, pleadings, and
exhibits, and establishes a presumption of public access that can
only be overcome by specific, on-the-record findings that the
public's interest in access to information is overcome by specific
and compelling showings of harm.").

*Id.*

Given this context, even if waiver or forfeiture had actually occurred,
in keeping with this Court's independent "obligation to consider the rights of
the public and the press[,]" *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d
at 475, this Court must "reach the question" of whether the district courts
sealing orders were proper "on [its] own motion." *Brown & Williamson
Tobacco Corp.*, 710 F.2d at 1176. As a result, this Court should do just that
regardless of any waiver or forfeiture consideration, which cannot apply to
foreclose the public's rights. CoreCivic's waiver and forfeiture claims fail
accordingly.

    2.    <u>Whether the district court's unreasoned sealing determinations
          were proper is an issue that the district court expressly passed
          upon.</u>

Separate and apart from the fact that waiver and forfeiture

considerations have no role in judicial review of sealing determinations, *see supra* at 6–7, in determining whether forfeiture should apply in a given case, courts look first to whether "'an issue [was] not passed upon below.'" *See Pinney Dock & Transp. Co. v. Penn Cent. Corp.*, 838 F.2d 1445, 1461 (6th Cir. 1988) (quoting *Singleton v. Wulff*, 428 U.S. 106, 120 (1976)). *Cf. Omnicare, Inc. v. Laborers Dist. Council Const. Indus. Pension Fund*, 575 U.S. 175, 182 n.1 (2015) (examining whether the issue was "pressed or passed on below[,]" even if a "clearer" claim could have been presented). Here, the district court "passed upon" the propriety of all of its earlier sealing decisions, *id.*, as its Final Order expressly reflects. *See* Final Order, R. 494, PageID #26211–12 (stating that "this court has already made **all seal decisions in this case** based on a weighing of all relevant interests and with a presumption of open access[,]" and treating the Intervenor's motion as "the equivalent of a motion to intervene for the purpose of asking the court to reconsider those earlier determinations.") (emphases added). Thereafter, the district court ruled that the Intervenor's "briefing gives the court no persuasive reason to conclude that its earlier rulings were generally erroneous." *Id.* at PageID #26213. The district court accordingly ordered that only the documents that the Appellees indicated they did not oppose unsealing be unsealed. *See id.* at PageID ## 26213–14.

-8-

Put another way: The district court understood the full scope of relief that the Intervenor was seeking, which—as stated directly in the Intervenor's Reply—was that "all documents should be unsealed." *See* Intervenor's Reply in Support of Mot. to Unseal Judicial Docs., R. 493, PageID#26104. The district court thereafter evaluated "all seal decisions in this case" and ordered that the overwhelming majority of its "earlier [sealing] determinations" be kept in place. *See* Final Order, R. 494, PageID #26211–12.

Given this context, the district court expressly passed on the issue of whether "all" of its "earlier" sealing determinations were proper, and it concluded that nearly all of them were. *Id.* The district court also necessarily passed upon the propriety of its sealing determinations when requests for sealing were sought (and granted) as an initial matter, during which time CoreCivic was perfectly aware of its obligations to support its claimed need for sealing but failed to meet its burden. Thus, under these circumstances, it is fair to say that the district court "passed upon" the issues presented in this appeal *twice*. *See Pinney Dock*, 838 F.2d at 1461 (quoting *Singleton*, 428 U.S. at 120). *Cf. Omnicare, Inc.*, 575 U.S. at 182 n.1. Appellate review of all of the district court's sealing determinations is appropriate as a result.

3.   <u>Whether the district court's unreasoned sealing determinations were proper is a legal issue that requires no further factual development to resolve.</u>

-9-

Under the circumstances presented here, applying forfeiture would also be improper regardless.  Specifically, when a litigant has "presented legal issues requiring no further factual development with sufficient clarity" to resolve them, this Court has indicated that it "*should* address an issue" without regard to forfeiture considerations.  *In re Morris*, 260 F.3d 654, 664 (6th Cir. 2001) (citing *Pinney Dock*, 838 F.2d at 1461; *United States v. Butler*, 207 F.3d 839, 849-50 (6th Cir.2000)).  Whether proponents of sealing met their burden of justifying sealing—either as an initial matter or in response to the Intervenor's motion—qualifies as such a "legal issue[] requiring no further factual development" to resolve.  *Id.*  Accordingly, even if claims regarding the propriety of the district court's mass unreasoned sealing orders had been and could be forfeited—and even if the district court had not passed on the issue twice—this Court "should" address the question regardless.  *See id.*

4.    The Intervenor did not waive or forfeit claims that the entire docket, including all supporting documentation, should be unsealed.

Separate and apart from the fact that waiver and forfeiture have no role in judicial review of sealing determinations, *see supra* at 6–7—and putting aside that the district court both passed on the issues presented in this appeal twice and that they require no further factual development to resolve, *see*

*supra* at 7–9—the Intervenor's claims that all sealed documents should be unsealed were not even waived or forfeited at all.  Review of the district court record confirms the matter.

In moving to intervene and unseal judicial documents, the Intervenor sought to have the Court "unseal the parties' motions for class certification, for summary judgment, sealed portions of the parties' Daubert motions, responses, replies, and supporting documentation."  *See* Mot. to Intervene and Unseal Judicial Docs., R. 481, PageID #25432.  Concededly, this claim for relief could have been more precise, and the Intervenor's desire to unseal all "supporting documentation" could have been better specified as an initial matter.  *Id.*  CoreCivic did not appear to struggle with interpreting the claim, though.  Instead, it responded that "Defendants understand the need for public access to the Court's docket and **are committed to helping [the Intervenor] access <u>every</u> document which may appropriately be unsealed.**"  *See* Defs.' Partial Opp'n to Mot. to Intervene and Unseal, R. 492, PageID #26051 (emphases added).  Further, to the extent that there was ambiguity about the scope of the relief that the Intervenor was seeking, it was clarified unmistakably by the Intervenor's Reply, which asked the district court to unseal the entire docket twice.  *See* Intervenor's Reply in Support of Mot. to Unseal Judicial Docs., R. 493, PageID #26102 (arguing that "absent

a party specifying exact page and line numbers of documents that warrant sealing and justifying that need, **the entire docket in this case should be unsealed.**") (emphasis added); *id.* at PageID #26104 ("having never previously attempted to meet their burden and having failed to do so now, **all documents should be unsealed.**") (emphasis added).

Under these circumstances, CoreCivic's insistence on appeal that unsealing the entire district court record is relief that the Intervenor "never requested before the District Court" is patently false. *See* Br. of Appellees at 16–17. The Intervenor made clear repeatedly that she was seeking that relief during the proceedings before the district court. *See* Intervenor's Reply in Support of Mot. to Unseal Judicial Docs., R. 493, PageID #26102 ("the entire docket in this case should be unsealed."); *id.* at PageID #26104 ("all documents should be unsealed."). CoreCivic also responded to the Intervenor's motion by professing a commitment "to helping [the Intervenor] access **every** document which may appropriately be unsealed." *See* Defs.' Partial Opp'n to Mot. to Intervene and Unseal, R. 492, PageID # 26051 (emphasis added). And when the district court adjudicated the Intervenor's motion, the district court, too, specified that it had considered anew "**all** seal decisions" made earlier in the case, and it determined that it saw "no persuasive reason to conclude that its earlier rulings were generally

erroneous" thereafter.  *See* Final Order, R. 494, PageID ## 26211–13 (emphasis added).

Put simply, then: The Intervenor sought the same relief before the district court; CoreCivic understood the scope of the relief being sought; the district court understood the scope of the relief being sought;  and the district court adjudicated the Intervenor's claim that the entire district court record should be unsealed.  Because the district court adjudicated that claim adversely, though, the propriety of the district court's order reaffirming the majority of its unreasoned sealing orders is appropriately before this Court. As such, the relief sought here was not waived, and all of the district court's sealing determinations are properly subject to appellate review.

**B.    CORECIVIC'S MERITS CLAIMS ARE UNPERSUASIVE.**

Turning to the merits of the Intervenor's claims for unsealing, CoreCivic makes several contrary arguments.  Each is unpersuasive.

*First*, while carefully avoiding any mention of the District Court's earlier and uniformly unreasoned two-word (sometimes four-word) sealing orders, CoreCivic insists that in the Final Order that is the subject of this appeal, "Judge Trauger met this Court's exacting standards for maintaining documents under seal."  *See* Br. of Appellees at 23.  What, specifically, does CoreCivic identify to support this claim?  The answer, apparently, is a pair of

block quotes from the district court's order reciting in conclusory terms that the district court considered the public interest, found that countervailing considerations supported mass sealing, and concluded that "CoreCivic and the BOP . . . have furnished detailed, document-specific reasons reiterating the legitimate grounds for the continued seal of many of the requested documents." *See* Br. of Appellees at 24 (quoting Final Order, R. 494, Page ID # 26212–13).

To be clear: The district court did not actually conduct the necessary analysis in any of its earlier sealing orders, and the record does not permit any other conclusion on the matter.  Instead, the district court did exactly what this Court has instructed district courts that they may *not* do when making important determinations affecting the rights of non-parties: "recite the respective arguments of the objectors and parties, and then offer up platitudes[.]" *See Shane Grp., Inc.*, 825 F.3d at 309.  As a result, the record makes plain that the full scope of the district court's analysis regarding *any* still-effective sealing order was simply to write "Motion GRANTED" in the top right-hand corner of a sealing proponent's motion and then seal the referenced documents in their entirety. [6]  Scribbling the words "Motion

---

[6] *See* Order Granting Pl.'s Mot., July 18, 2018, **R. 106**, PageID#2830; Order Granting Opposed Mot., Oct. 26, 2018, **R. 123**, PageID#3483; Order Granting Def.'s Mot., Nov. 2, 2018, **R. 128**, PageID#3511; Order Granting

GRANTED" on a movant's motion does not satisfy a district court's obligation to "set forth specific findings and conclusions 'which justify nondisclosure to the public[,]'" though. *Shane Grp., Inc.*, 825 F.3d at 306 (quoting *Brown & Williamson*, 710 F.2d at 1176). Every sealing order in this case should be vacated accordingly.

The fact that the district court's sealing orders are mostly two words long—and the additional fact that it maintained under seal *dozens* of documents that no party had even asserted should be so maintained—are not

---

Mot., Dec. 18, 2018, **R. 142**, PageID#3652; Order Granting Def.'s Mot., Feb. 8, 2019, **R. 156**, PageID#4219; Order Granting Lead Pl.'s Mot., Feb. 22, 2019, **R. 164**, PageID#4411; Order Granting Def.'s November 20, 2020 Mot. to File Under Seal Certain Docs. in Connection with Mot. to Exclude Testimony of Donna Mellendick, **R. 368**, PageID#17661; Order Granting Def.'s November 20, 2020 Mot. to File Under Seal Certain Docs. in Connection with Mot. to Exclude Testimony of Scott Dalrymple, **R. 369**, PageID#17662; Order Granting Def.'s November 20, 2020 Mot. for Leave to File Under Seal Certain Confidential Docs. in Connection with Mot. for Summ. J., **R. 371**, PageID#17666; Order Granting Def.'s November 20, 2020 Mot. for Leave to File Under Seal Certain Confidential Docs. in Connection with their Mot. for Summ. J., **R. 372**, PageID#17667; Order Granting Def.'s Mot. for One Confidential Doc. Related to Pl.'s Opp'n to Def.'s Mot. to Determine the Sufficiency to Remain Under Seal, **R. 377**, PageID#17756; Order Granting Def.'s Mot. for Confidential Docs. Related to Pl.'s Mot. to Compel Further Interrog. Resps. and for Disc. Sanctions to Remain Under Seal, **R. 378**, PageID#17757; Order Granting Def.'s Mot. to Continue the Sealing of Certain Docs. Filed in Connection with Pl.'s Mots. To Exclude Expert Test., **R. 379**, PageID#17758; Order Granting Fed. Bureau of Prison's Mot. February 12, 2021, **R. 414**, PageID#23860; Order Granting Def.'s Mot. February 12, 2021, **R. 415**, PageID#23861; Order Granting Def.'s Mot. February 19, 2021 **R. 432**, PageID#24390; Order Granting Pl.'s Omnibus Mot. February 19, 2021, **R. 433**, PageID#24391.

even the most damning portions of the record in this case, though. Instead, the record makes clear that on the one and only occasion when the district court actually scrutinized CoreCivic's sealing claims, it concluded that they did *not* merit nondisclosure and that CoreCivic's professed justifications for sealing were baseless. *See* Mem. Op. of the Court, R. 165, PageID#4418, n.2. The district court characterized or quoted verbatim those documents in a public order as a consequence. Even so, the quoted or characterized documents inexplicably remain sealed despite the district court having found affirmatively that CoreCivic's sealing claims lacked merit. Numerous additional documents also remain sealed despite the fact that CoreCivic's proffered justifications for sealing them are almost comically unsupportable now and were never supportable previously. *See, e.g.,* Def.'s Mot., Feb. 8, 2019, R. 155, PageID #4214 (in which CoreCivic argued that documents should remain sealed because class certification had been denied and "this case will soon be over" as a result of class certification being denied).

The foregoing notwithstanding, though, CoreCivic insists that the Intervenor "cannot credibly contend that the District Court" failed to make the mandatory findings and conduct the mandatory interest-balancing when making its sealing determinations. *See* Br. of Appellees at 24. Given the outright impossibility of making the mandatory findings and conducting the

mandatory interest-balancing in two-word (sometimes four-word) orders, the Intervenor wonders whether the Parties have different definitions of the term "credible." For instance, the Intervenor thinks that CoreCivic's repeated claims that sealing was appropriate because the public has a "minimal interest in the contents of" the sealed documents at issue in this litigation were not "credible." *See, e.g.,* Def.'s Mot., Nov. 2, 2018, R. 126, PageID #3498. The Intervenor also has difficulty finding "credible" CoreCivic's representations about supposed threats of harm in the marketplace, both because egregiously deficient security standards cannot plausibly be characterized as trade secrets and because the one time the district court opted to scrutinize such claims, it found them to be imaginary. *See* Mem. Op. of the Court, R. 165, PageID#4418, n.2 ("CoreCivic has argued that its internal responses to BOP scrutiny should be kept under seal because their disclosure could harm CoreCivic in the marketplace. (Docket No. 155 at 6.) The court, however, discerns no serious threat of unfair competition associated with disclosure of the relevant communications. None of the cited internal conversations reveal any confidential CoreCivic strategies, practices, or research and development. The conversations cited may be awkward or embarrassing for CoreCivic to see disclosed, but that, alone, is not enough to justify an unyielding seal in this case. The court concludes that, at least with

regard to the limited facts cited in this Memorandum, the harms of maintaining the seal would be greater than any associated with relaxing it."). CoreCivic's claims that this Court's "exacting standards for maintaining documents under seal" were met as to *any* sealed document in this case fails accordingly. *See* Br. of Appellees at 23.

*Second*, CoreCivic insists that "[t]he BOP, CoreCivic, Or Both Justified The Need For Continued Sealing" in response to the Intervenor's motion, *see* Br. of Appellees at 25, going so far as to characterize any contrary assertion as a "lie." *See id.* Surely, then, upon review of CoreCivic's response, this Court will find robust evidence—perhaps an affidavit, perhaps documents evidencing previous consequences resulting from disclosure, or perhaps some other evidence—demonstrating why the mass sealing of thousands of pages of documents in a securities fraud case involving a government contractor is necessary to maintain the safety and security that CoreCivic is so famous for disregarding. *See, e.g.,* Allison Kite, *For-profit federal prison an understaffed 'hell hole' of violence, death and drugs*, MISSOURI INDEPENDENT (Oct. 7, 2021), https://missouriindependent.com/2021/10/07/for-profit-federal-prison-an-understaffed-hell-hole-of-violence-death-and-drugs/ (in which a federal judge expresses exasperation that a CoreCivic facility is "'an absolute hell

hole,'" "dangerously understaffed," and that "violence is routine" within it).

The reality is that CoreCivic furnished no such evidence. None at all. After spending the underlying litigation proffering—through counsel—sealing justifications that are properly characterized as unserious, CoreCivic mustered no evidence in response to the Intervenor's motion that supported the continued sealing of any document in this litigation. *See* Defs.' Partial Opp'n to Mot. to Intervene and Unseal, R. 492. Instead, it supported its opposition with conclusory statements from counsel, which definitionally are not evidence upon which any factual findings may be based. *See, e.g., Plumbers Loc. 98 Defined Ben. Funds v. Controlled Water, Inc.*, No. 03-CV-72888-DT, 2006 WL 2708544, at \*2, n. 3 (E.D. Mich. Sept. 19, 2006) ("It is universally settled that 'statements of counsel are not evidence' and do not create issues of fact.") (collecting cases). CoreCivic unpersuasively insists on appeal that because its counsel "provided Judge Trauger" with conclusory assertions that "CoreCivic continues to use the business strategies" described in various sealed documents, though, those documents should remain sealed. *See* Br. of Appellees at 29. That was not sufficient, however, either as a matter of fact or as a matter of law. *Cf. Joy v. North*, 692 F.2d 880, 894 (2d Cir. 1982) ("The potential harm asserted by the corporate defendants is in disclosure of poor management in the past. That is hardly a trade secret.").

Nor did the BOP muster any current evidence to support continued sealing. That deficiency also matters a great deal, because stale evidence upon which the BOP relied was provably untrustworthy. *See generally* Principal Br. of Appellant at 50 (noting that a document that the BOP had claimed would pose serious security concerns if unsealed had already "been produced in substantially unredacted form as part of a FOIA request and then published online by Prison Legal News," and that "additional portions of the same report appear to have been both referenced and quoted at length in a Department of Justice audit that is available to the public online."). The district court's order did not attempt to address this glaring credibility problem, though, and no Appellee has attempted to explain or justify it on appeal, either.

*Third*, CoreCivic pretends that its "redactions demonstrate that requests to seal information were frequently made on a word-by-word basis, exceeding the standards established by this Court." *See* Br. of Appellees at 27. As support, CoreCivic identifies one (1) portion of one (1) deposition transcript in which CoreCivic redacted a deponent's home address and phone number. *See id.* at 28. Does this praiseworthy redaction somehow justify for the mass sealing of—for instance—hundreds of pages of CoreCivic

CEO Damon Hininger's repeatedly-filed-under-seal deposition transcripts,[7] which filed excerpts make clear were 280 and 398 pages long,[8] respectively? The Intervenor is hardly in a position to say, unfortunately, because the full transcripts are sealed, and no party to this litigation has ever seriously attempted to justify the sealing of every (or any) sealed line on every sealed page. The Intervenor is in a position to say that CoreCivic has not actually made any attempt to ensure the propriety of line-by-line, page-by-page sealing, and that CoreCivic attempted to impose that obligation on the Intervenor in the first instance during the proceedings below instead. *See* Defs.' Partial Opp'n to Mot. to Intervene and Unseal, R. 492, PageID #26058 ("In the alternative, Defendants request that the Court order Intervenor to agree to the terms of the Protective Order, review these documents, and

---

[7] *See, e.g.*, Ex. 3 to Decl. of Christopher Wood, Dep. Tr. Damon Hininger, R. 267-3; Ex. 16 to Decl. of Christopher Wood, Dep. Tr. Damon Hininger, R. 267-16; Ex. 14 to Decl. of Christopher Wood in Supp. of Pl.'s Mot. to Compel Further Interrogatory Resps., Damon Hininger Dep. Tr. Vol. I, R. 279-14; Ex. 15 to Decl. of Christopher Wood in Supp. of Pl.'s Mot. to Compel Further Interrogatory Resps., Damon Hininger Dep. Tr. Vol. I, R. 279-15; Ex. 14 to Decl. of Christopher Wood in Supp. of Pl.'s Mot. to Compel Further Interrogatory Resps., Damon Hininger Dep. Tr. Vol. I, R. 280-1; Ex. 15 to Decl. of Christopher Wood in Supp. of Pl.'s Mot. to Compel Further Interrogatory Resps., Damon Hininger Dep. Tr. Vol. I, R. 280-2.

[8] *See* Ex. J to Decl. of Morgan Whitworth in Supp. of Defs.' Mem. in Opp. to Pl.'s Mot. to Preclude Defs., Excerpted Dep. Tr. of Damon Hininger Vol. I, R. 290-10, PageID ## 9708–9716; Ex. G to Decl. of Meryn Grant in Supp. of Defs.' Opp. To Pl.'s Mot. to Compel Further Interrogatory Resps., Excerpted Dep. Tr. of Damon Hininger, R. 286-7, PageID ## 9440–9473.

meaningfully meet and confer with Defendants and the BOP to determine which portions (if any) of these transcripts should be unsealed."); *id.* at PageID#26059 (same); *id.* at PageID#26061 (same); *id.* at PageID#26062 (same); *id.* at PageID#26063 (same); *id.* at PageID#26064 (same).

### C.    THIS COURT SHOULD UNSEAL ALL DOCUMENTS THAT THE PRESENT RECORD DEMONSTRATES WERE SEALED IMPROPERLY.

Finally, CoreCivic maintains that "If This Court Determines That The District Court Abused Its Discretion, It Should Remand."  *See* Br. of Appellees at 33.  Remanding for consideration a third time after CoreCivic failed to justify its claimed need for sealing during its first two opportunities is also the "proper recourse," CoreCivic insists, because this Court has remanded under similar circumstances in other cases. *See id.* at 34.

To be sure, this Court has previously remanded improper sealing determinations under circumstances when doing so was necessary to allow the parties to be "heard fully" regarding the matter.  *See Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 164 (6th Cir. 1987) ("we REVERSE and REMAND this matter to the district court for a hearing in which the parties may be heard fully concerning May's claim to seek to unseal the records[.]"); *Shane Grp., Inc.*, 825 F.3d at 308 (remanding where there was "little information . . . in the record" bearing on certain sealing claims). That is hardly the situation here, though.  In this case, CoreCivic has had two

full and fair opportunities—during the underlying litigation and after it—to justify the mass sealing of the thousands of pages of sealed documents in the district court record. CoreCivic also insists in appellate briefing that no further opportunity to justify sealing is necessary, because (CoreCivic contends) it already met its burden both times. *See* Br. of Appellees at 30 (contending that "CoreCivic met its burden to seal certain documents initially, and met its burden when the District Court later required it to justify the need to maintain a subset of those documents under seal."). The Intervenor additionally observes, as noted previously, that "sealed documents in this litigation [] should not be maintained under seal for months or years while sealing proponents are afforded further opportunities to meet a burden that they failed to meet to begin with[,]" *see* Principal Br. of Appellant at 44, which creates perverse incentives and rewards sealing proponents for offering inadequate sealing justifications as an initial matter.

The above notwithstanding, though, the Intervenor agrees that remand is an appropriate remedy in light of the district court's complete failure to conduct the requisite analysis. *See, e.g.,* Principal Br. of Appellant at 35 ("the District Court's failure to 'set forth those reasons [for sealing]—as to why the interests in support of nondisclosure are compelling, why the interests supporting access are less so, and why the seal itself is no broader than

necessary'—as to *any* sealed document necessarily requires this Court to vacate every unreasoned sealing order entered below. . . . Every unreasoned sealing order should be vacated accordingly, and this Court should remand with instructions to conduct the mandatory analysis and interest-balancing as to every document in the record that is maintained under seal thereafter."). But remand is only appropriate to the extent that this Court is unable to determine—on the present record—whether sealing of a document was warranted. By contrast, where the existing record enables this Court to determine that sealing determinations were not only unreasoned but *improper*, this Court should order that the improperly sealed documents be unsealed.

There are at least several such documents that merit immediate unsealing based on the present evidentiary record. For instance, documents that the District Court quoted verbatim or characterized should be unsealed. This includes CoreCivic's sealed internal email correspondence stating: (1) "apparently we had a bad day today with BOP medical audit at Cibola"; (2) "[t]his is going to kill us at both Cibola and Eden."; (3) "Silence is NOT GOLDEN!!!"; (4) "We're dead"; and (5) "BOP is making a round of phone calls to private prison companies ([CoreCivic and another company] so far) giving them notice that they are cancelling contracts effective October 2016."

*See* Mem. Op. of the Court, R. 165, at PageID ##4418–19 (quoting Ex. Z
Email from T. Grande to D. Hininger, R. 149-26 at 2; Ex. AA email from J.
Beasley to B. Verhulst, R. 149-27 at 3; Ex. EE Email, R. 149-31; Ex. FF Email,
R. 149-32).    Documents like the Yates Memorandum—a plainly non-
confidential document that, like dozens of other improperly sealed
documents, is sealed in some portions of the district court records, *see* Doc.
149-4, but not in others, *see* Doc. 151-4—ought to be unsealed as well.

So, too, should any documents that were sealed based on patently
deficient justifications.    *See, e.g.,* Def.'s Mot., Feb. 8, 2019, R. 155, PageID
#4214 (in which CoreCivic argued that documents should remain sealed
because class certification had been denied and "this case will soon be over"
as a result of class certification being denied); Def.'s Mot., Nov. 2, 2018, R.
126, PageID #3498 (arguing that the public has "minimal interest in the
contents of" the sealed documents).    Documents that were sealed based on
*false* justifications ought to be unsealed, too.    *See, e.g.* Mem. Op. of the Court,
R. 165, PageID#4418, n.2 ("CoreCivic has argued that its internal responses
to BOP scrutiny should be kept under seal because their disclosure could
harm CoreCivic in the marketplace. (Docket No. 155 at 6.) The court,
however, discerns no serious threat of unfair competition associated with
disclosure of the relevant communications.").    That may well extend to the

entire district court record or substantial portions of it—something that the Plaintiffs themselves noted on several occasions below, apparently without any resulting consideration from the district court in the first instance. *See* Mot., Dec. 18, 2018, R. 138, PageID #3614 (noting that "Plaintiff does not believe grounds exist to overcome the strong presumption in favor of openness as to court records").

Ultimately, though, the Intervenor is at a disadvantage here, because the Appellees know what the sealed documents contain while the Intervenor does not. This Court—like the district court before it—is in a position to review the sealed documents at issue and determine whether CoreCivic's asserted sealing justifications are supportable, however. Consequently, in keeping with its "independent" obligations to consider the rights of the public and the press by carefully scrutinizing the propriety of sealing determinations, the Intervenor asks this Court to do just that. *See Rudd Equip. Co., Inc.*, 834 F.3d at 595; *In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d at 475. Accordingly, whenever this Court's review of sealed record documents reveals that CoreCivic's professed sealing justifications were dishonest or unsatisfactory, this Court should order the documents unsealed. As for any remaining documents: This Court should vacate all of the district court's unreasoned sealing orders and remand with instructions to apply the

proper legal standard—document-by-document, page-by-page, and line-by-line—to all of the sealed documents in the district court record thereafter.

## V.  CONCLUSION

For the foregoing reasons, the district court's judgment should be **REVERSED**, and this Court should:

1.    Vacate all of the district court's unreasoned sealing orders;

2.    Unseal all or portions of the District Court docket based on the current record; and

3.    Remand with instructions to apply the proper legal standard to all documents that remain under seal.

Respectfully submitted,

By:    /s/ Daniel A. Horwitz
DANIEL A. HORWITZ, BPR #032176
LINDSAY SMITH, BPR #035937
MELISSA K. DIX, BPR #038535
HORWITZ LAW, PLLC
4016 WESTLAWN DR.
NASHVILLE, TN  37209
daniel@horwitz.law
lindsay@horwitz.law
melissa@horwitz.law
(615) 739-2888

*Counsel for Intervenor-Appellant*

## <u>CERTIFICATE OF COMPLIANCE</u>

I hereby certify that this brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 32(a)(7)(B)(ii) because it contains 6,320 words, excluding the parts of the brief exempted by Federal Rule of Appellate Procedure 32(f).

This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in proportionally-spaced typeface using Microsoft Word 2016 in 14-point Georgia font.

By:   <u>/s/ Daniel A. Horwitz</u>
      DANIEL A. HORWITZ, BPR #032176

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 29, 2022, service of the foregoing document was made upon the following Filing Users through the Court's Electronic Filing System:

Michael Goldberg
GOLDBERG LAW, PC
1999 Avenue of the Starts, Suite 1100
Los Angeles, CA 90067
Email: michael@goldberglawpc.com

Jeremy A. Lieberman
J. Alexander Hood, II
Marc C. Gorrie
POMERANTZ, LLP
600 Third Ave., 20th Floor
New York, NY 10016
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com
Email: mgorrie@pomlaw.com

Paul Kent Bramlett
Robert P. Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P. O. Box 150734
Nashville, TN 37215
Email: pknashlaw@aol.com
Email: robert@bramlettlawoffices.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue, Suite 601
Knoxville, TN 37902
Email: cain@scottandcain.com

Christopher Hamp Lyons
Christopher M. Wood
ROBBINS GELLER RUDMAN &

DOWD, LLP
414 Union Street, Suite 900
Nashville, TN 37219
Email: clyons@rgrdlaw.com
Email: cwood@rgrdlaw.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Email: jmartin@barrettjohnston.com

Dennis J. Herman
Willow E. Radcliffe
Kenneth J. Black
ROBBINS GELLER RUDMAN &
DOWD, LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Email: dherman@rgrdlaw.com
Email: willowr@rgrdlaw.com
Email: kennyb@rgrdlaw.com

Brian T. Glennon
David J. Schindler
Faraz Mohammadi
Meryn C.N. Grant
LATHAM & WATKINS, LLP (LA Office)
355 S. Grand Avenue, Suite 100
Los Angeles, CA 90071
Email: brian.glennon@lw.com
Email: david.schindler@lw.com
Email: faraz.mohammadi@lw.com
Email: Meryn.Grant@lw.com

Morgan E. Whitworth
LATHAM & WATKINS
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-2562
Email: morgan.whitworth@lw.com

Elizabeth O. Gonser
Milton S. McGee, III
Steven Allen Riley
RILEY, WARNOCK & JACOBSON
1906 West End Avenue
Nashville, TN 37203
Email: tmcgee@rwjplc.com
Email: sriley@rwjplc.com
Email: egonser@rwjplc.com

James A. Holifield, Jr.
HOLIFIELD, JANICH, RACHAL, & ASSOCIATES, PLLC
11907 Kingston Pike, Suite 201
Knoxville, TN 37934
Email: aholifield@holifieldlaw.com

Sarah A. Tomkowiak
LATHAM & WATKINS LLP (DC Office)
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Email: sarah.tomkowiak@lw.com

Patrick V. Dahlstrom
POMERANTZ, LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
Email: pdahlstrom@pomlaw.com

Ellen Gusikoff Stewart
Jason A. Forge
Natalie F. Lakosil
Rachel L. Jensen
ROBBINS GELLER RUDMAN &
DOWD, LLP (San Diego)
655 W Broadway, Suite 1900
San Diego, CA 92101
Email: elleng@rgrdlaw.com
Email: jforge@rgrdlaw.com
Email: nlakosil@rgrdlaw.com
Email: rachelj@rgrdlaw.com

Brian Schall
Schall Law Firm
2049 Century Park East Suite 2460 Los Angeles, CA 90067

Brice M. Timmons #29582
DONATI LAW, PLLC
1545 Union Ave.
Memphis, Tennessee 38104
(901) 278-1004 – Telephone
(901) 278-3111 – Facsimile
brice@donatilaw.com

By:   /s/ Daniel A. Horwitz
      DANIEL A. HORWITZ, BPR #032176

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

| Docket Entry No. | Description | PageID# |
|---|---|---|
| R. 1 | Compl. | 1–34 |
| R. 106 | Order Granting Pl.'s Mot., July 18, 2018 | 2830–2831 |
| R. 123 | Order Granting Opposed Mot., Oct. 26, 2018 | 3483 |
| R. 126 | Def.'s Mot., Nov. 2, 2018 | 3497–3504 |
| R. 128 | Order Granting Def.'s Mot., Nov. 2, 2018 | 3511 |
| R. 138 | Mot., Dec. 18, 2018 | 3613–3620 |
| R. 142 | Order Granting Mot., Dec. 18, 2018 | 3652 |
| R. 149-4 | Ex. D Yates Mem. | PageIDs indeterminable due to sealing |
| R. 149-26 | Ex. Z Email from T. Grande to D. Hininger | PageIDs indeterminable due to sealing |
| R. 149-27 | Ex. AA email from J. Beasley to B. Verhulst | PageIDs indeterminable due to sealing |
| R. 149-31 | Ex. EE Email | PageIDs indeterminable due to sealing |
| R. 149-32 | Ex. FF Email | PageIDs indeterminable due to sealing |
| R. 151-4 | Ex. D to Decl. of Willow e. Radcliffe in Supp. of Mem. Of Law in Supp. of Lead Pl.'s Mot. for Recons. of the Jan. 18, 2019 Order Den. Class Certification | 4128–4130 |
| R. 155 | Def.'s Mot., Feb. 8, 2019 | 4207–4218 |

| R. 156 | Order Granting Def.'s Mot., Feb. 8, 2019 | 4219 |
|---|---|---|
| R. 164 | Order Granting Lead Pl.'s Mot., Feb. 22, 2019 | 4411 |
| R. 165 | Mem. Op. of the Court | 4412–4448 |
| R. 267-3 | Ex. 3 to Decl. of Christopher Wood, Dep. Tr. Damon Hininger | PageIDs indeterminable due to sealing |
| R. 267-16 | Ex. 16 to Decl. of Christopher Wood, Dep. Tr. Damon Hininger | PageIDs indeterminable due to sealing |
| R. 279-14 | Ex. 14 to Decl. of Christopher Wood in Supp. of Pl.'s Mot. to Compel Further Interrogatory Resps., Damon Hininger Dep. Tr. Vol. I | PageIDs indeterminable due to sealing |
| R. 279-15 | Ex. 15 to Decl. of Christopher Wood in Supp. of Pl.'s Mot. to Compel Further Interrogatory Resps., Damon Hininger Dep. Tr. Vol. I | PageIDs indeterminable due to sealing |
| R. 280-1 | Ex. 14 to Decl. of Christopher Wood in Supp. of Pl.'s Mot. to Compel Further Interrogatory Resps., Damon Hininger Dep. Tr. Vol. I | PageIDs indeterminable due to sealing |
| R. 280-2 | Ex. 15 to Decl. of Christopher Wood in Supp. of Pl.'s Mot. to Compel Further Interrogatory Resps., Damon Hininger Dep. Tr. Vol. I | PageIDs indeterminable due to sealing |
| R. 286-7 | Ex. G to Decl. of Meryn Grant in Supp. of Defs.' Opp. To Pl.'s Mot. to Compel Further Interrogatory Resps., Excerpted Dep. Tr. of Damon Hininger | 9440–9473 |
| R. 290-10 | Ex. J to Decl. of Morgan Whitworth in Supp. of Defs.' Mem. in Opp. to Pl.'s Mot. to Preclude Defs., Excerpted Dep. Tr. of Damon Hininger Vol. I | 9708–9716 |
| R. 368 | Order Granting Def.'s Nov. 20, 2020 Mot. to File Under Seal Certain Docs. in Connection with Mot. to Exclude Test. of Donna Mellendick | 17661 |

| R. 369 | Order Granting Def.'s Nov. 20, 2020 Mot. for Leave to File Under Seal Certain Confidential Docs. in Connection with their Mot. to Exclude Test. of Scott Dalrymple | 17662–17663 |
| R. 371 | Order Granting Def.'s Nov. 20, 2020 Mot. for Leave to File Under Seal Certain Confidential Docs. in Connection with Mot. for Summ. J. | 17666 |
| R. 372 | Order Granting Def.'s Nov. 20, 2020 Mot. for Leave to File Under Seal Certain Confidential Docs. in Connection with Mot. for Summ. J. | 17667 |
| R. 377 | Order Granting Def.'s Mot. for One Confidential Doc. Related to Pl.'s Opp'n to Def.'s Mot. to Determine the Sufficiency to Remain Under Seal | 17756 |
| R. 378 | Order Granting Def.'s Mot. for Certain Confidential Docs. Related to Pl.'s Mot. to Compel Further Interrog. Resps. and for Disc. Sanctions to Remain Under Seal | 17757 |
| R. 379 | Order Granting Def.'s Mot. to Continue the Sealing of Certain Docs. Filed in Connection with Pl.'s Mots. To Exclude Expert Test. | 17758 |
| R. 414 | Order Granting Fed. Bureau of Prison's Mot. February 12, 2021 | 23860 |
| R. 415 | Order Granting Def.'s Mot. February 12, 2021 | 23861 |
| R. 432 | Order Granting Def.'s Mot. February 19, 2021 | 24390 |
| R. 433 | Order Granting Pl.'s Omnibus Mot. February 19, 2021 | 24391 |
| R. 469 | Mem. of Law in Support of Class Counsel's Mot. for Award of Att'y's Fees and Award to Pl. | 25011–25042 |
| R. 481 | Mot. to Intervene and Unseal Judicial Docs. | 25432–25446 |
| R. 492 | Defs.' Partial Opp'n to Mot. to Intervene and Unseal | 26050–26068 |
| R. 493 | Intervenor's Reply in Support of Mot. to Unseal Judicial Docs. and Exs. | 26100–26108 |

| R. 494 | Final Order | 26209–26214 |