No. 22-5312

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

_____

Nikki Bollinger Grae, individually and on behalf of all others similarly situated,

*Plaintiff-Appellee*, and

Marie Newby, individually and on behalf of the Estate of Terry Childress,

*Intervenor-Appellant*,

v.

Corrections Corporation of America, *et al.*,

*Defendants-Appellees*.

_____

On Appeal from the United States District Court for the
Middle District of Tennessee
Case No: 3:16-cv-2267

_____

**OPPOSITION TO MOTION OF EDDIE TARDY TO INTERVENE ON APPEAL BY PERMISSION AND ASSUME THE STATUS OF THE INTERVENOR-APPELLANT**

_____

| | |
|---|---|
| Steven A. Riley | Brian T. Glennon |
| Milton S. McGee, III | Eric C. Pettis |
| Riley & Jacobson, PLC | Michael A. Galdes |
| 1906 West End Ave. | Latham & Watkins LLP |
| Nashville, TN 37203 | 355 S. Grand Ave., Suite 100 |
| (615) 320-3700 | Los Angeles, CA  90071 |
| *Counsel for Defendant-Appellee* | (213) 485-1234 |
| *CoreCivic, Inc. f/k/a Corrections* | |
| *Corporation of America* | |

## I. INTRODUCTION

Eddie Tardy's Motion to Intervene on Appeal by Permission (the "Motion to Intervene") should be denied because he lacks Article III standing.

## II. ARGUMENT

It is a bedrock principle of Article III of the Constitution that federal courts may only adjudicate "cases" and "controversies." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992) (citing U.S. Const. Art. 3, § 1). Consistent with this principle, a party must have standing to assert claims in federal court, which requires: (1) an injury in fact; (2) a causal connection between the injury and the conduct complained of; and (3) "that the injury will be redressed by a favorable decision." *Id.* at 560–61. An "injury in fact" must be "concrete, particularized, and actual or imminent." *Transunion LLC v. Ramirez*, 141 S. Ct. 2190, 2203 (2021). The injury "must affect the plaintiff in a personal and individual way." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 339 (2016) (citation omitted). Indeed, the plaintiff must have a "personal stake . . . that is distinguishable from the general interest of every citizen." *Hollingsworth v. Perry*, 570 U.S. 693, 694 (2013).

The Supreme Court has made clear that when a permissive intervenor (such as Mr. Tardy) would be the only party remaining in a case, that intervenor must demonstrate that he has standing to pursue his claims. *Diamond v. Charles*, 476 U.S. 54, 68 (1986) ("[A]n intervenor's right to continue a suit in the absence of the party

on whose side intervention was permitted is contingent upon a showing by the intervenor that he fulfills the requirements of Art. III."). Article III's standing requirement applies with equal force throughout appeal. *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997) ("The standing Article III requires must be met by persons seeking appellate review, just as it must be met by persons appearing in courts of first instance.").

Here, Mr. Tardy has not claimed a sufficient "personal stake" to establish standing under Article III. *Hollingsworth*, 570 U.S. at 694. Mr. Tardy purports to intervene "for the limited purpose of seeking to unseal the sealed records in the District Court," which he acknowledges is a "'public' right that does not belong to any individual litigant." Mot. to Intervene at 1. But the Supreme Court has held that vindicating public rights alone does not confer Article III standing. *See, e.g.*, *Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 220 (1974) ("[S]tanding to sue may not be predicated upon an interest . . . which is held in common by all members of the public."); *see also, e.g.*, *Lance v. Coffman*, 549 U.S. 437, 441 (2007); *Baird v. Norton*, 266 F.3d 408, 411 (6th Cir. 2001). CoreCivic is aware of no case from this Court discussing the standing of an intervenor seeking to unseal documents. When the Fifth Circuit considered this issue, it held that "interven[tion] to pursue the . . . unsealing of the record is not a justiciable controversy or claim." *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525 (5th Cir. 1994).

The Fifth Circuit denied the motion to intervene because the proposed intervenors had "no personal interest affording them standing." *Id.* at 526.[1]

Mr. Tardy's brief does not address his Article III standing to participate in this litigation based on the public interest in unsealing documents. Nor does he cite any case from this Court holding that an intervenor has Article III standing in these circumstances. Although Mr. Tardy suggests that he has a sufficient personal interest because he plans to file a lawsuit in which some of the sealed documents may prove useful, that purported interest is both speculative and insufficient. Below, the district court correctly held that the original intervenor's "litigation-related interests are insufficient to support intervention," especially given the breadth and scope of documents she sought to unseal. R. 494, Page ID # 26212 (discussing intervention request by Marie Newby). And Mr. Tardy's claimed interest is far weaker than Ms. Newby's: Whereas Ms. Newby already had a lawsuit pending against CoreCivic, Mr. Tardy acknowledges that he is "only just beginning the process of filing suit." Mot. to Intervene at 3. Moreover, if and when Mr. Tardy files suit, he "will have access to all the ordinary tools of discovery in [his] own case," and "there is not a single document under seal that [he] cannot seek in [his]

---

[1] Although some other circuits appear to have held that Article III standing exists in these circumstances, they did not engage in the analysis required to square their holdings with the Supreme Court's rigorous standing doctrine. *See, e.g.*, *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777 (3d Cir. 1994).

3

own right, if it is actually relevant to [his] claims." R. 494, Page ID # 26212. Intervention is therefore unnecessary. *See Deus*, 15 F.3d at 526 ("Intervention generally is not appropriate where the applicant can protect its interests and/or recover on its claim through some other means. . . . [The proposed intervenor] can protect any interest he has . . . by filing a discovery request.").

For these reasons, Mr. Tardy lacks Article III standing to intervene in this appeal. At a minimum, the complexities of the standing question—which Mr. Tardy did not litigate in the district court because he did not intervene until after Ms. Newby moved to dismiss her appeal—were not addressed below. This counsels strongly in favor of denying his Motion to Intervene. *See* Fed. R. Civ. P. 24(b); *N. Dakota ex rel. Stenehjem v. United States*, 787 F.3d 918, 922–23 (8th Cir. 2015) (affirming denial of permissive intervention because of a "lack of Article III standing . . . and the potential for delay caused by the introduction of ancillary issues.").

## III. CONCLUSION

For the foregoing reasons, CoreCivic respectfully submits that this Court should deny Mr. Tardy's Motion to Intervene.

Dated: August 29, 2022  
    Los Angeles, CA

Respectfully submitted,

By: _____

LATHAM & WATKINS LLP
  Brian T. Glennon
  Eric C. Pettis
  Michael A. Galdes
  355 S. Grand Ave., Suite 100
  Los Angeles, CA  90071
  (213) 485-1234
  *brian.glennon@lw.com*

  Steven A. Riley
  Milton S. McGee, III
  RILEY & JACOBSON, PLC
  1906 West End Ave.
  Nashville, TN 37203
  (615) 320-3700
  *sriley@rjfirm.com*
  *tmcgee@rjfirm.com*

  *Counsel for Defendant-Appellee CoreCivic, Inc. f/k/a Corrections Corporation of America*

## **CERTIFICATE OF COMPLIANCE**

This brief complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(A) because the brief contains 979 words, excluding the parts of the brief exempt by Federal Rule of Appellate Procedure 27(a)(2)(B) and Sixth Circuit Local Rule 27(d)(2)(A).

This brief complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word Professional Plus 2016 in 14-point Times New Roman.

Dated: August 29, 2022
       Los Angeles, CA

                                                                Brian T. Glennon
                                                                *Counsel for Defendant-Appellee*
                                                                *CoreCivic, Inc. f/k/a Corrections*
                                                                *Corporation of America*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Sixth Circuit by using the appellate CM/ECF system on August 29, 2022.

Daniel A. Horwitz
LAW OFFICE OF DANIEL A. HORWITZ
4016 Westlawn Dr
Nashville, TN 37209-4916
Daniel.a.horwitz@gmail.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union St., Suite 900
Nashville, TN 37219
jmartin@barrettjohnston.com

James A. Holifield , Jr.
HOLIFIELD JANICH RACHAL & ASSOCIATES, PLLC
11907 Kingston Pike, Suite 201
Knoxville, TN 37934
aholifield@holifieldlaw.com

Paul R. McAdoo
REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS
6688 Nolensville Rd., Ste. 108-20
Brentwood, TN 37027
pmcadoo@rcfp.org

Brian Schall
2049 Century Park East, Suite 2460
Los Angeles, CA 90067
brian@schallfirm.com
*Counsel for Plaintiff*

Michael Goldberg
GOLDBERG LAW PC
1999 Ave. of the Stars, Suite 1100
Los Angeles, CA 90067
brian@goldberglawpc.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Ave., Suite 601
Knoxville, TN 37902
cain@scottandcain.com

Brice M. Timmons
DONATI LAW, PLLC
1545 Union Ave.
Memphis, Tennessee 38104
brice@donatilaw.com
craig@donatilaw.com
jacque@donatilaw.com

7

| | |
|---|---|
| Christopher Hamp Lyons<br>Christopher M. Wood<br>ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>414 Union St. Suite 900<br>Nashville, TN 37219<br>clyons@rgrdlaw.com<br>cwood@rgrdlaw.com | Jeremy A. Lieberman<br>J. Alexander Hood II<br>Marc C. Gorrie<br>POMERANTZ LLP<br>600 Third Ave., 20th Floor<br>New York, NY 10016<br>jalieberman@pomlaw.com<br>ahood@pomlaw.com<br>mgorrie@pomlaw.com |
| Jason A. Forge<br>Rachel Jensen<br>Ellen Stewart<br>Natalie Lakosil<br>ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>655 W Broadway, Suite 1900<br>San Diego, CA 92101<br>jforge@rgrdlaw.com<br>rachelj@rgrdlaw.com<br>elleng@rgrdlaw.com<br>nlakosil@rgrdlaw.com | Dennis J. Herman<br>Willow E. Radcliffe<br>Kenneth J. Black<br>ROBBINS GELLER RUDMAN<br>& DOWD LLP<br>Post Montgomery Center<br>One Montgomery St, Suite 1800<br>San Francisco, CA 94104<br>dennish@rgrdlaw.com<br>willowr@rgrdlaw.com<br>kennyb@rgrdlaw.com |
| Patrick V. Dahlstrom<br>POMERANTZ LLP<br>10 S. La Salle St., Suite 3505<br>Chicago, IL 60603<br>pdahlstrom@pomlaw.com | Paul Kent Bramlett<br>Robert P. Bramlett<br>BRAMLETT LAW OFFICES<br>40 Burton Hills Blvd., Suite 200<br>P.O. Box 150734<br>Nashville, TN 37215<br>pknashlaw@aol.com<br>robert@bramlettlawoffices.com |

Dated: August 29, 2022
       Los Angeles, CA

                                                Brian T. Glennon
                                                *Counsel for Defendant-Appellee*
                                                *CoreCivic, Inc. f/k/a Corrections*
                                                *Corporation of America*