# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| NIKKI BOLLINGER GRAE, *et al.*, | § § | |
| *Plaintiffs,* | § § | Sixth Circuit Case No. 22-5312 |
| v. | § § | MDTN Case No. 3:16-cv-02267 |
| CORRECTIONS CORPORATION OF AMERICA, *et al.*, | § § § | Judge Aleta A. Trauger |
| | § § | Magistrate Judge Jeffery Frensley |
| *Defendants.* | § | |

**REPLY TO APPELLEES' OPPOSITION TO MOTION OF EDDIE TARDY TO INTERVENE ON APPEAL BY PERMISSION AND ASSUME THE STATUS OF THE INTERVENOR-APPELLANT**

## I. INTRODUCTION

Comes now prospective Intervenor-Appellant Eddie Tardy, through counsel, and respectfully replies to the Appellees' "Opposition" to Mr. Tardy's *Motion to Intervene on Appeal By Permission and Assume the Status of The Intervenor-Appellant*. For the reasons detailed below, the Appellees' position that Mr. Tardy—whose son CoreCivic allowed to be murdered in its care last year—lacks standing to ask this Court to unseal the trove of improperly sealed documents in the district court record evidencing CoreCivic's misconduct lacks merits, and it has been foreclosed for at least four decades. Accordingly, Mr. Tardy's motion to intervene should be granted. Further, this Court would be obligated to consider the propriety of the district court's two-word (sometimes four-word) sealing orders regardless of any other matter, given that "[a] court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody." *Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, 825 F.3d 299, 307 (6th Cir. 2016).

-1-

## II. ARGUMENT

Appellee CoreCivic is a no-good, very-bad private prison corporation that desires to maintain a trove of improperly sealed documents in the district court record under seal because such sealing "insulates the participants, masking impropriety, obscuring incompetence, and concealing corruption." *Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1179 (6th Cir. 1983). By contrast, Eddie Tardy is a grieving father whose child—like hundreds of others before him—was murdered in CoreCivic's care last year. Within that context, Mr. Tardy has moved—also like others before him—for permission to challenge "the capacious sealing order[s] in this case," which "cannot stand" because they are hopelessly unreasoned and do not even attempt to include "findings or legal conclusions in support of the initial seal." *Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co.*, 834 F.3d 589, 594 (6th Cir. 2016). Given that the outgoing Appellant—a different grieving parent whose child was recently murdered in CoreCivic's care and whose wrongful death claim CoreCivic just settled—has now moved to dismiss her appeal in this case, Mr. Tardy has simultaneously moved to intervene in this action, because his transparency interests are identical to the Appellant's and no litigant is left to represent them.

In response to Mr. Tardy's motion to intervene, CoreCivic and the other defendants in this shareholder fraud class action oppose it on one ground. Specifically, they assert that "Mr. Tardy has not claimed a sufficient 'personal stake' to establish standing under Article III" to seek to unseal the trove of documents that the district court improperly sealed through a series of unreasoned two- and four-word sealing orders. *See* Appellees' Opposition at 2.

In particular, according to the Appellees, even though sealing implicates a "public"

right, "the Supreme Court has held that vindicating public rights alone does not confer Article III standing." *Id.* CoreCivic thus insists that because "Mr. Tardy's brief does not address his Article III standing to participate in this litigation based on the public interest in unsealing documents," *see id.* at 3, his motion should be denied. CoreCivic further insists that because Ms. Newby—the outgoing Appellant—had already filed suit against CoreCivic regarding her murdered son's wrongful death whereas Mr. Tardy is merely *about to* file suit against CoreCivic's for his murdered son's wrongful death, "Mr. Tardy's claimed interest is far weaker than Ms. Newby's." *See id.*

To be sure, it is true that Mr. Tardy's motion to intervene does not address at length the law that supports his standing to seek unsealing. Mr. Tardy's motion also did not preemptively address other flagrantly meritless claims that might be raised by CoreCivic in opposition to his motion, though, which explains the omission. Regardless, CoreCivic's opposition is baseless, for several reasons.

<u>First</u>, the U.S. Supreme Court settled the issue that CoreCivic presents here approximately four decades ago. With respect to whether representatives of the general public must be given an opportunity to be heard regarding their exclusion from accessing judicial proceedings, the Supreme Court has made clear that representatives of the general public must be given an opportunity to be heard regarding their exclusion from accessing judicial proceedings. *See Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596, 609, n.25 (1982) (holding that "representatives of the press and general public 'must be given an opportunity to be heard on the question of their exclusion.'") (cleaned up). As a result, to the extent that CoreCivic contends that those who cannot access sealed court records lack standing to complain about being denied access to them, CoreCivic's argument belongs in a different court. *See id.*

*Second*, to the extent that CoreCivic remained confused about the matter, Mr. Tardy reasonably assumed that the unanimous chorus of federal decisions that have forcefully rejected the specific position they have advanced here would have foreclosed the issue. *See, e.g., Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777 (3d Cir. 1994) ("We have routinely found, as have other courts, that third parties have standing to challenge protective orders and confidentiality orders in an effort to obtain access to information or judicial proceedings.") (citing *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir.1992); *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 787 & n. 12 (1st Cir.1988), *cert. denied*, 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989); *In re Alexander Grant & Co., Litig.*, 820 F.2d 352, 354 (11th Cir.1987); *United States v. Cianfrani*, 573 F.2d 835, 845 (3d Cir.1978); *City of Hartford v. Chase*, 733 F.Supp. 533, 534 (D.Conn.1990), *rev'd on other grounds*, 942 F.2d 130 (2d Cir.1991)). *See also Doe v. Pub. Citizen*, 749 F.3d 246, 263 (4th Cir. 2014) ("the right of access is widely shared among the press and the general public alike, such that anyone who seeks and is denied access to judicial records sustains an injury. . . . That an injury may be widely shared, however, does not automatically render it unsuitable for Article III standing."); *Cianfrani*, 573 F.2d at 845 ("Nor do intervenors lack standing because they assert rights that may belong to a broad portion of the public at large. So long as the 'injury in fact' alleged by each intervenor is 'a distinct and palpable injury to himself,' standing should not be denied 'even if it is an injury shared by a large class of other possible litigants.'") (citing *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975); *United States v. Students Challenging Regulatory Agency Procedures (SCRAP)*, 412 U.S. 669, 683-90, 93 S.Ct. 2405, 37 L.Ed.2d 254 (1973)); *United States v. McVeigh*, 918 F. Supp. 1452, 1456 (W.D. Okla. 1996) ("The movants have standing to present these questions on

behalf of themselves and the general public."); *Blue Spike, LLC v. Audible Magic Corp.*, No. 6:15-CV-584, 2016 WL 3870069, at *1 (E.D. Tex. Apr. 18, 2016) ("Blue Spike's standing argument fails."). *Cf. E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998) ("every circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders.") (collecting cases). Given this context, although CoreCivic insists that the standing question that it presents in response to Mr. Tardy's motion is "complex[]," *see* Appellees' Opposition at 4, it does not appear that any federal court has ever shared CoreCivic's struggle with the issue.

*Third*, Mr. Tardy did not expect CoreCivic to make such an unserious factual distinction between the intervention interests of Ms. Newby—a grieving parent who had just filed suit—and the intervention interests of Mr. Tardy—a grieving parent who is *about to* file suit. This claim is also curious, because as CoreCivic itself appears to recognize, civil litigation is barely even a material consideration here. *See id.* at 3 (arguing that "'litigation-related interests are insufficient to support intervention[.]'") (quoting R. 494, PageID #26212). Instead, the issue is that Mr. Tardy desires maximum transparency of sealed judicial records evidencing CoreCivic's massive fraud and mismanagement of private prisons across the United States, which resulted in the death of thousands of inmates who were not sentenced to death and should be alive today—including his dead son.

To the extent that CoreCivic is genuinely worried that Mr. Tardy's interests in transparency arising from the preventable murder of his son are not on par with Ms. Newby's because Mr. Tardy has not yet filed suit, though, CoreCivic need not worry. Just last week, Mr. Tardy was given judicial approval to administer his deceased son's estate

and file suit against CoreCivic on its behalf. *See* **Ex. 1**. Accordingly, CoreCivic may rest assured that Mr. Tardy's standing is identical to Ms. Newby's as his motion asserts, and that the lawsuit that CoreCivic desires to ensure as much will be filed later this week.

For all of these reasons, Mr. Tardy—like any other member of the public who is foreclosed from accessing the thousands of pages of improperly sealed judicial records in this case—has standing to intervene in it for the limited purpose of seeking to unseal the district court's docket, because he is personally prevented from accessing judicial records that the First Amendment and federal common law guarantee him a right to review. Mr. Tardy also notes that even if CoreCivic succeeded in preventing any litigant from pursuing an unsealing objection on an individual basis—whether by conveniently settling with an intervenor or otherwise—it would not be able to foreclose this Court's review of the district court's unreasoned sealing orders in this case. As this Court has explained, "[a] court's obligation to keep its records open for public inspection is not conditioned on an objection from anybody." *See Shane Grp., Inc.*, 825 F.3d at 307. Accordingly, an objection from an intervenor—whether Mr. Tardy or anyone else—is not required.

### III.  CONCLUSION

For the foregoing reasons, Mr. Tardy's motion to intervene by permission should be granted, and Mr. Tardy should be permitted to assume the status of the Intervenor-Appellant in this action going forward.

-7-

Respectfully submitted,

By: /s/ Daniel A. Horwitz
DANIEL A. HORWITZ, BPR #032176
LINDSAY SMITH, BPR #035937
MELISSA K. DIX, BPR #038535
HORWITZ LAW, PLLC
4016 WESTLAWN DR.
NASHVILLE, TN 37209
daniel@horwitz.law
lindsay@horwitz.law
melissa@horwitz.law
(615) 739-2888

*Counsel for Prospective Intervenor-Appellant Eddie Tardy*

**CERTIFICATE OF SERVICE**

      I hereby certify that on August 30, 2022, service of the foregoing document was made upon the following Filing Users through the Court's Electronic Filing System:

Michael Goldberg
GOLDBERG LAW, PC
1999 Avenue of the Starts, Suite 1100
Los Angeles, CA 90067
Email: michael@goldberglawpc.com

Jeremy A. Lieberman
J. Alexander Hood, II
Marc C. Gorrie
POMERANTZ, LLP
600 Third Ave., 20th Floor
New York, NY 10016
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com
Email: mgorrie@pomlaw.com

Paul Kent Bramlett
Robert P. Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P. O. Box 150734
Nashville, TN 37215
Email: pknashlaw@aol.com
Email: robert@bramlettlawoffices.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue, Suite 601
Knoxville, TN 37902
Email: cain@scottandcain.com

Christopher Hamp Lyons
Christopher M. Wood
ROBBINS GELLER RUDMAN & DOWD, LLP
414 Union Street, Suite 900
Nashville, TN 37219
Email: clyons@rgrdlaw.com
Email: cwood@rgrdlaw.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Email: jmartin@barrettjohnston.com

Dennis J. Herman
Willow E. Radcliffe
Kenneth J. Black
ROBBINS GELLER RUDMAN & DOWD, LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Email: dherman@rgrdlaw.com
Email: willowr@rgrdlaw.com
Email: kennyb@rgrdlaw.com

Brian T. Glennon
David J. Schindler
Faraz Mohammadi
Meryn C.N. Grant
LATHAM & WATKINS, LLP (LA Office)
355 S. Grand Avenue, Suite 100
Los Angeles, CA 90071
Email: brian.glennon@lw.com
Email: david.schindler@lw.com
Email: faraz.mohammadi@lw.com
Email: Meryn.Grant@lw.com

Morgan E. Whitworth
LATHAM & WATKINS
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-2562
Email: morgan.whitworth@lw.com

Elizabeth O. Gonser
Milton S. McGee, III
Steven Allen Riley
RILEY, WARNOCK & JACOBSON
1906 West End Avenue
Nashville, TN 37203
Email: tmcgee@rwjplc.com
Email: sriley@rwjplc.com
Email: egonser@rwjplc.com

James A. Holifield, Jr.
HOLIFIELD, JANICH, RACHAL, & ASSOCIATES, PLLC
11907 Kingston Pike, Suite 201
Knoxville, TN 37934
Email: aholifield@holifieldlaw.com

Sarah A. Tomkowiak
LATHAM & WATKINS LLP (DC Office)
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Email: sarah.tomkowiak@lw.com

Patrick V. Dahlstrom
POMERANTZ, LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
Email: pdahlstrom@pomlaw.com

Ellen Gusikoff Stewart
Jason A. Forge
Natalie F. Lakosil
Rachel L. Jensen
ROBBINS GELLER RUDMAN &
DOWD, LLP (San Diego)
655 W Broadway, Suite 1900
San Diego, CA 92101
Email: elleng@rgrdlaw.com
Email: jforge@rgrdlaw.com
Email: nlakosil@rgrdlaw.com
Email: rachelj@rgrdlaw.com

Brian Schall
Schall Law Firm
2049 Century Park East Suite 2460 Los Angeles, CA 90067

Brice M. Timmons #29582
DONATI LAW, PLLC
1545 Union Ave.
Memphis, Tennessee 38104
(901) 278-1004 – Telephone
(901) 278-3111 – Facsimile
brice@donatilaw.com

        By:   /s/ Daniel A. Horwitz_____
              Daniel A. Horwitz, Esq.