Case No. 22-5312

---

**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

---

Nikki Bollinger Grae, individually and on behalf of all others similarly situated,

*Plaintiffs – Appellees*, and

Eddie Tardy,

*[Prospective] Intervenor – Appellant*,

v.

Corrections Corporation of America, Tennessee, *et al*.,

*Defendants – Appellees*.

---

On Appeal from the United States District Court for the
Middle District of Tennessee
Case No: 3:16-cv-2267

---

# SUPPLEMENTAL BRIEF OF PROSPECTIVE INTERVENOR-APPELLANT EDDIE TARDY

---

DANIEL A. HORWITZ (TN #032176)
LINDSAY SMITH (TN #035937)
MELISSA K. DIX (TN #038535)
HORWITZ LAW, PLLC
4016 WESTLAWN DR.
NASHVILLE, TN 37209
(615) 739-2888
daniel@horwitz.law
lindsay@horwitz.law
melissa@horwitz.law

Date: November 3, 2022

*Counsel for Eddie Tardy*

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1 and Sixth Circuit Rule 26.1, Intervenor-Appellant Eddie Tardy hereby makes the following disclosures:

(1) Is said party a subsidiary or affiliate of a publicly owned corporation? **No.**

(2) Does a publicly owned corporation or its affiliate, not a party to the appeal, have a financial interest in the outcome? **No.**

# I. TABLE OF CONTENTS

II. TABLE OF AUTHORITIES ____ iv

III. INTRODUCTION ____ 1

IV. ARGUMENT ____ 2

A. ABUNDANT AND OVERWHELMING AUTHORITY—INCLUDING U.S. SUPREME COURT AUTHORITY—INSTRUCTS THAT INTERVENORS HAVE STANDING TO SEEK DOCUMENT UNSEALING. ____ 2

1. U.S. Supreme Court precedent supports intervenor standing to seek unsealing. ____ 2

2. This Court's precedent supports intervenor standing to seek unsealing. ____ 4

3. Overwhelming persuasive authority supports intervenor standing to seek unsealing. ____ 9

B. MR. TARDY HAS STANDING TO INTERVENE BY PERMISSION FOR THE LIMITED PURPOSE OF SEEKING DOCUMENT UNSEALING. ____ 16

V. CONCLUSION ____ 20

CERTIFICATE OF COMPLIANCE ____ 22

CERTIFICATE OF SERVICE ____ 23

DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS ____ 27

## II. TABLE OF AUTHORITIES

### Cases

*Application of Storer Commc'ns, Inc.*,
828 F.2d 330 (6th Cir. 1987) ____ 5

*Beckman Indus., Inc. v. Int'l Ins. Co.*,
966 F.2d 470 (9th Cir. 1992) ____ 11–12, 16, 17

*Blue Spike, LLC v. Audible Magic Corp.*,
No. 6:15-CV-584, 2016 WL 3870069 (E.D. Tex. Apr. 18, 2016) ____ 11

*Brown v. Advantage Eng'g, Inc.*,
960 F.2d 1013 (11th Cir. 1992) ____ 10

*Brown & Williamson Tobacco Corp. v. F.T.C.*,
710 F.2d 1165 (6th Cir. 1983) ____ 6

*Carter v. Welles-Bowen Realty, Inc.*,
628 F.3d 790 (6th Cir. 2010) ____ 18–19

*CBS Inc. v. Young*,
522 F.2d 234 (6th Cir. 1975) ____ 5

*Charvat v. EchoStar Satellite, LLC*,
269 F.R.D. 654 (S.D. Ohio 2010) ____ 7–8

*City of Hartford v. Chase*,
733 F.Supp. 533 (D. Conn. 1990), *rev'd on other grounds*, 942 F.2d 130 (2d Cir. 1991) ____ 11

*CRST Expedited, Inc. v. TransAm Trucking Inc.*,
No. 16-CV-0052-LTS, 2018 WL 9880439 (N.D. Iowa Oct. 9, 2018) ____ 13

*DaimlerChrysler Corp. v. Cuno*,
547 U.S. 332 (2006) ____ 3

*Deus v. Allstate Ins. Co.*,
15 F.3d 506 (5th Cir. 1994) ____ 12

*Doe v. Pub. Citizen*,
749 F.3d 246 (4th Cir. 2014) ____ 9, 16

*Dwyer v. Sw. Airlines Co.*,
No. 3:16-CV-03262, 2022 WL 1164227 (M.D. Tenn. Apr. 19, 2022) ____ 7, 17

*E.E.O.C. v. Nat'l Children's Ctr., Inc.*,
146 F.3d 1042 (D.C. Cir. 1998) ____ 10, 12, 17

*Estes v. State of Tex.*,
381 U.S. 532 (1965) ____ 5

*Flynt v. Lombardi*,
782 F.3d 963 (8th Cir. 2015) ____ 12, 16

*Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*,
528 U.S. 167 (2000) ____ 3

*Gannett Co. v. DePasquale*,
443 U.S. 368, 99 S.Ct. 2898 (1979) ____ 3

*Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*,
457 U.S. 596 (1982) ____ 3, 16

*Goodman v. Fuller*,
960 F.2d 149 (6th Cir. 1992) ____ 6

*Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*,
24 F.3d 893 (7th Cir.1994) ____ 12

*In re Alexander Grant & Co., Litig.*,
820 F.2d 352 (11th Cir. 1987) ____ 11

*In re Beef Industry Antitrust Litigation*,
589 F.2d 786 (5th Cir. 1979) ____ 12, 15

*In re Cendant Corp.*,
260 F.3d 183 (3d Cir. 2001) ____ 18

*In re Enron Corp. Sec., Derivative & "ERISA" Litig.*,
229 F.R.D. 126 (S.D. Tex. 2005) ____ 13, 15

*In re Knoxville News-Sentinel Co., Inc.*,
723 F.2d 470 (6th Cir. 1983) ____ 4, 6, 19

*In re: Se. Milk Antitrust Litig.*,
No. 2:08-MD-1000, 2012 WL 12875984 (E.D. Tenn. Mar. 8, 2012) ____ 8, 14

*Jessup v. Luther*,
227 F.3d 993 (7th Cir. 2000) ____ 11

*Johnson v. Corr. Corp. of Am.*,
No. 3:12-CV-00246-H, 2014 WL 3970115 (W.D. Ky. Aug. 13, 2014) ____ 8

*Mahaley v. Cuyahoga Metro. Hous. Auth.*,
500 F.2d 1087 (6th Cir. 1974) ____ 4

*Martindell v. International Telephone and Telegraph Corp.*,
594 F.2d 291 (2nd Cir. 1979) ____ 12

*Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*,
823 F.2d 159 (6th Cir. 1987) ____ 5, 6, 12

*Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*,
467 F.3d 999 (6th Cir. 2006) ____ 19

*Newby v. Enron Corp.*,
443 F.3d 416 (5th Cir. 2006) ____ 13, 14

*Newby v. Enron Corp. (In re Enron Corp. Securities, Derivative & "ERISA" Litigation)*,
No. MDL–1446, CIV. A. H–01–3624, 2004 WL 405886 (S.D. Tex. Feb. 25, 2004) ____ 13–14

*Pansy v. Borough of Stroudsburg*,
23 F.3d 772 (3d Cir. 1994) ____ 10, 12

*Pelzer v. Vassalle*,
655 F. App'x 352 (6th Cir. 2016) ________________________________18

*Price v. Dunn*,
139 S. Ct. 2764 (2019) ________________________________________2–3

*Public Citizen v. Liggett Group, Inc.*,
858 F.2d 775 (1st Cir. 1988), *cert. denied*, 488 U.S. 1030, 109 S.Ct. 838, 102 L.Ed.2d 970 (1989) ____________________________________10–12

*Purnell v. Akron*,
925 F.2d 941 (6th Cir.1991) ____________________________________1

*Quinonez-Castellanos v. Performance Contractors Inc.*,
No. 16-CV-4097-LTS, 2018 WL 10015527 (N.D. Iowa Oct. 9, 2018) _13

*Ruiz v. Estelle*,
161 F.3d 814 (5th Cir. 1998) ____________________________________14

*San Jose Mercury News, Inc. v. U.S. Dist. Court Northern District (San Jose)*,
187 F.3d 1096 (9th Cir. 1999) ___________________________________15

*Sec. & Exch. Comm'n v. U.S. Realty & Imp. Co.*,
310 U.S. 434 (1940) ___________________________________________10

*Stupak-Thrall v. Glickman*,
226 F.3d 467 (6th Cir. 2000) ____________________________________18

*Tilmon-Jones v. Bridgeport Music, Inc.*,
No. 11-13002, 2013 WL 3279168 (E.D. Mich. June 4, 2013) _________8

*Tucker v. Ohtsu Tire & Rubber Co.*,
191 F.R.D. 495 (D. Md. 2000) ______________________________14–15

*United States v. Bradford*,
423 F.2d 681 (6th Cir. 1970) _____________________________________4

*United States v. Cianfrani*,
573 F.2d 835 (3d Cir. 1978) _____________________________9–10, 11

*United Nuclear Corp. v. Cranford Insurance Co.*,
905 F.2d 1424 (10th Cir. 1990) ________________________ 12, 14, 17

*United States v. Four Hundred Sixty Three Thousand Four Hundred Ninety Seven Dollars & Seventy Two Cents ($463,497.72) in U.S. Currency From Best Bank Acct.*,
779 F. Supp. 2d 696 (E.D. Mich. 2011) ________________________ 8

*United States v. McVeigh*,
918 F. Supp. 1452 (W.D. Okla. 1996) ________________________ 11

*United States v. Moore*,
No. CR 2:21-040-DCR, 2022 WL 1019215 (E.D. Ky. Apr. 5, 2022) ____ 7

*United States v. Students Challenging Regulatory Agency Procedures (SCRAP)*,
412 U.S. 669 (1973) ________________________ 10

*Warth v. Seldin*,
422 U.S. 490, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975) ______________ 10

**Additional Authorities**

Jamie Satterfield, *After eight months, investigation finds Hardeman County inmate was murdered by other inmates*, THE TENNESSEE LOOKOUT (May 31, 2022, 7:01 AM), https://tennesseelookout.com/2022/05/31/after-eight-months-investigation-finds-hardeman-county-inmate-was-murdered-by-other-inmates/ ________________________ 19

Mot. to Intervene and Unseal at 1, *Price v. Dunn*, 139 S. Ct. 2764 (2019), (June 7, 2019) https://www.supremecourt.gov/DocketPDF/18/18A1238/102414/20190607163033247_Price%20Motion%20to%20Intervene%20FINAL.pdf ______ 2

*Roberts on Supreme Court: 'We're the most transparent branch in government'*, WASHINGTON POST (Jul. 2, 2018, 9:01 AM), https://www.washingtonpost.com/video/politics/other/roberts-on-supreme-court-were-the-most-transparent-branch-in-government/2018/07/02/b6467164-7e01-11e8-a63f-7b5d2aba7ac5_video.html ________________________ 6–7

## **III. INTRODUCTION**

On October 20, 2022, this Court observed that "[f]ive other circuits have addressed whether intervenors have standing to seek document unsealing." *See* Order (Oct. 20, 2022), at 1 (collecting cases). Accordingly, "[b]ecause of the significant Article III question this case raises," this Court ordered Mr. Tardy and the private prison corporation formerly known as the Corrections Corporation of America to submit supplemental briefing regarding Mr. Tardy's standing. *See id.*

As detailed below, abundant and overwhelming authority—including U.S. Supreme Court authority—instructs that intervenors have standing to intervene by permission for the limited purpose of seeking document unsealing. The U.S. Supreme Court granted such a motion as recently as 2019. This Court's sister circuits widely agree on the matter. So, too, do previous panels of *this* Court, whose decisions other federal courts have relied upon in reaching the same conclusion. By contrast, the lone apparently contrary 1994 decision from the Fifth Circuit is limited to claims regarding intervention as of right; its reasoning is substantially deficient; and it is no longer good law (or followed) even within the Fifth Circuit.

For all of these reasons, intervenors like Mr. Tardy have standing to seek unsealing. Thus, this Court should adjudicate this appeal on its merits.

## IV. ARGUMENT

### A. ABUNDANT AND OVERWHELMING AUTHORITY—INCLUDING U.S. SUPREME COURT AUTHORITY—INSTRUCTS THAT INTERVENORS HAVE STANDING TO SEEK DOCUMENT UNSEALING.

As: (1) the U.S. Supreme Court; (2) the wide majority of federal circuit courts, including this Court; and (3) an even larger number of federal district courts have correctly concluded, non-parties have standing to intervene by permission for the limited purpose of seeking document unsealing. Accordingly, Mr. Tardy's intervention should be permitted.

#### 1. U.S. Supreme Court precedent supports intervenor standing to seek unsealing.

If there was ever ambiguity regarding the propriety of intervening for the limited purpose of seeking document unsealing, the U.S. Supreme Court recently resolved it. *See Price v. Dunn*, 139 S. Ct. 2764 (2019) ("Motion of National Public Radio, Inc., et al. for leave to intervene to file motion to unseal granted, and motion to unseal granted."). In *Price*, non-party media organizations sought leave to intervene "for the purpose of filing a motion to unseal the briefs in this matter." *See* Mot. to Intervene and Unseal at 1, *Price v. Dunn*, 139 S. Ct. 2764 (2019), (June 7, 2019) https://www.supremecourt.gov/DocketPDF/18/18A1238/102414/20190607163033247_Price%20Motion%20to%20Intervene%20FINAL.pdf. Upon review, the Supreme Court granted both the intervenors' motion for leave to

intervene and their accompanying motion to unseal. *See Price*, 139 S. Ct. 2764 ("Motion of National Public Radio, Inc., et al. for leave to intervene to file motion to unseal granted, and motion to unseal granted.").

Given that the U.S. Supreme Court is cognizant of its obligation to assure itself of a litigant's standing before adjudicating the merits of a litigant's claim, *see DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 340 (2006) ("We have 'an obligation to assure ourselves' of litigants' standing under Article III.") (quoting *Friends of Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 180 (2000)), it is safe to assume that the Supreme Court did not overlook the issue of intervenor standing. Regardless, though, the Supreme Court's longstanding precedent supports the same conclusion.

Four decades ago, the Supreme Court held that non-party representatives of the press and the general public "must" be afforded an opportunity to be heard regarding their exclusion from judicial proceedings. *See Globe Newspaper Co. v. Superior Ct. for Norfolk Cnty.*, 457 U.S. 596, 609, n.25 (1982) (holding that "representatives of the press and general public 'must be given an opportunity to be heard on the question of their exclusion.'") (quoting *Gannett Co. v. DePasquale*, 443 U.S. 368, 401, 99 S.Ct. 2898, 2916 (1979) (POWELL, J., concurring)). This Court, for its part, has

also relied on that holding in affirming non-party litigants' right to oppose their exclusion from pending proceedings and to contest document sealing. *See In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d 470, 475 (6th Cir. 1983) ("It is clear from these statements that persons present in open court have a right to be heard on the question of their exclusion. . . . We believe our holding in *Brown & Williamson*, *supra*, invites application of a similar rule where a district court is requested, either in writing under seal or during an in-chambers conference, to seal its record.").

Accordingly, the Supreme Court having determined that non-party litigants may intervene to seek access to judicial proceedings, this Court's resulting obligation to follow the Supreme Court's decisions is straightforward. *See, e.g., United States v. Bradford*, 423 F.2d 681, 682 (6th Cir. 1970) (noting this Court's "duty to obey the Supreme Court"); *Mahaley v. Cuyahoga Metro. Hous. Auth.*, 500 F.2d 1087, 1094 (6th Cir. 1974) ("We have no discretion but . . . to follow all applicable decisions of the Supreme Court.").

2. This Court's precedent supports intervenor standing to seek unsealing.

In 1975, though admittedly in a case that is better characterized as an "access" case than a sealing case, this Court expressly held that non-parties have standing to challenge—directly—a district court's denial of access to

information in a court proceeding. *See CBS Inc. v. Young*, 522 F.2d 234, 237–38 (6th Cir. 1975) ("the order of May 6, in denying to petitioner access to potential sources of information, at least arguably impairs rights guaranteed to the petitioner by the First Amendment. We are not persuaded by the argument that petitioner lacks standing because it is not a party to the civil litigation. The fact remains that its ability to gather the news concerning the trial is directly impaired or curtailed.").

Thereafter, in 1987, this Court expressly held that **"media organizations may move to intervene for the purpose of contesting . . . the sealing of documents."** *See Application of Storer Commc'ns, Inc.*, 828 F.2d 330, 335 (6th Cir. 1987) (emphasis added). Of course, where access to judicial proceedings is concerned, media representatives "are entitled to the same rights as the general public." *Estes v. State of Tex.*, 381 U.S. 532, 540 (1965). This Court also remanded a separate case for consideration of an intervenor's motion to intervene to unseal on its merits the same year. *See Meyer Goldberg, Inc., of Lorain v. Fisher Foods, Inc.*, 823 F.2d 159, 164 (6th Cir. 1987) ("we REVERSE and REMAND this matter to the district court for a hearing in which the parties may be heard fully concerning May's claim to seek to unseal the records[.]").

Given what this Court has frequently characterized as the "presumptive right" of members of the public "to inspect and copy judicial records," it also would not be the last time that this Court ordered such relief. *See, e.g., Goodman v. Fuller*, 960 F.2d 149 (6th Cir. 1992) ("[M]embers of the public have a presumptive right to inspect and copy judicial records. . . . Appellant Security Finance Group, Inc., a non-party that has been treated as an intervenor, subsequently moved to unseal the record. . . . [W]e VACATE the order denying the motion to unseal the record and REMAND the case for further proceedings not inconsistent with this opinion.") (citing *Meyer Goldberg, Inc.*, 823 F.2d at 163; *In re Knoxville News Sentinel Co.*, 723 F.2d at 473–74). Such an approach furthers a longstanding common law and First Amendment-protected tradition of judicial transparency. *See Brown & Williamson Tobacco Corp. v. F.T.C.*, 710 F.2d 1165, 1178 (6th Cir. 1983) ("public access provides a check on courts. Judges know that they will continue to be held responsible by the public for their rulings. Without access to the proceedings, the public cannot analyze and critique the reasoning of the court."). Mr. Tardy also observes that the judiciary continues to take pride in—and profess a commitment to—that tradition of transparency today. *See Roberts on Supreme Court: 'We're the most transparent branch in government'*, WASHINGTON POST (Jul. 2, 2018, 9:01 AM),

https://www.washingtonpost.com/video/politics/other/roberts-on-supreme-court-were-the-most-transparent-branch-in-government/2018/07/02/b6467164-7e01-11e8-a63f-7b5d2aba7ac5_video.html.

Relying on the above authority, district courts within the Sixth Circuit have on several occasions held that non-parties may move to unseal district court records. *See, e.g., United States v. Moore*, No. CR 2:21-040-DCR, 2022 WL 1019215, at *2 (E.D. Ky. Apr. 5, 2022) ("the Court will grant the intervenor's request to unseal the docket of this case."); *Dwyer v. Sw. Airlines Co.*, No. 3:16-CV-03262, 2022 WL 1164227, at *4–*5 (M.D. Tenn. Apr. 19, 2022) ("courts have almost unanimously concluded that '[a]n independent jurisdictional basis is simply unnecessary when the movant seeks to intervene only for the limited purpose of obtaining access to documents covered by seal or by a protective order, because the third party does not ask the court to rule on the merits of a claim or defense.' . . . . While the Sixth Circuit has not expressly addressed this issue, it exercised jurisdiction in *Meyer Goldberg*, without discussion, over the appeal of the denial of a motion to intervene for the purpose of modifying a protective order in a case that had been 'settled and dismissed.'") (cleaned up); *Charvat v. EchoStar Satellite, LLC*, 269 F.R.D. 654, 656 (S.D. Ohio 2010) ("the

intervenors' motion to unseal court filings (Doc. 54) is GRANTED IN FULL."); *Johnson v. Corr. Corp. of Am.*, No. 3:12-CV-00246-H, 2014 WL 3970115, at *1 (W.D. Ky. Aug. 13, 2014) ("Pursuant to Fed.R.Civ.P. 24(b), Prison Legal News ('PLN') seeks to intervene in this action and to unseal the exhibits offered by the parties in support of their court-approved settlement agreement. For the reasons that follow, the Court will grant PLN's motions."); *Tilmon-Jones v. Bridgeport Music, Inc.*, No. 11-13002, 2013 WL 3279168, at *3 (E.D. Mich. June 4, 2013) ("IT IS HEREBY ORDERED that the New York Times Company and WXYZ–TV's motion to intervene for the limited purpose of moving to unseal records and lift protective order is GRANTED IN PART"); *In re: Se. Milk Antitrust Litig.*, No. 2:08-MD-1000, 2012 WL 12875984, at *1 (E.D. Tenn. Mar. 8, 2012) ("Before the Court is the motion of intervenor New York Times Company (the 'Times') 'to unseal' . . . . [T]he motion of the Times will be GRANTED[.]"). *Cf. United States v. Four Hundred Sixty Three Thousand Four Hundred Ninety Seven Dollars & Seventy Two Cents ($463,497.72) in U.S. Currency From Best Bank Acct.*, 779 F. Supp. 2d 696, 713 (E.D. Mich. 2011) (characterizing *Meyer Goldberg* as "endorsing the practice of intervening in the underlying case for the purpose of modifying a sealing order").

Indeed, based on the strength and one-directional nature of the

authority permitting non-parties to intervene for the limited purpose of seeking unsealing, the District Court in *this* case determined—with CoreCivic's agreement—that an intervenor had standing to seek document unsealing. *See* Final Order, R. 494, PageID #26214 ("Newby's Motion to Intervene and Unseal Judicial Documents and Exhibits (Doc. No. 481) is hereby **GRANTED** in part"); Defs.' Partial Opp'n to Mot. to Intervene and Unseal, R. 492, PageID #26053 ("Defendants do not oppose the motion to intervene for the limited purpose of unsealing documents."). That approach was the correct one, and there is no sensible reason why Mr. Tardy's motion to intervene should be treated differently.

3. Overwhelming persuasive authority supports intervenor standing to seek unsealing.

"[T]he right of access is widely shared among the press and the general public alike, such that anyone who seeks and is denied access to judicial records sustains an injury." *Doe v. Pub. Citizen*, 749 F.3d 246, 263 (4th Cir. 2014). Further, the fact "[t]hat an injury may be widely shared . . . does not automatically render it unsuitable for Article III standing." *See id. See also United States v. Cianfrani*, 573 F.2d 835, 845 (3d Cir. 1978) ("Nor do intervenors lack standing because they assert rights that may belong to a broad portion of the public at large. So long as the 'injury in fact' alleged by each intervenor is 'a distinct and palpable injury to himself,' standing should

not be denied 'even if it is an injury shared by a large class of other possible litigants.'") (citing *Warth v. Seldin*, 422 U.S. 490, 501, 95 S.Ct. 2197, 2206, 45 L.Ed.2d 343 (1975); *United States v. Students Challenging Regulatory Agency Procedures (SCRAP)*, 412 U.S. 669, 683-90 (1973)). *Cf. Sec. & Exch. Comm'n v. U.S. Realty & Imp. Co.*, 310 U.S. 434, 459 (1940) (holding that Rule 24's permissive intervention standard "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation."). Consequently, "third parties may be allowed to permissively intervene under Rule 24(b) for the limited purpose of seeking access to materials that have been shielded from public view either by seal or by a protective order." *See E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1046 (D.C. Cir. 1998).

Given this context, federal courts widely agree that non-party intervenors have standing to seek unsealing. *See, e.g., Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 777 (3d Cir. 1994) ("We have routinely found, as have other courts, that third parties have standing to challenge protective orders and confidentiality orders in an effort to obtain access to information or judicial proceedings.") (citing *Brown v. Advantage Eng'g, Inc.*, 960 F.2d 1013, 1016 (11th Cir. 1992); *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 787 & n. 12 (1st Cir. 1988), *cert. denied*, 488 U.S. 1030, 109 S.Ct. 838,

102 L.Ed.2d 970 (1989); *In re Alexander Grant & Co., Litig.*, 820 F.2d 352, 354 (11th Cir. 1987); *United States v. Cianfrani*, 573 F.2d at 845 (3d Cir. 1978); *City of Hartford v. Chase*, 733 F.Supp. 533, 534 (D.Conn.1990), *rev'd on other grounds*, 942 F.2d 130 (2d Cir. 1991)). *See also United States v. McVeigh*, 918 F. Supp. 1452, 1456 (W.D. Okla. 1996) ("The movants have standing to present these questions on behalf of themselves and the general public."); *Blue Spike, LLC v. Audible Magic Corp.*, No. 6:15-CV-584, 2016 WL 3870069, at *1 (E.D. Tex. Apr. 18, 2016) ("Blue Spike's standing argument fails."); *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 471-74 (9th Cir. 1992) (holding that non-party litigant could intervene in a settled and dismissed case for the purpose of modifying a protective order to allow access to deposition transcripts, and noting that a "court retains power to modify [a] protective order even if [the] underlying suit [is] dismissed"); *Jessup v. Luther*, 227 F.3d 993, 995, 999 (7th Cir. 2000) (not explicitly addressing standing, but holding that when the district court sealed its records pursuant to the terms of the parties' settlement agreement, a third party newspaper's "presumptive right to access was implicated, and the [n]ewspaper should have been allowed to intervene for the limited purpose of challenging the district court's [sealing] order.")

Indeed, other courts that have considered the question presented here

interpret *this* Court as having held as much, and they have relied upon its guidance. *See, e.g., Flynt v. Lombardi*, 782 F.3d 963, 967 (8th Cir. 2015) ("permissive intervention under Rule 24(b) is an appropriate procedural vehicle for non-parties seeking access to judicial records in civil cases.") (collecting cases, including this Court's decision in *Meyer Goldberg, Inc.*, 823 F.2d at 162). *See also E.E.O.C.*, 146 F.3d at 1045 ("every circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders.") (citing *Public Citizen v. Liggett Group, Inc.*, 858 F.2d 775, 783 (1st Cir. 1988); *Martindell v. International Telephone and Telegraph Corp.*, 594 F.2d 291, 294 (2nd Cir. 1979); *Pansy v. Borough of Stroudsburg*, 23 F.3d at 778; *In re Beef Industry Antitrust Litigation*, 589 F.2d 786, 789 (5th Cir. 1979); ***Meyer Goldberg, Inc.*, 823 F.2d at 162**; *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 896 (7th Cir. 1994); *Beckman Industries, Inc.*, 966 F.2d at 473; *United Nuclear Corp. v. Cranford Insurance Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990)).

Nor does the Fifth Circuit's apparently outlying decision in *Deus v. Allstate Ins. Co.*, 15 F.3d 506, 525–26 (5th Cir. 1994), compel a different outcome. Several reasons support this conclusion.

<u>*First*</u>, as the Fifth Circuit itself has explained, *Deus*'s holding is limited

to claims regarding intervention as of right, rather than intervention by permission. *See Newby v. Enron Corp.*, 443 F.3d 416, 422 (5th Cir. 2006) ("Because *Deus* relies on *Diaz v. Southern Drilling Corporation*, 427 F.2d 1118 (5th Cir. 1970), for this proposition, its holding is limited to intervention as of right.").

*Second*, the Fifth Circuit's opinion in *Deus* is substantially deficient in material respects. For instance, as one federal court recently observed:

> The Fifth Circuit in *Deus* did not recognize or address the common law right of access to judicial records and whether this interest provides a third party with standing to intervene. Neither did it appear to recognize a relaxed test for intervention for the limited purpose of unsealing records or modifying a protective order.

*Quinonez-Castellanos v. Performance Contractors Inc.*, No. 16-CV-4097-LTS, 2018 WL 10015527, at *3 (N.D. Iowa Oct. 9, 2018). *See also CRST Expedited, Inc. v. TransAm Trucking Inc.*, No. 16-CV-0052-LTS, 2018 WL 9880439, at *3, n.2 (N.D. Iowa Oct. 9, 2018) (same).

*Third*, *Deus* is no longer good law even in the Fifth Circuit. As one district court within the Fifth Circuit has noted: "the Fifth Circuit, subsequent to its opinion in *Deus*, concluded that 'standing is not required for permissive intervention.'" *See In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 229 F.R.D. 126, 129–30 (S.D. Tex. 2005) (quoting *Newby v. Enron Corp. (In re Enron Corp. Securities, Derivative & "ERISA"*

*Litigation)*, No. MDL–1446, CIV. A. H–01–3624, 2004 WL 405886, *23 (S.D. Tex. Feb. 25, 2004)). In particular, following *Deus*, the Fifth Circuit held in *Ruiz v. Estelle*, 161 F.3d 814, 832 (5th Cir. 1998), *abrogated as to claims of intervention as a matter of right by Town of Chester*, *N.Y. v. Laroe Ests., Inc.*, 198 L. Ed. 2d 64, 137 S. Ct. 1645 (2017), that "Article III does not require intervenors to possess standing." *Id.*

Thus, the current standard in the Fifth Circuit appears to focus on whether—at the time permissive intervention was sought—a case was "pending." *See Newby v. Enron Corp.*, 443 F.3d at 422 ("there is no Article III requirement that intervenors have standing in a *pending* case. Therefore, *Deus* is inapplicable."). This standard, it should be noted, makes little sense, given that protective orders remain effective after the conclusion of suit. Thus, to the extent that sealing orders abridge non-party rights at that time, courts must retain power to modify them. *Cf. United Nuclear Corp.*, 905 F.2d at 1427 ("As long as a protective order remains in effect, the court that entered the order retains the power to modify it, even if the underlying suit has been dismissed."); *In re Se. Milk Antitrust Litig.*, 666 F. Supp. 2d at 914 ("A protective order is always subject to modification or termination for good cause, even where the parties have consented to its entry.") (internal citation omitted); *Tucker v. Ohtsu Tire & Rubber Co.*, 191 F.R.D. 495, 499 (D. Md.

2000) ("There seems to be little doubt that a protective order issued by a court, either state or federal, which on its face survives the underlying litigation, continues to have full force and effect on the parties subject to it even after final resolution of the underlying case, and the issuing court retains jurisdiction and authority to modify or revoke it.") (collecting cases).

In any event, district courts within the Fifth Circuit interpret the Fifth Circuit's own jurisprudence as permitting non-party intervenors to seek unsealing—even going so far as to consider that conclusion "well established." *See In re Enron Corp. Sec., Derivative & "ERISA" Litig.*, 229 F.R.D. at 130 ("It is well established that nonparties to a case seeking access to documents and records under a protective order or under seal in a civil case may do so by a motion for permissive intervention under Rule 24(b)(2).") (citing *San Jose Mercury News, Inc. v. U.S. Dist. Court Northern District (San Jose)*, 187 F.3d 1096, 1100 (9th Cir. 1999); *EEOC v. National Children's Center*, 146 F.3d at 1045). That approach is also compatible with the Fifth Circuit's still effective pre-*Deus* caselaw. *See, e.g., In re Beef Indus. Antitrust Litig.*, 589 F.2d at 789 (noting that "in *United States v. United Fruit Co.*, 5 Cir. 1969, 410 F.2d 553, *Cert. denied*, 396 U.S. 820, 90 S.Ct. 59, 24 L.Ed.2d 71, we allowed a nonparty to appeal the denial of its motion for permission to inspect and copy progress reports and programs sealed under

a protective order.”).

### B. MR. TARDY HAS STANDING TO INTERVENE BY PERMISSION FOR THE LIMITED PURPOSE OF SEEKING DOCUMENT UNSEALING.

Mr. Tardy would like to access and publicize a trove of judicial records concerning matters of extraordinary public concern that the District Court has erroneously sealed. Notwithstanding both the strong presumption against such sealing and the District Court’s routine failure to make essential findings necessary to justify sealing, though, Mr. Tardy cannot do so. That is a legally cognizable injury. *See Doe*, 749 F.3d at 263 (“anyone who seeks and is denied access to judicial records sustains an injury.”). It is also immediately redressable. Accordingly, Mr. Tardy has moved to intervene for the limited purpose of vindicating his right to be “heard on the question of [his] exclusion” from accessing presumptively public judicial records. *See Globe Newspaper Co.*, 457 U.S. 596, at n.25 (cleaned up).

To the extent there is any remaining ambiguity regarding Mr. Tardy’s right, as a non-party, to seek unsealing after the merits portion of this litigation ended, the same court out of which this appeal arises has correctly explained how to resolve it. In particular, the proper analysis is that:

> Normally, a party seeking permissive intervention under Rule 24(b) must show, as a threshold matter, an independent ground for jurisdiction. *Flynt v. Lombardi*, 782 F.3d 963, 965 (8th Cir. 2015); *Beckman Indus., Inc. v. Int'l Ins*. Co., 966 F.2d 470, 473 (9th Cir. 1992) (citing 7C Charles A. Wright, Arthur R. Miller,

> Mary K. Kane, Federal Practice and Procedure § 1917, at 466 (2nd ed. 1986)). At the same time, courts have almost unanimously concluded that "[a]n independent jurisdictional basis is simply unnecessary when the movant seeks to intervene only for the limited purpose of obtaining access to documents covered by seal or by a protective order, because the third party does not ask the court to rule on the merits of a claim or defense." *E.E.O.C. v. Nat'l Children's Ctr., Inc.*, 146 F.3d 1042, 1047 (D.C. Cir. 1998); *accord, e.g., Comm'r v. Advance Loc. Media, LLC*, 918 F.3d 1161, 1172 n.5 (11th Cir. 2019) ("Courts retain jurisdiction to unseal judicial records and may allow parties to intervene well after judgment in a dispute."); *Beckman Indus.*, 966 F.2d at 473 ("[A]n independent jurisdictional basis is not required because intervenors do not seek to litigate a claim on the merits. The district court retained the power to modify the protective order." (collecting cases)); *United Nuclear Corp. v. Cranford Ins. Co.*, 905 F.2d 1424, 1427 (10th Cir. 1990) ("As long as a protective order remains in effect, the court that entered the order retains the power to modify it, even if the underlying suit has been dismissed."); *Pub. Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 782 (1st Cir. 1988) (noting that "courts and commentators seem unanimous in finding" that court have "inherent power" to modify their own "discovery-related protective orders, even after judgment, when circumstances justify").
>
> While the Sixth Circuit has not expressly addressed this issue, it exercised jurisdiction in *Meyer Goldberg*, without discussion, over the appeal of the denial of a motion to intervene for the purpose of modifying a protective order in a case that had been "settled and dismissed." *Meyer Goldberg*, 823 F.2d at 161. This court finds that it retains jurisdiction to permit intervention for the limited purpose of modifying a protective order that remains in effect. For the same reason, declining to exercise supplemental jurisdiction would not be appropriate.

*Dwyer*, 2022 WL 1164227 at *4–*5. Mr. Tardy also observes that the conclusion of merits litigation is often the *most* appropriate time to unseal records that were initially sealed during the course of merits litigation, given

that the conclusion of merits litigation will frequently result in the reasons supporting sealing having "either passed or weakened[.]" *See, e.g., In re Cendant Corp.*, 260 F.3d 183, 196 (3d Cir. 2001) ("The strong presumption of public access forces district courts to be cognizant of when the reasons supporting sealing in a specific case (if any are found) have either passed or weakened, and to be prepared at that time to unseal bids and allow public access. Even if a sealing order was proper at the time when it was initially imposed, the sealing order must be lifted at the earliest possible moment when the reasons for sealing no longer obtain."). *Cf. Pelzer v. Vassalle*, 655 F. App'x 352, 366 (6th Cir. 2016) ("Midland has already offered to unseal those filings once the settlement becomes effective, thus obviating this objection.").

Applying that analysis here, this Court should permit Mr. Tardy's intervention. As this Court has held, "Rule 24 should be 'broadly construed in favor of potential intervenors.'" *Stupak-Thrall v. Glickman*, 226 F.3d 467, 472 (6th Cir. 2000) (quoting *Purnell v. Akron*, 925 F.2d 941, 950 (6th Cir. 1991)). This liberal standard is met here.

To begin, Mr. Tardy timely moved to intervene in this appeal, having done so the same day that the outgoing appellant whose interests he shared announced that she would not pursue this appeal further. *Cf. Carter v.*

*Welles-Bowen Realty, Inc.*, 628 F.3d 790 (6th Cir. 2010) ("On appeal, we may grant either intervention of right or permissive intervention. . . . A motion to intervene must be timely.") (citing *Ne. Ohio Coal. for Homeless & Serv. Emps. Int'l Union, Local 1199 v. Blackwell*, 467 F.3d 999, 1006 (6th Cir. 2006)).

Similarly, Mr. Tardy's asserted interests in unsealing are materially identical to the outgoing appellant's, whose asserted interest in limited intervention—set forth at R. 481, PageID#25438–41—was appropriately unopposed below. *See* R. 492, PageID# 26053 ("Defendants do not oppose the motion to intervene for the limited purpose of unsealing documents.").

Additionally, like the outgoing appellant, Mr. Tardy has a personal interest in the transparency of the district court record over and above his status as a member of the general public. Thus—although Mr. Tardy's and every other member of the public's "presumptive right . . . to inspect and copy judicial documents and files" has been abridged by the district court's blanket, unreasoned sealing orders, *see In re Knoxville News-Sentinel Co., Inc.*, 723 F.2d at 474, Mr. Tardy's personal stake in this litigation goes well beyond the general transparency interests shared by the public at large. In particular, Mr. Tardy has a personal interest in ensuring maximum public transparency of CoreCivic records on account of the fact that CoreCivic

recently allowed Mr. Tardy's son to be murdered while he was incarcerated at one of CoreCivic's chronically understaffed Tennessee prison facilities. *See* Jamie Satterfield, *After eight months, investigation finds Hardeman County inmate was murdered by other inmates: Family says CoreCivic stonewalled information*, THE TENNESSEE LOOKOUT (May 31, 2022, 7:01 AM), https://tennesseelookout.com/2022/05/31/after-eight-months-investigation-finds-hardeman-county-inmate-was-murdered-by-other-inmates/. As a result, Mr. Tardy should be allowed to intervene in this action by permission, and he should be permitted to assume the status of the Appellant going forward.

## V. CONCLUSION

For the foregoing reasons, this Court should hold that non-parties have standing to intervene by permission to seek document unsealing.

Respectfully submitted,

By: /s/ Daniel A. Horwitz

DANIEL A. HORWITZ, BPR #032176
LINDSAY SMITH, BPR #035937
MELISSA K. DIX, BPR #038535
HORWITZ LAW, PLLC
4016 WESTLAWN DR.
NASHVILLE, TN 37209
daniel@horwitz.law
lindsay@horwitz.law
melissa@horwitz.law
(615) 739-2888

*Counsel for Eddie Tardy*

**CERTIFICATE OF COMPLIANCE**

I hereby certify that this brief complies with the length limitations of this Court's October 20, 2022 Order.

This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Federal Rule of Appellate Procedure 32(a)(6) because it has been prepared in proportionally-spaced typeface using Microsoft Word 2016 in 14-point Georgia font.

By: /s/ Daniel A. Horwitz
DANIEL A. HORWITZ, BPR #032176

# CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2022, service of the foregoing document was made upon the following Filing Users through the Court's Electronic Filing System:

Michael Goldberg
GOLDBERG LAW, PC
1999 Avenue of the Starts, Suite 1100
Los Angeles, CA 90067
Email: michael@goldberglawpc.com

Jeremy A. Lieberman
J. Alexander Hood, II
Marc C. Gorrie
POMERANTZ, LLP
600 Third Ave., 20th Floor
New York, NY 10016
Email: jalieberman@pomlaw.com
Email: ahood@pomlaw.com
Email: mgorrie@pomlaw.com

Paul Kent Bramlett
Robert P. Bramlett
BRAMLETT LAW OFFICES
40 Burton Hills Blvd., Suite 200
P. O. Box 150734
Nashville, TN 37215
Email: pknashlaw@aol.com
Email: robert@bramlettlawoffices.com

Christopher T. Cain
SCOTT & CAIN
550 W Main Avenue, Suite 601
Knoxville, TN 37902
Email: cain@scottandcain.com

Christopher Hamp Lyons
Christopher M. Wood
ROBBINS GELLER RUDMAN &

DOWD, LLP
414 Union Street, Suite 900
Nashville, TN 37219
Email: clyons@rgrdlaw.com
Email: cwood@rgrdlaw.com

Jerry E. Martin
BARRETT JOHNSTON MARTIN & GARRISON, LLC
Bank of America Plaza
414 Union Street, Suite 900
Nashville, TN 37219
Email: jmartin@barrettjohnston.com

Dennis J. Herman
Willow E. Radcliffe
Kenneth J. Black
ROBBINS GELLER RUDMAN &
DOWD, LLP
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA 94104
Email: dherman@rgrdlaw.com
Email: willowr@rgrdlaw.com
Email: kennyb@rgrdlaw.com

Brian T. Glennon
David J. Schindler
Faraz Mohammadi
Meryn C.N. Grant
LATHAM & WATKINS, LLP (LA Office)
355 S. Grand Avenue, Suite 100
Los Angeles, CA 90071
Email: brian.glennon@lw.com
Email: david.schindler@lw.com
Email: faraz.mohammadi@lw.com
Email: Meryn.Grant@lw.com

Morgan E. Whitworth
LATHAM & WATKINS
505 Montgomery Street, Suite 2000
San Francisco, CA 94111-2562
Email: morgan.whitworth@lw.com

Elizabeth O. Gonser
Milton S. McGee, III
Steven Allen Riley
RILEY, WARNOCK & JACOBSON
1906 West End Avenue
Nashville, TN 37203
Email: tmcgee@rwjplc.com
Email: sriley@rwjplc.com
Email: egonser@rwjplc.com

James A. Holifield, Jr.
HOLIFIELD, JANICH, RACHAL, & ASSOCIATES, PLLC
11907 Kingston Pike, Suite 201
Knoxville, TN 37934
Email: aholifield@holifieldlaw.com

Sarah A. Tomkowiak
LATHAM & WATKINS LLP (DC Office)
555 Eleventh Street, NW, Suite 1000
Washington, DC 20004-1304
Email: sarah.tomkowiak@lw.com

Patrick V. Dahlstrom
POMERANTZ, LLP
10 South La Salle St., Suite 3505
Chicago, IL 60603
Email: pdahlstrom@pomlaw.com

Ellen Gusikoff Stewart
Jason A. Forge
Natalie F. Lakosil
Rachel L. Jensen
ROBBINS GELLER RUDMAN &
DOWD, LLP (San Diego)
655 W Broadway, Suite 1900
San Diego, CA 92101
Email: elleng@rgrdlaw.com
Email: jforge@rgrdlaw.com
Email: nlakosil@rgrdlaw.com
Email: rachelj@rgrdlaw.com

Brian Schall
Schall Law Firm
2049 Century Park East Suite 2460 Los Angeles, CA 90067

Brice M. Timmons #29582
DONATI LAW, PLLC
1545 Union Ave.
Memphis, Tennessee 38104
(901) 278-1004 – Telephone
(901) 278-3111 – Facsimile
brice@donatilaw.com

By: /s/ Daniel A. Horwitz
DANIEL A. HORWITZ, BPR #032176

## DESIGNATION OF RELEVANT DISTRICT COURT DOCUMENTS

| Docket Entry No. | Description | PageID# |
|---|---|---|
| R. 481 | Mot. to Intervene and Unseal Judicial Docs. | 25432–25446 |
| R. 492 | Defs.' Partial Opp'n to Mot. to Intervene and Unseal | 26050–26068 |
| R. 494 | Final Order | 26209–26214 |