Roman Martinez  
Direct Dial: +1.202.637.3377

555 Eleventh Street, N.W., Suite 1000  
Washington, D.C. 20004-1304  
Tel: +1.202.637.2200  Fax: +1.202.637.2201  
www.lw.com

FIRM / AFFILIATE OFFICES

| | |
|---|---|
| Austin | Milan |
| Beijing | Munich |
| Boston | New York |
| Brussels | Orange County |
| Century City | Paris |
| Chicago | Riyadh |
| Dubai | San Diego |
| Düsseldorf | San Francisco |
| Frankfurt | Seoul |
| Hamburg | Shanghai |
| Hong Kong | Silicon Valley |
| Houston | Singapore |
| London | Tel Aviv |
| Los Angeles | Tokyo |
| Madrid | Washington, D.C. |

# LATHAM & WATKINS LLP

November 17, 2022

Deborah S. Hunt, Clerk of the Court  
United States Court of Appeals for the Sixth Circuit  
100 East Fifth Street, Room 540  
Potter Stewart U.S. Courthouse  
Cincinnati, Ohio 45202-3988

Re: Reply to Tardy's Rule 28(j) Notice in *Nikki Grae v. CoreCivic*, No. 22-5312, Argued Nov. 15, 2022 (Batchelder, Gibbons, Thapar)

Dear Ms. Hunt:

Tardy claims that *TransUnion LLC v. Ramirez*, 141 S.Ct. 2190 (2021), "did *not* adjudicate questions regarding *non*-damages claims arising from public-disclosure laws." But *TransUnion* expressly held—without any caveats—that "[a]n 'asserted informational injury that causes no adverse effects cannot satisfy Article III.'" *Id.* at 2214 (quoting *Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 1003-04 (11th Cir. 2020), and embracing *Trichell*'s interpretation of *FEC v. Akins*, 524 U.S. 11 (1998), and *Public Citizen v. Department of Justice*, 491 U.S. 440 (1989)). That rule tracks this Court's decision in *Huff v. TeleCheck Services, Inc.*, which likewise held that an unlawful deprivation of information cannot create Article III standing if it "carries no actual consequences for the [plaintiff]." 923 F.3d 458, 467 (6th Cir. 2019) (interpreting *Akins* and *Public Citizen*).

This Article III principle applies to asserted informational injuries generally, even when (as in *TransUnion*) Congress has legislated a judicially enforceable private right to obtain the information. The absence of standing is even more glaring here, where (1) Tardy is asserting a common-law "public right" that "does not belong to any individual litigant," (2) Tardy concedes he has experienced no adverse consequence from lacking access to the information; and (3) Congress has created no right of action. *See* Mot. 1-2, 4-5; CoreCivic Opp. 2; CoreCivic Suppl. 6-7 (ECF 31-1, 35, 45). Nothing in *TransUnion* comes close to supporting Article III standing for litigants who—like Tardy—have suffered no real-world harm.

Tardy is also wrong to suggest that CoreCivic is claiming that *TransUnion* overruled *Meyer Goldberg, Inc. v. Fisher Foods, Inc.*, 823 F.2d 159 (6th Cir. 1987), and *Application of Storer Communications, Inc.*, 828 F.2d 330 (6th Cir. 1987). Neither case addressed Article III standing at all. Moreover, the intervenors in both cases—unlike Tardy—alleged concrete and particularized harms, giving them a much stronger argument for standing than Tardy has advanced here. *See Goldberg*, 823 F.3d at 161 (intervenor-litigant needed access to crucial evidence for separate

LATHAM&WATKINS LLP

lawsuit); *Storer*, 828 F.2d at 331-33 (intervenor-television station needed information to report on potential judicial misconduct). *TransUnion* is fully consistent with both cases.

        Respectfully submitted,

        /s/ Roman Martinez
        Roman Martinez
        of LATHAM & WATKINS LLP

cc:    Counsel of record via CM/ECF